# SEKAS LAW GROUP, L.L.C.

ATTORNEYS AT LAW

**Nicholas G. Sekas** o
Kevin Mallon o+
Dae-Ki Min ø+
Saverio Cereste ø+
Paul Faugno ø+×

× Certified Civil Trial Attorney of
the Superior Court of New Jersey

+ Of Counsel
_____

Retired Judge Walter F. Skrod+

530 Sylvan Avenue, Suite 201
Englewood Cliffs, NJ 07632
201.816.1333
Facsimile 201.816.1522

www.sekaslaw.com

515 Madison Avenue, 6th FL
New York, NY 10022
212.695.7577
Facsimile 212.753.386

345 Centre Street, Suite 1
Nutley, NJ 07110
973.667.3399
Facsimile 973.235.1575

*Members are admitted to:*
\# *NJ Bar*
\* *NY Bars*
♦ *NY & CT Bars*
o *NJ & NY Bars*
ø *NJ & PA Bars*

September 6, 2024

Justice LaShann DeArcy Hall
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201 Courtroom 4H North

     **Re: Fair Housing Justice Center, Inc. et al. v. Juda Niayzov et al.**
       **Case No. 1:24-cv-04201**

Dear Judge Hall:

  We write on behalf of 202 Marine LLC to request a pre-motion conference regarding 202 Marine's anticipated motion to dismiss claims made against it in Plaintiff's Second Amended Complaint.

### Summary of Allegations in Second Amended Complaint

  Plaintiffs allege that on or about November 5, 2023, Plaintiff Delone-Felix contacted Defendant Niayzov through Zillow.com about a listing for an available apartment at 581 West Caswell Avenue in Staten Island on behalf of her and her husband Plaintiff Felix. Plaintiffs allege that at time Niayzov was not initially aware that Plaintiff and her husband were black, but only became aware of their racial identities after receiving their identification as part of the application process. Plaintiffs allege that they were qualified to rent the apartment at 581 West Caswell Avenue, but that Defendant Niayzov informed them that the landlord was rejecting them for the apartment ostensibly because they resided in Brooklyn, but confided in them that the actual reason was that the owner had negative experiences renting to black tenants in the past.

  Plaintiffs reported their negative experience with Niayzov to Plaintiff Fair Housing Justice Center, who then dispatched testers posing as black and white tenants to test whether Defendant Niayzov and other Defendants were discriminating against housing applicants based on their race. Defendant Niayzov arranged to show 202 Marine Avenue to one of the white testers who was looking for a two-bedroom apartment in Brooklyn. He informed the tester that they were qualified for the apartment, but the tester rejected the apartment.

1

Shortly thereafter Plaintiff Seale, a black tester, contacted Defendant Niayzov seeking to rent a one or two-bedroom apartment in Brooklyn.  Mr. Niayzov showed the tester an apartment at 2732 East 65th St. but did not show Plaintiff Seale any other apartments.  Plaintiffs do not allege that the owner of 202 Marine Ave was ever aware of Plaintiff Seale's interest in renting an apartment, much less that Plaintiff Seale was black.  Plaintiffs contend that the mere failure to inform Plaintiff Seale that 202 Marine Avenue was also available to rent constitutes unlawful discrimination under the Fair Housing Act not only by Mr. Niayzov, but by the owner of 202 Marine Avenue as well.

### **Defendant 202 Marine's Grounds for Dismissal**

To prove discrimination under the FHA, Plaintiffs must show that Defendant had the intent to discriminate.   "The plaintiff bears the ultimate burden of proving, by a preponderance of the evidence, that the defendants' challenged actions were motivated by discrimination; without some evidence of knowledge of the prospective buyers' racial identity, it is impossible to infer such motivation. See, e.g., *Soules v. U.S. Dep't of Hous. & Urban Dev.*, 967 F.2d 817, 822 *(2d Cir.1992)* (noting, as part of prima facie case, defendant's knowledge of plaintiff's familial status, the basis for the alleged housing discrimination); *Hamilton v. Svatik, 779 F.2d 383, 387 (7th Cir.1985)* (stating that defendant's awareness of plaintiff's race is necessary to establish a prima facie case under the Fair Housing Act).  *Mitchell v. Shane*, 350 F. 3d, 39, 49 (2nd Cir. 2003).  Plaintiffs Second Amended Complaint makes no allegations whatsoever that 202 Marine Ave had any intent to discriminate or even knew the race of Plaintiff Seale.  In fact, the Complaint does not allege that 202 Marine was even aware of Plaintiff Seales stated desire to rent an apartment in Brooklyn.

Defendant's sole theory of liability against 202 Marine Avenue is that "upon information and belief," Defendant Niayzov was acting as the agent of Marine Avenue. "In order to avoid predicating liability of Title VII [of the Civil rights Act of 1968] violations on the vagaries of state law, the questions whether an agency relationship exists for purposes of the Fair Housing Act is determined under federal law." *Cabrera v. Jakabovitz*, 24 F.3d 372, 386 (2nd Cir. 1994). "Agency is a legal concept that depends on the existence of three elements: (1) "the manifestation by the principal that the agent shall act for him"; (2) "the agent's acceptance of the undertaking"; and (3) "the understanding of the parties that the principal is to be in control of the undertaking.:"  *Cleveland v. Caplaw Enterprises*, 448 F.3d 518, 522 (2nd Cir. 2006).

The Second Amended Complaint does not allege any facts which would show that there was an understanding between Defendants 202 Marine Ave and Niayzov that 202 Marine would be in control of who Niayzov would show the apartment to.  To the contrary, the factual allegations in the Second Amended Complaint make it more likely that Mr. Niayzov was acting as the agent for the Plaintiff here. Mr. Seale did not reach out directly to 202 Marine and be directed to work with Mr. Niayzov on obtaining the apartment.   The opposite occurred - Mr. Seale contacted Mr. Niayzov and asked him to help him locate an apartment and presumably help him negotiate the terms of a rental agreement.  In fact, the entire agency allegation against Defendant 202 Marine Ave is contained Paragraph 181: "Upon information and belief, at all relevant times, Defendant Niayzov was the agent of Defendant 202 Marine LLC, acting within

the scope of his agency."  The mere naked allegation that Niayzov was 202 Marine's agent here is insufficient without additional factual enhancements.  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, ibid., a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (U.S. Sup. Ct 2007) .

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Id., at 570.  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id., at 556.  The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Ibid. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of `entitlement to relief.'" Id., at 557 (brackets omitted*)" Ashcroft v. Iqbal*, 556 U.S. 662, 668 (U.S. Sup Ct. 2009).

Accordingly, since Plaintiffs have presented no factual basis that Defendant Niayzov was 202 Marine Ave's agent the allegations against 202 Marine Ave must be dismissed for failure to state a claim upon which relief may be granted.  To do otherwise would be to hold that the owner of every single apartment which Defendant Niayzov was aware of and did not make Plaintiff Seale aware of is liable for discrimination under the Fair Housing Act, regardless even of their knowledge of Plaintiff Seale's existence.

          **Respectfully submitted,**
          **SEKAS LAW GROUP, LLC**
          **Attorneys for Defendant 202 Marine Ave**


          */S/Nicholas G. Sekas*_____
          Nicholas G. Sekas, Esq.
          Attorneys for Defendant 202 Marine Ave