**Furman Kornfeld & Brennan LLP**

Wall Street Plaza
88 Pine Street, 32nd Floor, New York, NY 10005
Tel: 212-867-4100  Fax: 212-867-4118
www.fkblaw.com

October 23, 2024

**VIA ECF**
Hon. LaShann DeArcy Hall, U.S.D.J.
United States District Court
Eastern District of New York
225 Cadman Plaza East, Court Room 4H-N
Brooklyn, New York 11201

Re:     *Fair Housing Justice Center, Inc. et al. v. Juda Niayzov et al.*
        Docket No.: 1:24-cv-04201
        FKB File No.: 302.175

Dear Judge Hall:

We represent defendants Womcore LLC d/b/a Remax Edge ("Remax") and Xian Jin Zhang ("Zhang") (collectively, "Defendants") in the above referenced action. Pursuant to Part III.A of this Court's Individual Practices, Defendants respectfully request a pre-motion conference for leave to file a motion to dismiss the Second Amended Complaint (ECF Dkt. No. 28) of Plaintiffs Fair Housing Justice Center, Inc., Patricia Delone-Felix, Stanley Felix, Bianca Jones, and Roslyn Seale (collectively, "Plaintiffs") pursuant to Fed. R. Civ. P. Rule § 12(b)(6).

## I. Factual and Procedural Background

The instant claims arise from defendants Xueqiang Zheng and Yu Li Weng (collectively, the "Owners") purported discrimination against rental applicants for their property at 581 West Caswell Avenue, Staten Island, NY 10314 (the "Property"). The Complaint alleges serious claims that the Owners discriminated against prospective renters on the basis of race, and asserts causes of action for violations of the Fair Housing Act, 42 U.S.C. § 3601 *et seq.* ("FHA"), violations of 42 U.S.C. §§ 1981 and 1982, violations of New York State Human Rights Law ("NYSHRL") § 296(5)(a)(1), and violations of New York City Human Rights Law ("NYCHRL") § 8-107(5)(a)(1).

Remax and Zhang's only formal role in connection to this action, however, is that they represented the Owners during the original purchase of the Property in 2021, which closed in 2022. The sale of the Property is not at issue in the instant action. Neither Remax nor Zhang have represented the Owners since the sale, and indeed Zhang specifically informed the Owners that he did not broker rentals and that they would need to use another agent for such a transaction.

The Complaint alleges that the Owners were represented in seeking renters by Remax and Zhang "through" Juda Niayzov ("Niyazov"), a broker unaffiliated with either. The parties do not dispute that Niayzov and other brokers represented the Owners in their search for renters, and that they were not employed or contracted by Remax or Zhang. The Complaint also alleges that Zhang informed Niazov that the Owners had previously discriminated against prospective renters on the basis of race.

Westchester: 84 Business Park Drive, Suite 211, Armonk, NY 10504  |  Tel: 914-920-4000  |  Fax: 914-347-3898
Long Island: 666 Old Country Road, Garden City, NY 11530  |  Tel: 718-983-3501

*Fair Housing Justice Center, Inc. et al v. Niayzov et al*, Docket No.: 1:24-cv-04201-LDH-SJB
Page 2

## II. The Complaint Fails to State a Cause of Action

Pursuant to Rule 12(b)(6), a complaint must "provide the grounds upon which [the] claim rests through factual allegations sufficient to raise a right to relief above the speculative level." *ATSI Commc'n, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007). Here, Plaintiff cannot and has not pleaded any violation of the FHA, 42 U.S.C. §§ 1981 or 1982, NYSHRL, or NYCHRL.

As an initial matter, it is undisputed that Remax and Zhang had no written or financial agreement with the Owners beyond the initial sale of the Property. Plaintiff also cannot establish an implied or common law agency relationship between the Owners with Remax and Zhang. The Second Circuit has held that proof of an agency relationship requires three elements: "(1) the manifestation by the principal that the agent shall act for him; (2) the agent's acceptance of the undertaking; and (3) the understanding of the parties that the principal is to be in control of the undertaking." *Cleveland v. Caplaw Enterprises*, 448 F3d 518, 522 (2d Cir 2006). A "right of control by the principal may be exercised by prescribing what the agent shall or shall not do before the agent acts, or at the time when he acts, or at both times." *Cleveland*, 448 F3d at 520 (quoting the Restatement (Second) of Agency § 14 cmt. a). It is undisputed that the Owners never exercised such control over Remax or Zhang after the closing of the sale of the Property, and that Remax and Zhang did not accept any agency undertaking. Any incidental interaction that occurred between Remax and/or Zhang and the Owners cannot by law rise to the level of control required to create an agency relationship under the common law in this jurisdiction.

