UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X      Index No.  24 Civ. 4201

FAIR HOUSING JUSTICE CENTER, INC.,
PATRICIA DELONE-FELIX, STANLEY FELIX,
BIANCA JONES and ROSYLN SEALE;

                       Plaintiffs,

-   against   -                                                          ANSWER AND
                                                                               CROSSCLAIMS

JUDA NIAYZOV, ALEVTINA JOFFE,
EXCLUSIVE PROPERTIES REALTY, INC.,
NDERIM DEMIROVIC, 202 MARINE LLC,
XUEQIANG ZHENG, YU LI WENG, XIAN JIN
ZHANG and REMAX EDGE REALTY LLC,

                       Defendants.
------------------------------------------------------------------X

      Answering Defendants XUEQIANG ZHENG and YU LI WENG, by their attorneys Luk & Luk PLLC, respectfully responds to the Plaintiffs' Second Amended Complaint and Demand for Jury as follows:

      1.   Answering Defendants deny or lack information to form a belief as to the allegations contained in paragraph "1".

      2.   Answering Defendants deny or lack information to form a belief as to the allegations contained in paragraph "2" except Answering Defendants deny that they refused to rent to Black Tenants.

      3.   Answering Defendants deny each and every allegation contained in paragraph allegations contained in paragraphs "4", "5", "6" and "7" as it pertains to the Answering Defendants.

1

4. Answering Defendants deny or lack information to form a belief as to each and every allegation contained in paragraphs "8", "9", "10", "11", "12", "13", "14", "15", "16", "17", "18" and "19" as it pertains to the Answering Defendants.

5. Answering Defendants deny each and every allegation contained in paragraph allegations contained in paragraphs "20" and "21" except that the Answering Defendants admit they are the owners of 581 West Caswell Avenue, Staten Island, New York.

6. Answering Defendants deny each and every allegation contained in paragraphs "22" and "23".

7. Answering Defendants deny or lack information to form a belief as to each and every allegation contained in paragraphs "24", "25", "26", "27", "28", "29", "30", "31", "32", "33", "34", "35", "36", "37", "38" and "39" and specifically deny that Defendant Niayzov was employed or acting on behalf of Answering Defendants.

8. Answering Defendants deny each and every or lack information as to each and every allegation contained in paragraphs "40" and "41".

9. Answering Defendants deny or lack information to form a belief as to the allegations contained in paragraph "42".

10. Answering Defendants deny each and every allegation contained in paragraphs "43" and "44".

11. Answering Defendants deny or lack information to form a belief as to each and every allegation contained in paragraphs "45", "46", "47", "48", "49", "50", "51", "52", "53", "54", "55", "56", "57", "58", "59", "60", "61", "62", "63", "64", "65", "66", "67", "68", "69", "70", "71", "72", "73", "74", "75", "76", "77", "78", "79", "80", "81", "82", "83", "84", "85" "86", "87", "88", "89", "90", "91", "92", "93", "94", "95", "96", "97", "98", "99", "100", "101", "102", "103", "104", "105", "106", "107", "108", "109", "110", "111", "112", "113", "114", "115", "116", "117", "118", "119", "120", "121", "122", "123", "124", "125", "126", "127", "128", "129", "130", "131", "132", "133", "134", "135", "136", "137", "138", "139", "140", "141", "142", "143", "144", "145", "146", "147", "148", "149", "150", "151", "152", "153", "154", "155", "156", "157", "158", "159", "160", "161", "162", "163", "164", "165", "166", "167", "168", "169", "170", "171", "172" and "173" and specifically deny that any of the purported properties set forth therein belong to the Answering Defendant.

12. Answering Defendants admit the allegation contained in paragraphs "174" but deny that the Answering Defendant refused to rent to negotiate for the rental of a dwelling to any person because of race or color.

13. Answering Defendants deny each and every allegation contained in paragraphs "175" and "176".

14. Answering Defendants deny or lack information to form a belief as to each and every allegation contained in paragraphs "177", "178", "179", "180" and "181" and specifically deny that any of the purported properties set forth therein belong to the Answering Defendant.

15. Answering Defendants deny each and every allegation contained in paragraphs "182" and "183".

16. Answering Defendants deny or lack information to form a belief as to each and every allegation contained in paragraphs "184" and "185".

