**Furman Kornfeld & Brennan LLP**

Wall Street Plaza
88 Pine Street, 32nd Floor, New York, NY 10005
Tel: 212-867-4100  Fax: 212-867-4118
www.fkblaw.com

January 22, 2025

**VIA ECF**
Hon. LaShann DeArcy Hall, U.S.D.J.
United States District Court
Eastern District of New York
225 Cadman Plaza East, Court Room 4H-N
Brooklyn, New York 11201

Re:   *Fair Housing Justice Center, Inc. et al. v. Juda Niayzov et al.*
       Docket No.: 1:24-cv-04201
       FKB File No.: 302.175

Dear Judge Hall:

We represent defendants Womcore LLC d/b/a Remax Edge and Xian Jin Zhang (collectively, "Remax" or "Defendants") in this action. Pursuant to Part III.A of this Court's Individual Practices, Defendants respectfully request a pre-motion conference for leave to file a motion to dismiss the crossclaims (the "Crossclaims") of Codefendants Xueqiang Zheng and Yu Li Weng (collectively, the "Owners") pursuant to Fed. R. Civ. P. Rule § 12(b)(6).

### I. Factual and Procedural Background

The claims arise from allegations that the Owners racially discriminated against prospective renters of their Property at 581 West Caswell Avenue, Staten Island, NY 10314 (the "Property"). The Second Amended Complaint (ECF Dkt. No. 28) (the "Complaint") by Plaintiffs Fair Housing Justice Center, Inc., Patricia Delone-Felix, Stanley Felix, Bianca Jones and Rosylyn Seale (collectively, "Plaintiffs") asserts causes of action under the Fair Housing Act, 42 U.S.C. § 3601 *et seq.* ("FHA"), 42 U.S.C. §§ 1981 and 1982, New York State Human Rights Law ("NYSHRL") § 296(5)(a)(1), and New York City Human Rights Law ("NYCHRL") § 8-107(5)(a)(1).

Remax represented the Owners for the purchase of the Property, which closed in 2022. The sale of the Property is not at issue. On January 6, 2025, the Owners filed an Answer to the Second Amended Complaint asserting Crossclaims against all defendants, including Remax. *See* ECF Dkt. No. 48. The Crossclaims allege only that the Owners crossclaim "for any awards which Plaintiffs may be awarded against the [Owners]." *Id*, at ¶ 38.

### II. The Crossclaims Fail to State a Cause of Action

Under Rule 12(b)(6), a complaint must "provide the grounds upon which [the] claim rests through factual allegations sufficient to raise a right to relief above the speculative level." *ATSI Commc'n, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007). The unspecified Crossclaims appear to sound in contribution or implied indemnity. The Owners cannot assert any crossclaims against Remax, and indeed assertions of contribution or indemnity here are barred.

*Fair Housing Justice Center, Inc. et al v. Niayzov et al*, Docket No.: 1:24-cv-04201
Page 2

### A. Co-Defendants Cannot Assert a Claim for Contribution or Indemnity for the Federal Claims: FHA and 42 U.S.C. §§ 1981 and 1982

"[I]t is well-established that there is no general federal common-law right to contribution." *Crews v. Cnty. of Nassau*, 612 F. Supp. 2d 199, 211 (E.D.N.Y. 2009) (citing *Texas Indus., Inc. v. Radcliff Materials, Inc.*, 451 U.S. 630 (1981). The Second Circuit has held it is "settled in this Circuit that there is no claim for contribution unless the operative federal statute provides one." *In re Bernard Madoff Inv. Sec. LLC*, 721 F.3d 54, 65–66 (2d Cir. 2013).

Regarding the federal claims at issue, Courts agree that "there is no express or implied right to indemnification or contribution under the FHA." *Clover Communities Beavercreek, LLC v. Mussachio Architects P.C.*, 676 F. Supp. 3d 82, 89 (N.D.N.Y. 2023); *see also Mathis v. United Homes, LLC*, 607 F. Supp. 2d 411, 419–23 (E.D.N.Y. 2009) (concluding that there is no federal right to contribution and/or indemnity under the FHA); *United States v. Murphy Dev., LLC*, No. 08-cv-960, 2009 WL 3614829 (M.D. Tenn. 2009) (collecting cases).

Similarly, "[t]he Civil Rights Acts embodied in sections 1981, 1982 and 1985 of Title 42, Chapter 21 of the United States Code do not provide an express right to contribution or indemnity. Further, the court finds that no implied cause of action for contribution and/or indemnity exists under the Civil Rights Acts." *Mathis*, 607 F. Supp. 2d at 423–24; *see also Greene v City of New York*, 2010 WL 1936224 (E.D.N.Y. 2010).

