# SEKAS LAW GROUP, L.L.C.

ATTORNEYS AT LAW

**Nicholas G. Sekas** *o*
Giancarlo Ghione #
Michael T. Halkias o+
Janet C. Navarro *o+*
Dae-Ki Min *o+*
Saverio Cereste *o+*
Paul Faugno *o+×*

× **Certified Civil Trial Attorney of the Superior Court of New Jersey**
+ **Of Counsel**
_____

Retired Judge Walter F. Skrod+

530 Sylvan Avenue, Suite 201
Englewood Cliffs, NJ 07632
201.816.1333
Facsimile 201.816.1522

www.sekaslaw.com

515 Madison Avenue, 6th FL
New York, NY 10022
212.695.7577
Facsimile 212.753.386

345 Centre Street, Suite 1
Nutley, NJ 07110
973.667.3399
Facsimile 973.235.1575

*Members are admitted to:*
\#   *NJ Bar*
\*   *NY Bars*
♦   *NY & CT Bars*
*o   NJ & NY Bars*
*ø   NJ & PA Bars*

January 24, 2025

**VIA ECF**
Justice LaShann DeArcy Hall
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201 Courtroom 4H North

          **Re:**    **Fair Housing Justice Center, Inc. et al. v. Juda Niayzov et al.**
                 **Case No. 1:24-cv-04201**

Dear Judge Hall:

      We write on behalf of 202 Marine LLC to request a pre-motion conference to respectfully request a pre-motion conference for leave to file a motion to dismiss claims made against it in Plaintiff's Second Amended Complaint.

## **FACTUAL BACKGROUND**

      The Second Amended Complaint alleges that Defendant 202 Marine LLC engaged in racial discrimination under the Fair Housing Act (FHA) and related laws. Plaintiffs claim that Defendant Niayzov, a real estate broker, acted as an agent for 202 Marine LLC and showed the property at 202 Marine Avenue to a white tester while failing to show or inform Plaintiff Seale, a Black tester, of the property's availability. Plaintiffs contend that this omission constitutes discriminatory treatment. Although the complaint acknowledges that 202 Marine LLC had no direct involvement in interactions with Plaintiff Seale and did not know her race or desire to rent, Plaintiffs argue that liability attaches based on Niayzov's alleged role as 202 Marine LLC's agent. Moreover, the agent showing the home never entered into an agreement with 202 Marine LLC. There was no formal agreement, whether verbal or written, between 202 Marine LLC and the agent showing the home. Instead, the agent contacted 202 Marine LLC wishing to show the unit. Additionally, there was never any communication or contact between the testers or 202 Marine LLC.

      Plaintiffs further assert that Niayzov's conduct reflects a broader discriminatory practice, including alleged racial bias in how housing opportunities were presented to prospective tenants.

They argue that 202 Marine LLC is vicariously liable for Niayzov's actions as its purported agent under federal and state law. However, the complaint lacks specific allegations demonstrating that 202 Marine LLC directed, condoned, or had knowledge of Niayzov's alleged behavior. Instead, Plaintiffs rely on generalized claims of agency and discrimination to seek relief against 202 Marine LLC.

## **DEFENDANT 202 MARINE'S GROUNDS FOR DISMISSAL**

To prove discrimination under the FHA, Plaintiffs must show that Defendant had the intent to discriminate. "The plaintiff bears the ultimate burden of proving, by a preponderance of the evidence, that the defendants' challenged actions were motivated by discrimination; without some evidence of knowledge of the prospective buyers' racial identity, it is impossible to infer such motivation. See, e.g., *Soules v. U.S. Dep't of Hous. & Urban Dev.*, 967 F.2d 817, 822 (2d Cir.1992) (noting, as part of prima facie case, defendant's knowledge of plaintiff's familial status, the basis for the alleged housing discrimination); *Hamilton v. Svatik*, 779 F.2d 383, 387 (7th Cir.1985) (stating that defendant's awareness of plaintiff's race is necessary to establish a prima facie case under the Fair Housing Act). *Mitchell v. Shane*, 350 F. 3d, 39, 49 (2nd Cir. 2003). Plaintiffs Second Amended Complaint makes no allegations whatsoever that 202 Marine Ave had any intent to discriminate or even knew the race of Plaintiff Seale. In fact, the Complaint does not allege that 202 Marine was even aware of Plaintiff Seales stated desire to rent an apartment in Brooklyn.

There was never any contact or communication made by any of the testers to 202 Marine LLC. This, compounded by the fact that 202 Marine LLC and the agent showing the home never had any sort of agency agreement, are grounds for dismissal. Here, defendant did not have the requisite discriminatory intent required to prove a FHA violation. Courts have consistently held that without evidence of defendant's knowledge of the prospective tenant's racial identity, liability cannot be inferred. Here, plaintiffs fail to allege defendant 202 Marine LLC knew Plaintiff's race or even of her desire to rent the apartment. Without this knowledge there can be no inference of discriminatory intent.

As detailed above, plaintiffs fail to allege sufficient agency allegations. Plaintiffs' theory of liability hinges on the assertion that Niayzov acted as an agent of 202 Marine LLC. However, federal law defines agency as requiring: (1) a manifestation by the principal that the agent will act on its behalf, (2) the agent's acceptance of this undertaking, and (3) the principal's control over the agent. *Cleveland v. Caplaw Enters.*, 448 F.3d 518, 522 (2d Cir. 2006).

The Second Amended Complaint offers no factual allegations to support these elements. It merely asserts, "upon information and belief," that Niayzov acted as 202 Marine LLC's agent. Such conclusory allegations fail to meet the pleading standards set forth in Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007), and Ashcroft v. Iqbal, 556 U.S. 662 (2009). The absence of factual enhancements renders Plaintiffs' claim speculative. Nonetheless, there was never any agency agreement between 202 Marcine LLC and the agent showing the home.

The allegations contained against Marine 202 LLC are speculative and overbroad. Plaintiffs seek to hold 202 Marine LLC liable for Niayzov's alleged conduct despite providing no evidence of the company's involvement or control. To allow such a claim to proceed would set a

dangerous precedent, potentially subjecting property owners to liability for any discriminatory conduct by brokers, irrespective of the owner's knowledge or participation. Such an outcome contradicts the principles of the FHA and due process.

The facts alleged indicated Niayzov was acting as the agent to plaintiffs and not defendant 202 Marine LLC. The agent was contacted to show the unit to plaintiffs without ever entering into an agency agreement with defendant 202 Marine LLC. At no point did plaintiffs ever reach out to 202 Marine LLC. Instead, they contacted Niayzov who went forward with allegedly showing the unit in a discriminatory manner.

The entire agency allegation against Defendant 202 Marine Ave is contained Paragraph 181: "Upon information and belief, at all relevant times, Defendant Niayzov was the agent of Defendant 202 Marine LLC, acting within the scope of his agency."  The mere naked allegation that Niayzov was 202 Marine's agent here is insufficient without additional factual enhancements. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, ibid., a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (U.S. Sup. Ct 2007).

## CONCLUSION

For the foregoing reasons, 202 Marine LLC respectfully requests a pre-motion conference to discuss its anticipated motion to dismiss for failure to state a claim. The allegations against 202 Marine LLC are speculative, conclusory, and unsupported by the factual assertions required to meet the pleading standards under Rule 12(b)(6).

    Respectfully submitted,

    /s/*Nicholas G. Sekas*
    NICHOLAS G. SEKAS, Esq.

cc: Client (Via email)