# Wang Hecker LLP

305 Broadway, Suite 607
New York, NY 10007

Eric Hecker
212.620.2602 tel
212.620.2612 fax

ehecker@wanghecker.com

February 21, 2025

<u>By ECF</u>

Hon. LaShann DeArcy Hall
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re: *Fair Housing Justice Center, Inc. et al. v. Juda Niayzov et al.*, 24-cv-04201

Dear Judge Hall:

    We represent the Plaintiffs in this case. We write in response to the letter that Mr. Kest submitted earlier today requesting a discovery stay on behalf of Defendants Womcore LLC d/b/a Remax Edge and Xian Jin Zhang. The request for a discovery stay should be denied.

<u>Background</u>

    The Second Amended Complaint alleges shocking race discrimination by real estate brokers and property owners in Staten Island and Brooklyn. Plaintiffs Patricia Delone-Felix and Stanley Felix contacted Defendant Judah Niayzov about a listing for an available apartment at 581 West Caswell Avenue in Staten Island. SAC ¶ 26. Niayzov made arrangements for Plaintiffs to see the unit, and Plaintiffs applied for it. *Id*. ¶¶ 27-36. Niayzov subsequently told Plaintiffs that their application had been rejected because the owners had had negative experiences renting to Black tenants in the past. *Id*. ¶ 43.

    We named Defendants Zhang and Remax because Niayzov's counsel informed me that Zhang had been the "intermediary who acted on behalf of the owners." Plaintiffs therefore alleged that Zhang and Remax Edge were the owners' agents and/or had aided and abetted the owners' discrimination. SAC ¶¶ 2, 22-23, 44, 175-76, 182-83, 195-96, 202-03, 219-20, 226-27, 238-39, 245-46.

    All counsel participated in a Rule 26(f) conference on October 10, 2024, and Plaintiffs have served written discovery demands on all Defendants.

Defendants Zhang and Remax filed a pre-motion letter seeking permission to move to dismiss on October 23, 2024, nearly four months ago. Their pre-motion letter says nothing about a discovery stay.

<u>The Request for a Discovery Stay Should Be Denied</u>

The mere filing of a dispositive motion, in and of itself, does not halt discovery obligations in federal court. See *Weitzner v. Sciton, Inc.*, No. CV 2005-2533, 2006 WL 3827422, at *1 (E.D.N.Y. Dec. 27, 2006). Rather, the moving party must make a showing of "good cause" to warrant a stay of discovery. *Chesney v. Valley Stream Union Free Sch. Dist. No. 24*, 236 F.R.D. 113, 115 (E.D.N.Y. 2006). In evaluating whether a stay of discovery pending resolution of a motion to dismiss is appropriate, courts typically consider: "(1) whether the defendant has made a strong showing that the plaintiff's claim is unmeritorious; (2) the breadth of discovery and the burden of responding to it; and (3) the risk of unfair prejudice to the party opposing the stay." *Id.* (citation omitted). "Courts also may take into consideration the nature and complexity of the action, whether some or all of the defendants have joined in the request for a stay, and the posture or stage of the litigation." *Id.* (citation omitted). A stay of discovery is generally appropriate only when "there are no factual issues in need of further immediate exploration, and the issues before the Court are purely questions of law that are potentially dispositive, such as challenges to the Court's jurisdiction." *Khan v. City of New York*, 2024 WL 4814236, at *5 (E.D.N.Y. Nov. 18, 2024).

The request for a discovery stay should be denied for several reasons.

First, Defendants Zhang and Remax have not met their burden of establishing good cause. Indeed, Mr. Kest's letter does not even acknowledge his clients' burden, much less make any effort to address or meet it. This failure is reason enough to deny the request.

Second, the contemplated motion to dismiss is very weak. As discussed in more detail in my prior letter dated October 24, 2024 (ECF 43), Mr. Kest has acknowledged to me that Zhang represented the property owners in connection with their purchase of 581 Caswell Avenue, and that Zhang had been directly involved in Plaintiffs' rental application, but that Zhang supposedly had only provided "translation services" (even though Zhang is a professional real estate agent, not a professional language translator). Surely Plaintiffs have plausibly alleged that Zhang had an agency relationship with the owners, such that – at a minimum – Plaintiffs may engage in discovery regarding the role Zhang played. Before a discovery stay is granted, the movant "must present substantial arguments for dismissal." *Khan*, at *5. That standard has not been met.

Third, the Court must consider "whether discovery would be significantly different if the motion to dismiss is resolved in Defendants' favor." *Khan*, at *6; *CT Espresso LLC v. Lavazza Premium Coffees Corp.*, 2022 WL 1639485, at *2 (S.D.N.Y. May 24, 2022). Here, there would be no difference either way. Even if Defendants Zhang and Remax somehow were to escape liability, they still would be critical non-party witnesses subject to the same discovery they are asking the Court to delay, just by subpoena. What role did Zhang play here? What did the unit owners tell Zhang? What did Zhang tell Niayzov? Why were Plaintiffs told that their application had been denied because the owners previously had had problems with Black tenants? Zhang must answer these questions in discovery no matter what.

Notably, Mr. Kest's client, Womcore LLC d/b/a Remax Edge, *already is* a third party under subpoena in this case. Based on a public records search, we named Zhang and an entity called Remax Edge Realty, LLC. Mr. Kest answered on behalf of both Zhang and Remax Edge Realty, LLC, but he has been appearing on behalf of Zhang and Womcore LLC d/b/a Remax Edge. Although he and I have never discussed this, it appears that we may have named the wrong employer entity; and in due course, if appropriate, we will seek to amend to add Womcore LLC. For the time being, because it had become apparent that Womcore LLC may be the employer document custodian, I served a subpoena on Womcore LLC on January 27, 2025. Mr. Kest accepted service of that third-party subpoena. Womcore LLC has not moved for a protective order. Regardless of the outcome of Mr. Kest's contemplated motion to dismiss, discovery will proceed against the relevant Remax entities in at least substantially the same way.

Judge Merkl's Case Management Worksheet procedure expressly provides for Phase I and Phase II discovery. This Court should deny the request to stay discovery for all of the reasons stated above. At most, if Defendants' motion to dismiss remains pending at the conclusion of Phase I discovery, they can renew this request – provided, of course, that unlike this time, the application establishes good cause based on the applicable factors set forth in the case law.

Respectfully submitted,

Eric Hecker

cc:   All Counsel of Record (by ECF)