

Wall Street Plaza
88 Pine Street, 32nd Floor, New York, NY 10005
Tel: 212-867-4100 Fax: 212-867-4118
www.fkblaw.com

March 7, 2025

**VIA ECF Filing**
Hon. Taryn A. Merkl, U.S.M.J.
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:      *Fair Housing Justice Center, Inc. et al. v. Juda Niayzov et al.*
              Civil Case No.:     1:24-cv-04201
              FKB File No.:      302.175

Dear Judge Merkl:

Our firm represents Womcore LLC d/b/a Remax Edge and Xian Jin Zhang (collectively, "Remax") in the above-referenced matter. We write on behalf of defendants Remax, 202 Marine LLC, Juda Niayzov, Julia Ioffe, and Exclusive Properties Realty Inc (collectively, "Defendants") concerning the current Initial Case Management Order (the "CMO"). Based on developments at the pre-motion conference for Remax and codefendant 202 Marine LLC's respective motions to dismiss, we respectfully request a stay of the CMO, with rescheduling to take place at a conference to be scheduled April 4, 2025 or later.

To briefly summarize, on March 6, 2025, the parties appeared for a motion to dismiss pre-motion conference. After extensive argument, Plaintiffs requested leave of the Court to file a third amended Complaint. Judge Hall ultimately granted Plaintiff permission to file a new Complaint, based on Plaintiffs' representation that unlike previous amendments, this time the changes would be "substantive." Plaintiffs were then ordered to file their third amended Complaint by March 20, 2025, and defendants were given until April 3, 2025 to file a response or pre-motion conference letters.

Defendants are mindful of the Court's previous denial of a requested stay of discovery, as well as the efficiency of moving forward with Phase I discovery, as discussed at the CMO conference held on March 3, 2025. However, given that the current pleading is now no longer operative, and that Judge Hall instructed Plaintiffs to file a new Complaint, defendants respectfully request discovery be stayed until after Defendants file their respective pre motion conference letters.

Defendants believe it is reasonable that they be permitted to tailor their discovery demands based on the new allegations in the forthcoming amended Complaint, which are as yet unseen and unknown. Indeed, it would be inequitable and prejudicial to permit Plaintiff to proceed with

*Fair Housing Justice Center, Inc. et al v. Niayzov et al*
Civil Case No.: 1:24-cv-04201
Page 2

discovery based on allegations of which only they are aware, while defendants are kept in the dark. Moreover, Plaintiffs' potential arguments against a stay are subject to judicial estoppel; Plaintiffs cannot receive the benefit of moving the Court for leave to amend based on their representation that they will make "substantive" changes, only to later aver that Defendants should move forward in discovery without an operative pleading since the allegations will not change.

Defendants therefore respectfully request that discovery be stayed until after Judge Hall's ordered due date for pre-motion letters of April 3, 2024, and that the Court hold another CMO conference after that date. Alternatively, Defendants request that the Phase I dates in the current CMO be adjourned by 40 days to give the parties sufficient time to review the forthcoming Complaint, submit pre motion letters by April 3, 2025, and then analyze and prepare discovery demands accordingly.

This is Defendants' second request for a stay, although this request is limited in connection with Plaintiffs' forthcoming amended Complaint. Plaintiff does not consent to this request. We thank the Court for its consideration of this request.

Respectfully submitted,

FURMAN KORNFELD & BRENNAN LLP

Spencer A. Richards
Asher Kest

cc:    All Counsel of Record – *via ECF*