# Wang Hecker llp

305 Broadway, Suite 607
New York, NY 10007

**Eric Hecker**
212.620.2602 tel
212.620.2612 fax

ehecker@wanghecker.com

March 10, 2025

<u>By ECF</u>

Hon. Taryn A. Merkl
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

>    Re:    *Fair Housing Justice Center, Inc. et al. v. Juda Niayzov et al.*,
>           24-cv-04201

Dear Judge Merkl:

This firm represents the Plaintiffs in this case. I write in opposition to the second motion to stay discovery that Mr. Kest submitted on Friday afternoon.

As with his prior motion, Mr. Kest's second motion fails even to cite the good cause standard that applies or the considerations that the case law requires the Court to consider. *See, e.g., Chesney v. Valley Stream Union Free Sch. Dist. No. 24*, 236 F.R.D. 113, 115 (E.D.N.Y. 2006) (holding that courts should consider "(1) whether the defendant has made a strong showing that the plaintiff's claim is unmeritorious; (2) the breadth of discovery and the burden of responding to it; and (3) the risk of unfair prejudice to the party opposing the stay," together with "the nature and complexity of the action, whether some or all of the defendants have joined in the request for a stay, and the posture or stage of the litigation"). This is the second time that Mr. Kest has chosen not to acknowledge or discuss the standard governing his renewed motion, which is reason enough to deny it.

In any event, Plaintiffs have now filed their Third Amended Complaint (ECF 63). Although the changes are "substantive" in the sense that they provide additional detail that was not available to Plaintiffs when the Second Amended Complaint was filed seven months ago, Plaintiffs' legal theories remain the same. As before, Plaintiffs allege that: (1) Mr. Zhang was the agent of the owners under the broad standard promulgated in the Fair Housing Act regulations, *see* 24 C.F.R. 100.20; (2) Mr. Zhang made unlawful discriminatory statements on behalf of the owners in violation of the Fair Housing Act; and (3) Mr. Zhang aided and abetted the owners' violations of state and local law. Those were the theories before, and those still are the theories. Judge Hall directed Plaintiffs to add more facts to support those theories, but the scope of discovery has not changed at all.

Mr. Kest pretends that he does not know how to proceed, but that is disingenuous. Plaintiff seeks documents and information shedding light on the relationship between Mr. Zhang and the owners and the nature of the communications between Mr. Zhang and Mr. Niayzov. Plaintiffs served Mr. Kest's clients with discovery requests in January. Those requests are clear and straightforward. Plaintiffs do not need to amend those discovery requests in light of the recent amendments to their pleading because the recent amendments do not change the scope of the pending requests in any way.

Mr. Kest also once again ignores that the Court must consider "whether discovery would be significantly different if the motion to dismiss is resolved in Defendants' favor." *Khan v. City of New York*, 2024 WL 4814236, at *5 (E.D.N.Y. Nov. 18, 2024); *CT Espresso LLC v. Lavazza Premium Coffees Corp.*, 2022 WL 1639485, at *2 (S.D.N.Y. May 24, 2022). Here, there is not even a request to move to dismiss pending. Even if there were, and even if dismissal were to be granted months from now, Zhang and Remax still would be critical nonparty witnesses subject to the same discovery they are re-asking the Court to delay, just by subpoena. What role did Zhang play here? What did the unit owners tell Zhang? What did Zhang tell Niayzov? Why were Plaintiffs told that their application had been denied because the owners previously had had problems with Black tenants? Zhang must answer these questions in discovery no matter what.[1]

For these reasons, Mr. Kest's second motion to stay discovery in its entirety should be denied.

We note that at one point in his letter, Mr. Kest expresses a somewhat more narrow concern about his ability to "tailor" *his clients'* forthcoming discovery requests to the allegations in the Third Amended Complaint. As set forth in Your Honor's March 3, 2025 Order, the deadline for Defendants to serve their discovery requests is March 12, 2025, two days from now. Although it would not be impossible or even unduly burdensome for Defendants to meet that deadline, Plaintiffs would not object if the Court were to exercise its discretion to extend that deadline for a reasonable period of time, perhaps a week. But there is no basis to further delay Mr. Kest's clients' overdue document production. At a bare minimum, he should produce forthwith the core documents shedding light on the role Zhang played and his communications with Niayzov with respect to the unit at issue.

---

[1] Mr. Kest's clients are now in default with respect to their discovery responses, which were due on March 4, 2025. No extension of that deadline was sought or granted. Indeed, Mr. Kest was aware on the March 4 deadline that his prior motion to stay had been denied.

Letter to Judge Merkl
March 10, 2025
Page 3 of 3

We thank the Court for its attention to this letter.

Respectfully submitted,

Eric Hecker

cc:    All Counsel of Record (by ECF)