

**Furman Kornfeld & Brennan LLP**

Wall Street Plaza
88 Pine Street, 32nd Floor, New York, NY 10005
Tel: 212-867-4100   Fax: 212-867-4118
www.fkblaw.com

March 12, 2025

**VIA ECF Filing**

Hon. Taryn A. Merkl, U.S.M.J.
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:      *Fair Housing Justice Center, Inc. et al. v. Juda Niayzov et al.*
                Civil Case No.:      1:24-cv-04201
                FKB File No.:      302.175

Dear Judge Merkl:

      Our firm represents Womcore LLC d/b/a Remax Edge and Xian Jin Zhang (collectively, "Remax") in the above-referenced matter. We write in response to Plaintiff's inappropriate letter motion seeking to ask the parties to "identify a mutually-agreeable date for deposing Mr. Zhang in April." See ECF Dkt. No. 65. It is unclear why Plaintiffs resort to letter motions regarding minor discovery squabbles concerning the deposition of a secondary party, which the Complaint does not even assert participated in any discrimination. Moreover, Plaintiffs have not even agreed to a meet and confer to discuss this and other discovery issues before filing the instant letter.

      As an initial matter, Plaintiff does not dispute that Remax served a deposition notice first, but Plaintiff incorrectly insists that there is no deposition priority based on notice in federal court. While there is no codified rule, it is a longstanding practice and presumption that Plaintiffs are deposed first, since they are the party burdened with proving their claims. Even more so, ample precedent in this jurisdiction and others provides notice priority presumption.

> "[E]xaminations should be taken in the order in which they were demanded; that is, the defendant having first asked for the examination is entitled first to have his examination and then the plaintiff's to follow. There is some contention on the part of the plaintiff that this gives the defendant an undue advantage inasmuch as his notice of examination can be served with his answer. However, the rules to provide for an examination on the part of the plaintiff after jurisdiction has been obtained over the defendant.

*Grauer v. Schenley Prods. Co.*, 26 F. Supp. 768, 769 (S.D.N.Y. 1938). *See also Auburn Capitol Theatre Corp. v. Schine Chain Theatres*, 83 F. Supp. 872 (S.D.N.Y. 1949)("[a]s a general rule, the party who serves his notice first is entitled to priority"); *Bough v. Lee*, 28 F. Supp. 673 (S.D.N.Y. 1939) ("Examinations of parties or witnesses under Rule 26 should ordinarily be taken in the order

in which they were demanded"); *Rifkin v. U.S. Lines*, 24 F.R.D. 122 (S.D.N.Y. 1959) ("Since defendant served its notice of examination first it was entitled to examine first"); *Isbrandsten v. Moller*, 7 F.R.D. 188 (S.D.N.Y. 1947) ("in the absence of some special and good reason, examinations should proceed in the order in which they are demanded"); *Ginsberg v. Ry. Exp. Agency*, 6 F.R.D. 371 (S.D.N.Y. 1945) "The ordinary rule is that the party first giving notice is entitled to the first examination").

Indeed, "[t]he rule is well established that priority of depositions is accorded in the order in which they are demanded…In fact, <u>as a general rule, it would be preferable that the defendant be afforded first right to take the deposition of the plaintiff</u>." *Reading-Sinram-Streat Coals, Inc v. Metro. Petroleum Corp*, 21 F.R.D. 333, 334 (S.D.N.Y. 1958). By contrast, the two citations in Plaintiff's letter refer only to dicta unrelated to the Court's order there, and in both cases the Court there directed the parties to come up with a mutually agreeable deposition schedule.[1]

It is unclear why Plaintiff's letter dismisses this case law as irrelevant when it has never been overturned or even distinguished. Nor have Plaintiffs made any argument that case law of a certain age may generally be disregarded. When Remax provided some of this case law to Plaintiffs, Plaintiffs filed the instant letter motion instead of conferring in good faith.

Moreover, at the conference held on March 3, 2025, Plaintiff specifically asked the Court if the parties should include scheduling depositions as part of an upcoming meet and confer, and the Court declined to provide such an instruction. To the recollection of the undersigned, the conference discussion concerning deposition priority was relevant only to the efficiency concerns of Remax's legal fee expenditures, since Remax is confident it will obtain dismissal via its fiorthcoming motion to dismiss. The Court noted that, insofar as Mr. Hecker represented that Plaintiffs would be willing to stipulate to dismiss Remax, it would be sensible for Remax to be deposed first, along with fellow movant 202 Marine LLC. However, as the undersigned discussed at that conference, Remax has ample basis to believe that Plaintiff's counsel is not proceeding in good faith and will not dismiss Remax or any other party from this action.

It is unclear why Plaintiffs assert that Remax "has no intention of taking any depositions any time soon" when the Court has already provided instructions and a Case Management Order for the parties to proceed with Phase I discovery. Instead of gamesmanship, Plaintiffs can proceed constructively and in good faith by producing Plaintiffs for deposition after the production of documents, in order to attempt to prove their claims.

---

[1] Moreover, while Remax's deposition notice inadvertently contained reference only to FRCP § 30(b)(6) and did not include reference to FRCP § 30(b)(1), Plaintiff was nonetheless provided with information to "provide a general description sufficient to identify the person or the particular class or group to which the person belongs." FRCP § 30(b)(1). Plaintiffs do not provide any case law finding that such defect invalidates a notice of deposition. Moreover, Plaintiffs did not take issue with such notice at any time; typically a party will seek a protective order against defective notices, not object to them three months later. At the very least, Plaintiffs should have attempted to confer in good faith on such issues.

Respectfully submitted,

FURMAN KORNFELD & BRENNAN LLP


Spencer A. Richards
Asher Kest


cc:   All Counsel of Record – *via ECF*