# Wang Hecker LLP

305 Broadway, Suite 607
New York, NY 10007

Eric Hecker
212.620.2602 tel
212.620.2612 fax

ehecker@wanghecker.com

April 1, 2025

By ECF

Hon. Taryn A. Merkl
United States District Court
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:    *Fair Housing Justice Center, Inc. et al. v. Juda Niayzov et al.*,
              24-cv-04201

Dear Judge Merkl:

       This firm represents the Plaintiffs.  I write pursuant to Rule 3.A of Your Honor's Individual Rules to request a discovery conference in advance of a contemplated motion to compel Defendants Zhang, Remax Edge, 202 Marine LLC, Zheng, and Weng to produce responsive documents and to sit for depositions.  As discussed below, contrary to the Court's rules, counsel for Defendants Zhang, Remax Edge, and 202 Marine LLC have refused to submit a joint letter.

<u>Plaintiffs' Dispute with Zhang and Remax Edge</u>

       Plaintiffs Delone-Felix and Felix allege that their application to rent 581 West Caswell was rejected because they are Black.  Plaintiffs applied for the unit through Defendant Niayzov.  The owners, Defendants Zheng and Weng, are not native English speakers and live out of state.  Defendant Zhang formally represented Zheng and Weng when they purchased the property, and Zhang had some significant involvement in the rental process, the precise nature and extent of which is a crucial question to address in discovery.

       On October 9, 2024, Zhang's counsel, Mr. Kest, sent me a Rule 11 letter threatening to move for sanctions if Plaintiffs did not withdraw their claims.  In that letter, Mr. Kest represented that Zhang's "only communication with Niyazov was to translate for the new owners of Caswell to Niyazov on a phone call."  Mr. Kest then submitted a pre-motion letter to Judge Hall in which he represented that Zhang had only "incidental" involvement in the transaction at issue.

       On March 21, 2025, Mr. Kest served his (overdue) responses to Plaintiffs' discovery requests and his clients' production.  Most of this small production

consisted of documents relating to the owners' purchase of the house in 2021. Defendants produced no communications between Zhang and the owners about the renting of the unit in question and no communications between Zhang and Niayzov, certifying under Rule 26(g) that no such documents are within their possession, custody, or control.

That same day, however, Niayzov produced documents that undermine confidence in that Rule 26(g) certification. Niayzov's counsel produced an email in which Niayzov transmitted Plaintiffs' financials to Zhang. Niayzov also produced a shocking text message between himself and Zhang, in which Zhang asked Niayzov about the ethnicity of an unidentified prospective tenant and responded approvingly when Niayzov told him the prospect was "White" and a "Good Cleint" [sic]:



As noted below, moreover, counsel for Zheng and Weng, Mr. Luk, represents in this letter that Zhang is the one who prepared the lease for the unit at issue.

I immediately raised concerns with Mr. Kest, and we met and conferred by telephone for 53 minutes on March 24, 2025. During that call and in the extensive email colloquy that ensued (we went back and forth by email nine times last week), I asked Mr. Kest to explain how it is possible that neither Zhang nor Remax has any emails, texts, or phone records relating to Plaintiffs' application given the evidence produced by Niayzov showing that Zhang received Plaintiffs' financials by email, that Zhang apparently prepared the lease, and that Zhang and Niayzov engaged in relevant correspondence by text. Mr. Kest refused to answer those questions, stating that his clients have complied with their discovery obligations. Although he promised to perform "another thorough search" as a "courtesy," he refused to commit to any timeline for doing do or to answer any questions about the nature or extent of any prior search or any forthcoming search.

Last Wednesday, I sent a draft of this letter to Mr. Kest and asked him to insert his position, reminding him that this must be a joint letter. Mr. Kest refused to do so. I followed up repeatedly, but he continued to decline, taking the position

that he "unfortunately cannot sign off on a letter which will make a representation, as required, that the parties have made 'a good faith effort to resolve disputes before making any discovery motion' and have been unable to do so."

Mr. Kest's suggestion that I have not made a good faith effort to resolve this discovery dispute before writing this letter is baseless. Plaintiffs have made repeated good faith efforts and are not required to accept indefinite non-compliance from Mr. Kest, especially under the troubling circumstances that are presented.

Plaintiffs' Dispute with 202 Marine LLC

Plaintiffs allege that on March 5, 2025, Niayzov showed an available apartment at 202 Marine Avenue to a white FHJC tester and then refused to show the same unit to a Black FHJC tester. A recording confirms that Niayzov called the owner of 202 Marine LLC, Nick Sekas (who is the cousin of and has the same name as his attorney in this case) and discussed the white tester's qualifications. Niayzov had substantial involvement in the rental process, the precise nature and extent of which is another central question to be addressed in discovery.

During the pre-motion conference before Judge Hall on Defendant's motion to dismiss – where the issue was whether the complaint adequately alleged that Niayzov was acting as the agent of 202 Marine LLC as defined in 24 C.F.R. § 100.20 and applicable case law – attorney Sekas represented to the Court, in urging dismissal, that the unit had been advertised generally on Apartments.com.

