# SEKAS LAW GROUP, L.L.C.

ATTORNEYS AT LAW

**Nicholas G. Sekas** ᵒ
Giancarlo Ghione #
Michael T. Halkias o+
Janet C. Navarro ᵒ+
Dae-Ki Min ᵒ+
Saverio Cereste ᵒ+
Paul Faugno ᵒ+×

× **Certified Civil Trial Attorney of the Superior Court of New Jersey**
+ **Of Counsel**

_____

Retired Judge Walter F. Skrod+

530 Sylvan Avenue, Suite 201
Englewood Cliffs, NJ 07632
201.816.1333
Facsimile 201.816.1522

www.sekaslaw.com

515 Madison Avenue, 6th FL
New York, NY 10022
212.695.7577
Facsimile 212.753.386

345 Centre Street, Suite 1
Nutley, NJ 07110
973.667.3399
Facsimile 973.235.1575

*Members are admitted to:*
\#   NJ Bar
\*   NY Bars
♦   NY & CT Bars
ᵒ   NJ & NY Bars
ø   NJ & PA Bars

April 1, 2025

**VIA ECF**
Justice LaShann DeArcy Hall
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201 Courtroom 4H North

    Re: **Fair Housing Justice Center, Inc. et al. v. Juda Niayzov et al.**
       **Case No. 1:24-cv-04201**

Dear Judge Hall:

  We write on behalf of 202 Marine LLC to request a pre-motion conference to respectfully request a conference for leave to file a motion to dismiss claims made against it in Plaintiff's Third Amended Complaint. This 202 Marine's 3rd letter and request to permit the filing of a motion, if necessary, to dismiss the Plaintiff' Third Amended Complaint.

## **FACTUAL BACKGROUND**

  The Third Amended Complaint falsely alleges that Defendant 202 Marine LLC engaged in racial discrimination under the Fair Housing Act (FHA) and related laws. Defendant 202 Marine LLC is a New York limited liability company that owns the premises located at 202 Marine Avenue in Brooklyn, New York. Plaintiffs bring this action under the Fair Housing Act, 42 U.S.C. § 3601 et seq., 42 U.S.C. §§ 1981 and 1982, and corresponding New York State and New York City anti-discrimination laws. They allege widespread race discrimination by various real estate brokers and property owners, including Defendant 202 Marine LLC, in connection with residential rentals in New York City.

  According to the Complaint, Defendant 202 Marine LLC is alleged to have engaged in unlawful discriminatory conduct solely through the actions of Defendant Juda Niayzov. Plaintiffs claim that, in or around early March 2024, Defendant Niayzov showed a white tester, working on

1

behalf of Plaintiff Fair Housing Justice Center, an available unit at 202 Marine Avenue, which he had allegedly been authorized to show by the owner of the premises. (¶¶ 130–157.)

Plaintiffs allege that Defendant Niayzov showed preferential treatment to this white tester, including offering her a reduced rent price, making racially charged comments during the showing, and encouraging her to place a deposit. (¶¶ 144–175.)

Plaintiffs also allege that around the same time, a Black tester, (Plaintiff Roslyn Seale), contacted Defendant Niayzov about apartment listings. Although Defendant Niayzov initially showed her a unit at a different location (2732 East 65th Street), Plaintiffs assert that he failed to follow up or offer her the same opportunity to view the unit at 202 Marine Avenue, despite her expressed interest in the Bay Ridge area. (¶¶ 180–197.)

Plaintiffs assert that Defendant Niayzov was acting as an agent of Defendant 202 Marine LLC, with both actual and/or apparent authority, and that the owner of 202 Marine Avenue had knowledge of and authorized Defendant Niayzov's conduct. (¶¶ 131–139, 157, 223–225.)

On this basis, Plaintiffs allege that 202 Marine LLC is liable for discrimination under federal, state, and city laws as a principal for the acts of its purported agent. This is alleged despite the black tester never even being shown his apartment unit. (¶197). Clearly, there could not have been any racial bias in rejecting an application when the tester did not even see the apartment.

