Case 1:24-cv-04201-LDH-TAM    Document 68-3    Filed 04/01/25    Page 1 of 4 PageID #: 359



**Department of State**
**(/)**

# Legal Memorandum LI12: Be Wary of Dual Agency

## BE WARY OF DUAL AGENCY

With the growing number of very large and widespread brokerages, the issue of dual agency arises more frequently than ever before. Any purchaser, seller, lessor or lessee confronted with a dual agency issue by their real estate agent should not take the issue lightly. Parties to a real estate transaction, including real estate brokers and salespersons themselves, seldom realize the inherent problems of a real estate agent acting as a dual agent.

Dual agency arises when a real estate broker or salesperson represents adverse parties (e.g., a buyer and seller) in the same transaction.

Dual agency typically arises in the following way: a real estate broker employs two salespeople, one who works for the buyer as a buyer's agent and the other who works for the seller as a seller's agent. The real estate broker and his salespeople are "one and the same" entity when analyzing whether dual agency exists. As soon as the buyer's agent introduces the buyer to property in which the seller is represented by the seller's agent, dual agency arises.

Dual agency can also arise in a more subtle way: A real estate broker who represents the seller procures a

**EXHIBIT C**

prospective purchaser who needs to sell her property before she is able to buy the seller's property. The prospective purchaser then signs a listing agreement with the real estate broker to sell her property so that she can purchase the seller's property. The real estate broker is now a dual agent representing both parties in a mutually dependent transaction.

When you employ a real estate broker or salesperson as your agent, you are the principal. "The relationship of agent and principal is fiduciary in nature, '...founded on trust or confidence reposed by one person in the integrity and fidelity of another.' (citation omitted) Included in the fundamental duties of such a fiduciary are good faith and **undivided loyalty**, and full and fair disclosure. Such duties are imposed upon real estate licensees by license law, rules and regulations, contract law, the principals of the law of agency, and tort law. (citation omitted) The object of these rigorous standards of performance is to secure fidelity from the agent to the principal and to insure the transaction of the business of the agency to the best advantage of the principal. (citations omitted)." (Emphasis added) *DOS v. Moore*, 2 DOS 99, p. 7 (1999)

"A real estate broker is strictly limited in his or her ability to act as a dual agent: As a fiduciary, a real estate broker is prohibited from serving as a dual agent representing parties with conflicting interests in the same transaction without the informed consent of the principals. (citations omitted) 'If dual interests are to be served, the disclosure to be effective must lay bare the truth, without ambiguity or reservation, in all its stark significance.' (citation omitted)

'Therefore, a real estate agent must prove that prior to undertaking to act either as a dual agent or for an adverse interest, the agent made full and complete disclosure to all parties as a predicate for obtaining the consent of the

**EXHIBIT C**

Case 1:24-cv-04201-LDH-TAM    Document 68-3    Filed 04/01/25    Page 3 of 4 PageID #: 361

principals to proceed in the undertaking. Both the rule and the affirmative [defense] of full disclosure are well settled in law.' (citation omitted)" *Id.* at pp. 9-10.

In a purchaser/seller transaction in which dual agency arises, the agent must not only clearly explain the existence of the dual agency issue and its implications to the parties, the agent must also obtain a written acknowledgment from the prospective purchaser and seller to dual agency. That acknowledgment requires each principal signing the form to confirm that they understand that the dual agent will be working for both the seller and buyer, that they understand that they may engage their own agent to act solely for them, **that they understand that they are giving up their right to the agent's undivided loyalty**, and that they have carefully considered the possible consequences of a dual agency relationship.

The fiduciary duty of loyalty that your real estate agent owes to you prohibits your agent from advancing any interests adverse to yours or conducting your business to benefit the agent or others.

Significantly, by consenting to dual agency, you are giving up your right to have your agent be loyal to you, since your agent is now also representing your adversary. Once you give up that duty of loyalty, the agent can advance interests adverse to yours. For example, once you agree to dual agency, you may need to be careful about what you say to your agent because, although your agent still cannot breach any confidences, your agent may not use the information you give him or her in a way that advances **your** interests.

As a principal in a real estate transaction, you should always know that you have the right to be represented by an agent who is loyal only to you throughout the entire transaction.

**EXHIBIT C**

Case 1:24-cv-04201-LDH-TAM    Document 68-3    Filed 04/01/25    Page 4 of 4 PageID #: 362

Your agent's fiduciary duties to you need never be compromised.

The information in this Memorandum should not be used in lieu of seeking appropriate legal advice. In addition, the information is subject to change based on future interpretations of the licensing law by the courts and/or for any relevant amendments. Private legal counsel should be consulted for legal advice related to this Memorandum.

**Updated February 2020**

## Department of State

**About Us**

**Diversity, Equity, Inclusion & Accessibility (DEIA)**

**Accessibility**

**Body Armor**

**Commissions & Committees**

**Community Services Block Grant**

**Disclaimer**

**Employment Opportunities**

**Meetings & Events**

**Executive Law 100-a**

**FOIL**

**Funding & Bid Opportunities**

**Language Access**

**Meeting Minutes**

**EXHIBIT C**
