**Furman Kornfeld & Brennan LLP**

Wall Street Plaza
88 Pine Street, 32nd Floor, New York, NY 10005
Tel: 212-867-4100   Fax: 212-867-4118
www.fkblaw.com

April 1, 2024

**VIA ECF**
Hon. LaShann DeArcy Hall, U.S.D.J.
United States District Court
Eastern District of New York
225 Cadman Plaza East, Court Room 4H-N
Brooklyn, New York 11201

Re:   *Fair Housing Justice Center, Inc. et al. v. Juda Niayzov et al.*
        Docket No.: 1:24-cv-04201
        FKB File No.: 302.175

Dear Judge Hall:

We represent defendants Womcore LLC d/b/a Remax Edge and Xian Jin Zhang (collectively, "Remax") in the above referenced action. Defendants respectfully request a pre-motion conference for leave to file a motion to dismiss the Third Amended Complaint (ECF Dkt. No. 63) of Plaintiffs Fair Housing Justice Center, Inc., Patricia Delone-Felix, Stanley Felix, Bianca Jones, and Roslyn Seale (collectively, "Plaintiffs") pursuant to Fed. R. Civ. P. § 12(b)(6).

### I.   Factual and Procedural Background

The instant claims arise from defendants Xueqiang Zheng and Yu Li Weng (collectively, the "Owners") and their contracted rental agent, defendant Juda Niayzov's ("Niayzov") purported racial discrimination against rental applicants for a property at 581 West Caswell Avenue, Staten Island, NY 10314 (the "Property"). The Complaint alleges serious claims that the Owners and Niyazov discriminated against prospective renters on the basis of race, and asserts causes of action for violations of the Fair Housing Act, 42 U.S.C. § 3601 *et seq.* ("FHA"), violations of 42 U.S.C. §§ 1981 and 1982, violations of New York State Human Rights Law ("NYSHRL") § 296(5)(a)(1), and violations of New York City Human Rights Law ("NYCHRL") § 8-107(5)(a)(1).

By contrast, Remax's only formal role was representing the Owners during the original purchase of the Property in 2021, which closed in 2022 prior to the allegations herein. After the purchase, Remax did not represent the Owners in their search for renters, as the Complaint itself admits. Plaintiff's prior Second Amended Complaint asserted one single alleged fact concerning Remax, which even if true, did not give rise to any of Plaintiffs' causes of action. After beseeching the Court for an opportunity to amend their pleadings yet again, Plaintiffs' Third Amended Complaint (the "Complaint") now merely speculates for all allegations against Remax.

### II.   Plaintiffs' Deficient Complaint Fails to Plead a Single Fact against Remax

This Third Amended Complaint is now 39 pages long, at 300 paragraphs. While most of the Complaint alleges highly specific acts, interactions, and utterances by other defendants, every single assertion concerning Remax – and very noticeably only those paragraphs – are pleaded

Westchester: 84 Business Park Drive, Suite 211, Armonk, NY 10504  |  Tel: 914-920-4000  |  Fax: 914-347-3898
Long Island: 666 Old Country Road, Garden City, NY 11530  |  Tel: 718-983-3501

"upon information and belief." *See* Complaint, ¶ 40-59. "A plaintiff may plead facts upon information and belief only in limited circumstances. Such pleading is permitted only where "[1] the facts are peculiarly within the possession and control of the defendant or [2] where the belief is based on factual information that makes the inference of culpability plausible." *Citizens United v. Schneiderman*, 882 F.3d 374, 384-85 (2d Cir. 2018).

Thus, the Second Circuit memorably held that Plaintiffs "cannot merely plop 'upon information and belief' in front of a conclusory allegation and thereby render it non-conclusory." *Id.*, at 384. Allegations made on information and belief "must be accompanied by a statement of the facts upon which the belief is founded." *Negrete v. Citibank, N.A.*, 187 F. Supp. 3d 454, 461 (S.D.N.Y. 2016) *aff'd*, 759 F. Appx. 42 (2d Cir. 2019); *see also Munoz-Nagel v. Guess, Inc.*, 2013 WL 1809772 (S.D.N.Y. 2013) (dismissing discrimination claim since "facts alleged upon information and belief…must be accompanied by a statement of the facts upon which the belief is founded."). Here, Plaintiffs' claims against Remax do not contain any such statement[1] of facts upon which their "information and belief" is predicated, since that qualifier is "plopped" in front of every single assertion concerning Remax. *See* Complaint, ¶ 40-59.

Indeed, it is uncontroversial in this jurisdiction that without more, wholly "information and belief" pleadings must be dismissed. *See, e.g.*, *May Flower Int'l, Inc. v. Tristar Food Wholesale Co. Inc.*, 2022 WL 4539577 (E.D.N.Y. 2022)("Plaintiff's claims against Wu are dismissed because plaintiff has not adequately pleaded them…The complaint's allegations…are made entirely upon information and belief.") The Second Circuit is unambiguous and unerringly consistent on this point. *See Moreira v. Societe Generale, S.A.*, 125 F.4th 371 (2d Cir. 2025) (Dismissing claims where "plaintiffs rely entirely on 'information and belief' pleading to link SocGen's ongoing conduct to" Cuban banks); *New Yorkers for Religious Liberty, Inc. v. New York*, 125 F.4th 319 (2d Cir. 2024)(denying city employees' establishment clause claim against COVID-19 vaccination mandates which alleged legal conclusions and assertions based upon information and belief regarding religious accommodation denials); *Yamashita v. Scholastic, Inc.*, 936 F.3d 98 (2d Cir. 2019) (allegations premised on "information and belief" must be supported by specific facts and cannot be accepted at face-value); *Pyskaty v. Wide World of Cars, LLC*, 856 F.3d 216 (2d Cir. 2017) (rejecting plaintiff's allegation "upon information and belief" as "entirely speculative" when the complaint pleaded no further facts).