### A. The Complaint Fails to State a Cause of Action Under the Fair Housing Act

To establish a claim for discrimination under the FHA, "[t]he plaintiff bears the ultimate burden of proving, by a preponderance of the evidence, that the defendants' challenged actions were motivated by discrimination." *Mitchell v. Shane*, 350 F. 3d, 39, 49 (2nd Cir. 2003) (citations omitted.) Dismissal of a claim brought under the FHA is appropriate where a plaintiff fails to demonstrate that a defendant was involved in a determination to turn down a plaintiff's housing application. *Sayeh v. 66 Madison Ave. Apt. Corp.*, 73 A.D.3d 459, (1st Dept. 2010). It is undisputed that Remax and Zhang never interacted with any prospective renter of the Property. Remax and Zhang cannot be held liable for any alleged discrimination that may have occurred after the Owners purchased the Property as their representation ended before the purported discrimination occurred.

Zhang expressly denies the allegation in the Complaint that he stated to Niayzov, or any other individual involved with or connected to the Property, that the Owners had previously discriminated against prospective renters on the basis of race. In any event, the statement allegedly attributed to Zhang would not have violated the FHA because it does not give rise to a basis to assert that Zhang "was involved in a determination to turn down a plaintiff's housing application" in any way.

### B. The Complaint Fails to State a Cause of Action Under 42 U.S.C. §§ 1981 and 1982

Under 42 U.S.C. § 1981, a Plaintiff bears the initial burden of establishing racial discrimination in the making or enforcement of a contract. *See Vargas v. Morgan Stanley,* 438 F. App'x 7 (2d Cir. 2011). The Complaint fails to allege that either Remax or Zhang contracted or purported to contract with Plaintiffs at any point regarding the alleged rental applications. Indeed,

Remax and Zhang lacked any authority to enter into any contract on the Owners' behalf.

Regarding 42 U.S.C. § 1982, the statute is clear: § 1982 only protects the right to "inherit, purchase, lease, sell, hold, and convey real and personal property." § 1982 "does not prohibit advertising or other representations that indicate discriminatory preferences. It does not refer explicitly to discrimination […] in the provision of brokerage services." *Jones v. Alfred H. Mayer Co.*, 392 U.S. 409, 413 88 S. Ct. 2186, 2189, (1968), cited in *Wheatley Heights Neighborhood Coal. v. Jenna Resales Co.*, 447 F. Supp. 838, 843 (E.D.N.Y. 1978). Moreover, to succeed on a claim under § 1982, a plaintiff must prove that the defendant was a responsible party in placing the property on the open market for sale or rental. *Fred v. Kokinokos*, 347 F. Supp. 942, 944 (E.D.N.Y. 1972). Therefore, while neither Remax nor Zhang represented or acted as an agent for the Owners in connection with the rental applications at issue, Plaintiffs cannot and do not allege a violation of § 1982 regardless. Neither Remax nor Zhang were directly involved in any transaction in which any Plaintiff attempted to "inherit, purchase, lease, sell, hold, and convey real and personal property.".

### C. The Complaint Fails to State a Cause of Action Under N.Y. Exec. Law § 296(5)(a)(1) and New York City Human Rights Law § 8-107(5)(a)(1)

The statutory language of both NYSHRL § 296(5)(a)(1) and NYCHRL § 8-107(5)(a)(1) also preclude Plaintiffs' claims. Both statutes apply only to parties qualifying as an "owner, […] lessee, sub-lessee, assignee, or managing agent of, or other person having the right to sell, rent or lease a housing accommodation, constructed or to be constructed, […] or any agent or employee thereof"[1] that discriminate in renting housing accommodations. In *Sayeh*, the First Department affirmed a grant of summary judgment against a discrimination claim brought under NYSHRL where the Plaintiff could not demonstrate that the defendants, the co-op's attorney and managing agent, were involved in a determination to reject plaintiff's application for housing accommodations. *See Sayeh*, 73 A.D.3d 459. Here, Remax and Zhang were even less involved in the rejection of Plaintiffs' rental applications, as they were not agents for the Owners for the rental at any point, let alone at the time of the Plaintiffs' applications.

****

For the reasons stated above, Remax and Zhang respectfully request that the Court schedule a pre-motion conference for leave to file a motion to dismiss the Complaint at the Court's convenience.

Respectfully submitted,

FURMAN KORNFELD & BRENNAN LLP

Spencer A. Richards
Asher Kest

CC:    All Counsel of Record (via ECF)

---

[1] New York City Human Rights Law § 8-107(5)(a)(1) contains two additional categories absent from N.Y. Exec. Law § 296(5)(a)(1): lessors and those holding an interest in the property. However, neither category applies to Remax or Zhang here.