17. Answering Defendants deny each and every allegation contained in paragraphs "186", "187", "188", "189", "190" and "191" as it pertains to Answering Defendants.

18. Answering Defendants deny or lack information to form a belief as to each and every allegation contained in paragraphs "192", "193" and "194".

19. Answering Defendants deny each and every allegation contained in paragraphs "195" and "196".

20. Answering Defendants deny or lack information to form a belief as to each and every allegation contained in paragraphs "197", "198", "199", "200" and "201" as it does not pertain the Answering Defendants.

21. Answering Defendants deny each and every allegation contained in paragraphs "202" and "203".

22. Answering Defendants deny or lack information to form a belief as to each and every allegation contained in paragraphs "204", "205" and "207".

23. Answering Defendants deny each and every allegation contained in paragraphs "208", "209", "210", "211", "212", "213", "214", "215", "216", "217", "218", "219" and "220"

24. Answering Defendants deny or lack information to form a belief as to each and every allegation contained in paragraphs "221", "222", "223", "224" and "225".

25. Answering Defendants deny each and every allegation contained in paragraphs "226" and "227".

26. Answering Defendants deny or lack information to form a belief as to each and every allegation contained in paragraphs "228" and "229".

27. Answering Defendants deny each and every allegation contained in paragraphs "230", "231", "232", "233", "234", "235", "236",, "237", "238" and "239".

28. Answering Defendants deny or lack information to form a belief as to each and every allegation contained in paragraphs "240", "241", "242", "243" and "244" as it does not pertain to any properties owned by Answering Defendants.

29. Answering Defendants deny each and every allegation contained in paragraphs "245" and "246".

30. Answering Defendants deny or lack information to form a belief as to each and every allegation contained in paragraphs "247" and "248".

31. Answering Defendants deny each and every allegation contained in paragraphs "249", "250", "251", "252", "253" and "254".

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

32. The Plaintiffs fail to state a cause of action for which relief may be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

33. The Plaintiffs are barred by the defense of laches, estoppel, waiver and Statute of Fraud.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

34. The Plaintiffs cannot maintain any cause of action for conspiracy as the defendants did not act in concert or are unknown to each other.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

35. The Plaintiffs cannot maintain this action because there was no agency nor conspiracy between the defendants who were unknown to each other.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

36. Answering Defendant's liability, if any, is caused in part or whole by other Defendants and parties not yet named in this action.

## AS AND FOR A FIRST CROSS CLAIM

37. Answering Defendants repeat each and every allegation stated paragraphs "1" through "36" as if fully set forth herein.

38. Answering Defendants crossclaim against co-Defendants JUDA NIAYZOV, ALEVTINA JOFFE, EXCLUSIVE PROPERTIES REALTY, INC., NDERIM DEMIROV, 202 MARINE LLC, XIAN JIN ZHANG and REMAX EDGE REALTY LLC for any awards which Plaintiffs may be awarded against the Answering Defendants including cost and reasonable attorney's fees expended by Answering Defendants.

### RESERVATION OF RIGHTS

The Answering Defendants reserve the right to amend or supplement this Answer including any of its affirmative defenses as discovery proceeds.

WHEREFORE, Answering Defendants demand judgment dismissing the Plaintiff's Complaint in its entirety, the sum to be determined at trial on Answering Defendants' First Crossclaim together with costs and disbursement and such other and further relief as the court deem just and proper.

Dated: January 6, 2025
New York, New York

Leon K. Luk, Esq.
Luk & Luk PLLC
Attorneys for Answering
Defendants- Xueqiang Zheng
and Yu Li Weng
254 Canal Street, #2001
New York, New York 10013
(212) 219-8686

To: all counsels of record by ECF

## ATTORNEY VERIFICATION

LEON K. LUK, an attorney duly admitted to practice law before the Courts of the State of New York hereby affirms that :

I have read the foregoing Verified Answer and Crossclaims and knows the contents thereof, that the same is true to the best of my knowledge, except as to the matters therein stated to be alleged on information and belief, and as those matters I believe them to be true.

The source of my information and the grounds for my belief is based upon statements and information furnished to me by Answering Defendants and from records in my personal file.

The reason this verification is made by me and not the Answering Defendants is because the Answering Defendants reside outside of the county where I maintain my principal office.

Dated: January 6, 2025
       New York, New York

_____
LEON K. LUK