The Owners are therefore barred from asserting Crossclaims for the federal claims, which must be dismissed. Allowing contribution or indemnity claims to be brought under the FHA or the Civil Rights Acts would also hinder plaintiffs' (whom the statutes are intended to protect) abilities to obtain relief by "injecting issues into the litigation which could interfere with the prompt and orderly trial of such cases" or "threatening to frustrate the settlement of claims against co-defendants." *Mathis*, 607 F. Supp. 2d at 429.

### B. Co-Defendants Cannot Assert a Claim for Contribution or Indemnity for the Supplemental New York State Claims

*Indemnity*

"Common-law, or implied indemnification, permits one who has been compelled to pay for the wrong of another to recover from the wrongdoer the damages it paid to the injured party." *Tiffany at Westbury Condo. By Its Bd. of Managers v. Marelli Dev. Corp.*, 40 A.D.3d 1073, 1077, (1st Dept. 2007). "In order to recover on a claim for common law indemnification, the one seeking indemnity must prove not only that it was not guilty of any negligence beyond the statutory liability but must also prove that the proposed indemnitor was guilty of some negligence that contributed to the causation of the accident for which the indemnitee was held liable to the injured party by virtue of some obligation imposed by law." *Blank Rome, LLP v. Parrish*, 92 A.D.3d 444, 445 (1st Dept. 2012) (internal quotations omitted). Thus, a claim for common law indemnification is only "warranted where a defendant's role in causing the plaintiff's injury is solely passive." *Bedessee Imports, Inc. v. Cook, Hall & Hyde, Inc.*, 45 A.D.3d 792, 796 (2d Dept. 2007). "Since the predicate

*Fair Housing Justice Center, Inc. et al v. Niayzov et al*, Docket No.: 1:24-cv-04201
Page 3

of common-law indemnity is vicarious liability without actual fault on the part of the proposed indemnitee, it follows that a party who has itself actually participated to some degree in the wrongdoing cannot receive the benefit of the doctrine." *Rehberger v. Garguilo & Orzechowski, LLP*, 118 A.D.3d 765, 767 (2d Dept. 2014).

The crux of the allegations in the instant action is that the Plaintiffs were discriminated against in their rental applications for the Owners' Property. By definition, the Owners are unable to assert that they had no role in the rental of their own Property. Therefore, even if Remax could incur liability for discrimination here—even though the Complaint itself does not allege that they played any role in rental applications whatsoever—the Owners cannot disclaim any liability on their own part, or assert that their role was "solely passive." Without the ability to make such an assertion, any indemnity claim against Remax must fail.

*Contribution*

A contribution claim in New York state may result if the party from whom contribution is sought owed a duty to the injured plaintiff, and a breach of this duty contributed to the plaintiff's alleged injury. *See Sommer v. Fed. Signal Corp.*, 79 N.Y.2d 540 (1992); *Morris v. Home Depot USA*, 152 A.D.3d 669 (2d Dept. 2017); *Phillips v. Young Men's Christian Assn.*, 215 A.D.2d 825 (3d Dept. 1995). Alternatively, there may be a contribution claim if there has been a breach of duty running from the contributor to the defendant who has been held liable. *See Raquet v. Braun*, 90 N.Y.2d 177 (1997). Regardless, an "essential requirement" for contribution is "that the parties must have contributed to the same injury." *Nassau Roofing & Sheet Metal Co. v. Facilities Dev. Corp.*, 71 N.Y.2d 599, 603, (1988).

The Owners cannot claim contribution as against Remax because they cannot and do not assert that Remax had any duty to the Plaintiffs, whom Remax never met nor interacted with. Nor can the Owners assert that Remax owed any duty to the Owners themselves once the purchase of the Property was completed; neither the Complaint nor the Crossclaims allege that Remax served as rental agents at any time. In fact, the Crossclaims do not allege *any* factual assertions against Defendants, but merely assert the boilerplate allegation that if any damages are found in the Action, they are the result of some unstated breach by Defendants. This pleading deficiency is the result of the lack of any viable basis to purport liability against Remax for the allegations against the Owners in the Complaint.

\*\*\*\*

Based on the foregoing, Defendants respectfully request that the Court schedule a pre-motion conference for leave to file a motion to dismiss the Crossclaims at the Court's convenience.

Respectfully submitted,

FURMAN KORNFELD & BRENNAN LLP

Spencer A. Richards
Asher Kest

CC:    All Counsel of Record (via ECF)