On March 21, 2025, attorney Sekas served his (overdue) production, which shows that the Apartments.com listing *was not posted until nearly two weeks after the discriminatory acts occurred*. During that period, moreover, Sekas engaged with Niayzov extensively, repeatedly seeking Niayzov's assistance in finding a tenant, stating that Niayzov had discretion to "Just bring the right clients," and even offering to pay Niayzov's broker fee. These facts stand in stark contrast to the representations that attorney Sekas made to the Court.

Attorney Sekas's partial production is damning and obviously incomplete. He did not produce any internal texts or emails between anyone affiliated with 202 relating to the renting of the unit, any texts or emails with other brokers, any applications that were received, the lease that was entered into, or additional text messages between Sekas and Niayzov other than the specific ones he chose to produce. Attorney Sekas cannot credibly contend that no such documents exist.

I immediately raised my concerns with attorney Sekas and requested that he meet and confer, but he confirmed in writing that he refuses to meet and confer with me, insisting that he has "fully responded" and that I am seeking "irrelevant

information." In a subsequent email, he appeared to soften his position somewhat, suggesting falsely that I supposedly have made "new requests" that were not included in Plaintiffs' original requests, and stating that he will respond in "due course." When I pressed him last Wednesday to clarify whether he will be joining this letter and providing an insert as the Court's rules require, he responded "I have been working on other matters all day. My prior answers stand." He then promised to "respond to [my] additional questions some time prior to Monday [March 31]," but he still has not provided any additional information. As with Mr. Kest, attorney Sekas cannot credibly claim that I have not acted in good faith, and he has no valid basis to refuse to join this letter as the Court's rules require.

Plaintiffs' Dispute with Zheng and Weng

On March 21, 2025, Mr. Luk served his (overdue) responses to Plaintiffs' discovery requests and his client's production, which consisted only of leases relating to a different unit than the one in question. Mr. Luk did not produce any emails, texts, phone records, applications, or leases relating to the process of renting the unit in question. Mr. Luk and I met and conferred by telephone on March 21, March 25, and March 31. He provided the following statement last Friday:

"I agreed in part with Plaintiffs' Dispute against clients for the responses provided to date. While my responses were late, it was agreed that my responses would and was given on March 21, 2025. Plaintiffs' attorney was unhappy with the limited responses provided therein. Plaintiffs' attorney argues that he does not believe that my clients could have rented out this unit without reviewing one or more application or entering into a lease. This is perhaps due to the fact that Plaintiffs' attorney doesn't know the limited scope of my clients in the real estate business having just saved enough money to invest in this property. I informed Plaintiffs' attorney that my clients never received nor reviewed any applications, credit or tax returns in connection with the leasing of their property. My clients do not even read English and has a limited speaking ability so even providing such documents or applications would be useless to them. All communications were done verbally on the phone with Mr. Zhang, who they had known when to purchase the property. There has never even been any formal agreement to engage Mr. Zhang nor ReMax to lease the property. One March 21,2025, I had a telephone conversation with Plaintiffs' attorney thereafter verbally requested me to go back to my clients and asked for more detail including the number of phone calls and if there were any documents which they can retrieve. As requested, I called my clients back who confirmed to me that no applications, tax returns or financials were ever provided to them and that they may have received 2-3 phone calls about prospective tenants which was limited to the amount of rent and how many occupants there were. When the rental terms were approved by my clients, the lease which were prepared by Zhang were sent to my clients who merely signed. I have asked for those emails

and leases to the 2nd floor for the period requested by Plaintiff but as of this date have not received but my clients will search and see if they are still in possession of those emails and have assured Plaintiffs' attorney that I would follow up and forward this week."

     I appreciate Mr. Luk's professionalism and understand that he cannot produce what has not been provided to him.  I respectfully submit, however, that it is plain that adequate searches have not been performed, and that as with Mr. Kest and attorney Sekas, it is not fair to expect Plaintiffs to wait indefinitely with no assurances that appropriate searches are being performed and no commitment to a final production date.

<u>Schedule for Depositions</u>

     As detailed in my letter to the Court (ECF 65) and Mr. Kest's response letter (ECF 66) dated March 12, 2025, Mr. Kest and attorney Sekas are both asserting a deposition "priority" that does not exist in federal court.  Moreover, no Defendant has noticed any deposition of any Plaintiff for any particular date; even if there were a "priority" in federal court, Defendants cannot claim the right to depose Plaintiffs first at some unspecified future date, refuse to set a schedule, and then claim that Plaintiffs are indefinitely blocked from taking any depositions.  I have repeatedly asked defense counsel to at least propose a specific deposition schedule, and on March 17, 2025, they promised to do so by March 21, 2025.  I have followed up repeatedly, but they still have not done so.

     We are aware that Your Honor is very busy with a large volume of cases and that discovery is supposed to be cooperative.  We do not wish to burden the Court any more than is necessary.  But we respectfully submit that the positions that Mr. Kest and attorney Sekas have taken are troubling and create reasonable concern that discovery cannot be completed without judicial intervention.  We therefore respectfully request that the Court convene a discovery conference and, if necessary, allow Plaintiffs to move to compel.

                                      Respectfully submitted,

                                      Eric Hecker

cc:    All Counsel of Record (by ECF)