Defendant 202 Marine LLC denies liability and now moves to dismiss all claims against it on the grounds that Plaintiffs have failed to plausibly allege: (1) that Defendant Niayzov acted with necessary authority or agency on behalf of 202 Marine LLC; (2) any direct discriminatory conduct by 202 Marine LLC; and (3) any actionable injury traceable to this Defendant under applicable law. Additionally, there is no written agency agreement between 202 Marine and Defendant Niayzov and the sole rental listing was on Apartments.com which was placed by Defendant 202 Marine which make no mention of Niayzov. (See **Exhibit A**). Further evidence that no agency agreement existed between Defendant 202 Marine and Niayzov is an email sent by 202 Marine to numerous real estate agents advising of the unit's availability. (See **Exhibit B**). It is clear this email was not sent exclusively to Defendant Niayzov, but was a generic email designed to target numerous real estate agents. Defendant Niayzov was introduced to 202 Marine as "Jacob" and is therefore listed in 202 Marine's contact as such, and he was included in the email sharing the listing with all over independent real estate professionals.

## DEFENDANT 202 MARINE'S GROUNDS FOR DISMISSAL

To prove discrimination under the FHA, Plaintiffs must show that Defendant had the intent to discriminate. "The plaintiff bears the ultimate burden of proving, by a preponderance of the evidence, that the defendants' challenged actions were motivated by discrimination; without some evidence of knowledge of the prospective buyers' racial identity, it is impossible to infer such motivation. See, e.g., *Soules v. U.S. Dep't of Hous. & Urban Dev.*, 967 F.2d 817, 822 (2d Cir.1992) (noting, as part of prima facie case, defendant's knowledge of plaintiff's familial status, the basis for the alleged housing discrimination); *Hamilton v. Svatik*, 779 F.2d 383, 387 (7th Cir.1985) (stating that defendant's awareness of plaintiff's race is necessary to establish a prima facie case

2

under the Fair Housing Act). *Mitchell v. Shane*, 350 F. 3d, 39, 49 (2nd Cir. 2003). Plaintiffs Third Amended Complaint makes no allegations whatsoever that 202 Marine Ave had any intent to discriminate or even knew the race of Plaintiff Seale. In fact, the Complaint does not allege that 202 Marine was even aware of Plaintiff Seales stated desire to rent an apartment in Brooklyn. The facts, moreover, indicate Plaintiff Seales was not even shown the apartment unit. (¶197).

It is clear 202 Marine did not have the requisite discriminatory intent required to prove any FHA violation. Courts have consistently held that without evidence of defendant's knowledge of the prospective tenant's racial identity, liability cannot be inferred. Here, plaintiffs fail to allege defendant 202 Marine LLC knew Plaintiff's race or even of her desire to rent the apartment. Without this knowledge there can be no inference of discriminatory intent.

There was never any contact or communication made by any of the testers to 202 Marine LLC. This, compounded by the fact that 202 Marine LLC and the agent showing the home never had any sort of agency agreement, are grounds for dismissal. This absence of a written agency relationship is dispositive.

The Appellate Division, Second Department, addressed this issue squarely in *Leist v. Tugendhaft*, 64 A.D.3d 687 (2d Dept. 2009). There, the court held that an agent may only bind a party to a real estate transaction if authorized to do so in writing. Specifically, the court stated: "An agent may only bind a party to a real estate contract if authorized to do so in writing... The unwritten apparent authority of an agent is insufficient to satisfy the statute of frauds" (*id.* at 688). The court rejected the argument that an agent's email communication—absent written authorization from the property owner—was sufficient to establish a binding agreement or relationship. It further found that "the fact that the listing agent was identified as the sender in the e-mail… does not satisfy the subscription requirement," and emphasized that there was "no evidence that the listing agent even had apparent authority" (*id.*).