This well-established pleading requirement is explicitly applicable to civil rights cases alleging discrimination. In *Salu v. Miranda*, 830 F. App'x 341 (2d Cir. 2020), Plaintiff alleged that "[defendant] Davis, as the Director of Nursing, harbored racial animus and was responsible for Diamond's decision to terminate him." *Id.*, at 345. The Second Circuit found that "Plaintiff's "critical allegation regarding Davis's purported decision-making role…which is necessary to render his race discrimination claim plausible…has no factual basis to support it, but rather is simply stated in a conclusory fashion based upon 'information and belief.'" *Id.*, at 345–46. The Court therefore found that "[a]s the district court correctly held, these conclusory assertions

---

[1] Instances where a sufficient statement was provided contain easily identified specifics. *See, e.g.*, *SUEZ Water New York Inc. v. E.I. du Pont de Nemours & Co.*, 2023 WL 2601161 (S.D.N.Y. 2023)(information and belief allegations were "both supported by specific factual allegations (e.g., that Defendants were selling at least one other of their products, Teflon, to industrial manufacturers in SUEZ's watershed) and reflect facts uniquely within the control of Defendants (i.e., their sales patterns)").

repeatedly made "upon information and belief" are insufficient to provide a basis to conclude that the race discrimination claim is plausible." *Id*. *See also D'Cunha v. Northwell Health Sys.*, 2023 WL 2266520 (S.D.N.Y. 2023), *aff'd*, 2023 WL 7986441 (2d Cir. 2023).

 Moreover, it is well established that pleadings which engage in "box-checking" the elements of a claim and conclusory statements alleging discrimination cannot meet the pleading standard. *See Williams v. Calderoni*, 2012 WL 691832 (S.D.N.Y. Mar. 1, 2012*), aff'd sub nom. Williams v. Schwartz*, 529 F. App'x 89 (2d Cir. 2013)(Plaintiff's discrimination claims "repeatedly alleges 'on information and belief'…These are not statements of fact; they are conclusory…These 'allegations, do no more than recite the elements of the relevant claims"). Indeed, as is well-known, "entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009)("threadbare recitals of a cause of action's elements, supported by mere conclusory statements" are insufficient… we are not bound to accept as true a legal conclusion couched as a factual allegation"); *Starr v. Sony BMG Music Entm't*, 592 F.3d 314 (2d Cir. 2010)(giving "no effect to legal conclusions couched as factual allegations")

 Here, the Complaint engages exclusively in fact-free, legally conclusory assertions which have been rejected as insufficient time and again. For example, the complaint baldly asserts that "Upon information and belief, Defendant Zhang nevertheless agreed to assist Defendants Zheng and Weng in unlawfully rejecting the application submitted by Plaintiffs Delone-Felix and Felix." *See* Complaint, at ¶ 57. This underwhelming "label and conclusion" does nothing more than posit a "threadbare recital" of elements. It is also emphatically denied by Zhang.

 The few other paragraphs in the Complaint which attempt to allege discriminatory acts by Remax are similarly formulaic and conclusory: "Upon information and belief, Defendant Zhang acted within the scope of his actual and/or apparent authority when he took actions to screen and/or to help screen applications" (¶ 53); "Upon information and belief, Defendants Zheng and Weng informed Defendant Zhang that they did not want to rent to Plaintiffs Delone-Felix and Felix because they had had negative experiences renting to Black tenants in the past" (¶ 55); "Upon information and belief, Defendant Zhang knew that this reason for rejecting the application submitted by Plaintiffs Delone-Felix and Felix violated federal, state, and local law" (¶ 56). Indeed, these assertions echo precisely the kind of racial discrimination claims which the Second Circuit has readily dismissed.[2]

 "[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to [defeat] a motion to dismiss." *Kirch v. Liberty Media Corp.*, 449 F.3d 388, 398 (2d Cir. 2006). As is readily apparent, unfounded legal conclusions are all Plaintiffs have offered in support of the misguided claims against Remax. For the reasons stated above, Remax and Zhang respectfully request that the Court schedule a pre-motion conference for leave to file a motion to dismiss the Complaint at the Court's convenience.

---

[2] For example, in *Salu*, the Second Circuit directly held that conclusory claims such as "[u]pon information and belief, the racially biased decision-maker was the WMC Director of Nursing, Denise Davis, RN" and "[u]pon information and belief, Director Davis, as a WMC policy-maker and decision-maker, informed Diamond that she did not want [Plaintiff] Salu to continue working at WMC" were insufficient. *Salu*, 830 F. App'x at 346.

Respectfully submitted,

FURMAN KORNFELD & BRENNAN LLP

Spencer A. Richards
Asher Kest

CC:  All Counsel of Record (via ECF)