The same conclusion must follow here. The real estate agent who showed the unit did so without a written agency agreement with 202 Marine. Further, if defendant Niayzov was showing apartments to others as alleged in the Complaint, he was the prospective tenant's agent and would be paid by the Tenant. Plaintiff's claim is alleging a "dual agency," which unequivocally must be in writing and consented to by all parties. This requirement is to establish the payment of fees, avoidance of conflicts inherent with dual agencies, provide full written disclosure to all parties, address issues of fiduciary loyalty to one party vs. another, and advise the parties of neutrality amongst them. This can only occur in writing pursuant to N.Y. real estate disclosure laws and real estate licensing laws, See LI12, which appears on the N.Y. State's website, annexed hereto as **Exhibit C**, citing <u>DOS v. Moore, 2 DOS 99, p. 7 (1999).</u>

The property owner did not authorize the agent in writing to act on its behalf, nor did it take any action that could reasonably be construed as establishing such authority on behalf of 202 Marine. As in *Leist*, any conduct by the agent cannot be imputed to the property owner in the absence of written authorization.

In New York, "A listing agent shall provide the disclosure form set forth in subdivision four of this section to a seller or landlord prior to entering into a listing agreement with the seller

3

or landlord and shall obtain a signed acknowledgment from the seller or landlord..." N.Y. Real Prop. Law § 443. This required document does not exist because 202 Marine and Niayzov did not have an agency relationship. 202 Marine listed and advertised the apartment on Apartment.com.

Accordingly, the legal principles articulated in Leist and applicable New York Real Property laws bar the imposition of liability on 202 Marine for the actions of a third party who lacked any formal agency relationship with the company. Here, if anything, Defendant Niayzov was the **plaintiffs'** agent, not 202 Marine.

As detailed above, plaintiffs fail to allege sufficient agency allegations. Plaintiffs' theory of liability hinges on the assertion that Niayzov acted as an agent of 202 Marine. However, federal law defines agency as requiring: (1) a manifestation by the principal that the agent will act on its behalf, (2) the agent's acceptance of this undertaking, and (3) the principal's control over the agent. *Cleveland v. Caplaw Enters.*, 448 F.3d 518, 522 (2d Cir. 2006).

The Third Amended Complaint offers no factual allegations to support these elements. It merely asserts, "upon information and belief," that Niayzov acted as 202 Marine LLC's agent. Such conclusory allegations fail to meet the pleading standards set forth in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). The absence of factual enhancements renders Plaintiffs' claim speculative. Nonetheless, there was never any agency agreement between 202 Marine and the agent showing the home.

The allegations contained against Marine 202 are speculative and overbroad. Plaintiffs seek to hold 202 Marine liable for Niayzov's alleged conduct despite providing no evidence of the company's involvement or control. To allow such a claim to proceed would set a dangerous precedent, potentially subjecting property owners to liability for any discriminatory conduct by brokers or agents, irrespective of the owner's knowledge or participation. Such an outcome contradicts the principles of the FHA and due process.

The facts alleged indicated Niayzov was acting as the agent to plaintiffs and not defendant 202 Marine. The agent was contacted to show the unit to plaintiffs without ever entering into an agency agreement with defendant 202 Marine. At no point did plaintiffs ever reach out to 202 Marine. Instead, they contacted Niayzov who went forward with allegedly showing the unit in a discriminatory manner without any sort of authority on behalf of 202 Marine.

The entire agency allegation against Defendant 202 Marine Ave is based upon "information and belief." The mere naked allegation that Niayzov was 202 Marine's agent here is insufficient without additional factual enhancements. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, ibid., a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (U.S. Sup. Ct 2007).

## **CONCLUSION**

For all the reasons set forth above, Defendant 202 Marine LLC respectfully submits that the claims against it in the Third Amended Complaint are factually unsupported and legally insufficient. Plaintiffs fail to plead any plausible theory of liability under the Fair Housing Act or related statutes. There is no factual basis to support the existence of an agency relationship between 202 Marine LLC and Defendant Niayzov, nor is there any allegation of discriminatory intent or knowledge attributable to 202 Marine LLC. Plaintiffs' reliance on conclusory assertions "upon information and belief" is insufficient under established pleading standards.

Accordingly, 202 Marine LLC respectfully requests that the Court schedule a pre-motion conference to address its anticipated motion to dismiss all claims against it pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

Respectfully submitted,

/s/*Nicholas G. Sekas*
NICHOLAS G. SEKAS, Esq.

cc: Client (Via email)