# Wang Hecker LLP

305 Broadway, Suite 607
New York, NY 10007

Eric Hecker
212.620.2602 tel
ehecker@wanghecker.com

April 4, 2025

By ECF

Hon. LaShann DeArcy Hall
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:   *Fair Housing Justice Center, Inc. et al. v. Juda Niayzov et al.*,
            24-cv-04201

Dear Judge Hall:

      This firm represents the Plaintiffs. I write to respond to the pre-motion letter submitted by Mr. Kest on behalf of the Remax Defendants seeking leave to move to dismiss the Third Amended Complaint ("TAC"). Mr. Kest's letter ignores both the facts and the Plaintiffs' claims. His contemplated motion is meritless.

      Plaintiffs Delone-Felix and Felix allege that their application to rent 581 West Caswell Avenue was rejected because they are Black. Plaintiffs applied for the unit through Defendant Niayzov. The owners, Defendants Zheng and Weng, are not native English speakers and live out of state. Defendant Zhang, who is a Remax Edge broker, formally represented Zheng and Weng when they purchased the property at issue. Zhang had significant involvement in the rental process as well. The questions presented are whether Plaintiffs have plausibly alleged that Zhang (a) discriminated against Plaintiffs; (b) made unlawful discriminatory statements; and/or (c) aided and abetted the owners' discrimination. They have.

      Plaintiffs allege that Zhang is a licensed real estate agent employed by Remax Edge. TAC ¶ 40. Zhang is fluent in Mandarin and/or Cantonese, the native languages of the owners. *Id*. ¶ 41-43. Zhang was the agent who sold the owners the house at issue, and they subsequently asked him for help renting the unit at issue. *Id*. ¶¶ 44-47. Zhang does not generally handle rental transactions but agreed to assist the owners in the hope of gaining future business. *Id*. ¶¶ 46-48. The owners are not knowledgeable about the rental market, and Zhang provided them with his expertise, including with respect to pricing. *Id*. ¶¶ 49-51. Zhang screened applications, including the application submitted by Plaintiffs. *Id*. ¶¶ 52-53. The owners told Zhang that they did not want to rent to Plaintiffs because they are Black, and Zhang communicated this unlawful discriminatory decision to Niayzov, who in turn communicated it to Plaintiffs. *Id*. ¶¶ 55-64.

      In his prior pre-motion letter dated October 23, 2024 (ECF 42), Mr. Kest represented to Your Honor that Zhang's involvement in the transaction was at most "incidental." That representation was at best misleading. Although Mr. Kest has certified pursuant to Rule 26(g) that Zhang supposedly has no documents whatsoever in his possession, custody, or control relating to this transaction, Niayzov has now produced an email in which *he transmitted Plaintiffs' financials to Zhang*. Ex. 1. Niayzov also produced a text message between himself and Zhang in which *Zhang asked Niayzov about the ethnicity of a prospective tenant*:



Moreover, in a recent letter to Magistrate Judge Merkl (ECF 67), counsel for Zheng and Weng, Mr. Luk, represented that *Zhang is the one who prepared the lease for the unit at issue*. All of that may be just the tip of the iceberg because Niayzov has not completed his production, and Zhang, Zheng, and Weng have not produced any documents relating to this transaction.

      Mr. Kest's letter cites no case in which any Court has ever dismissed a complaint alleging unlawful housing discrimination by a real estate agent in as much detail as the TAC does here, let alone one in which documents have been produced that directly contradict the moving defendant's self-serving denials. Instead, Mr. Kest cries foul that the TAC pleads certain allegations upon information and belief. But the Second Circuit case upon which he relies merely held that a plaintiff cannot "plop 'upon information and belief' in front of a *conclusory* allegation and *thereby render it non-conclusory*," reaffirming that those words do "make otherwise unsupported claims plausible when 'the facts are peculiarly within the possession and control of the defendant." *Citizens United v. Schneiderman*, 882 F.3d 374, 384 (2d Cir. 2018). Most of the allegations that are made upon information and belief are *not* conclusory, *see*, *e.g.*, TAC ¶ 59 ("Upon information and belief, during that telephone call, Defendant Zhang informed Defendant Niayzov that Defendant Zheng and Weng had rejected the application submitted by Plaintiffs Delone-Felix and Felix because Defendant Zheng and Weng had had negative experiences renting to Black tenants in the past."), and even if some are, that is permissible because those facts are peculiarly within Defendants' control. *SLS Brands, LLC v. Authentic Brands Grp., LLC*, 2021 WL 396641, at *2-

*4 (S.D.N.Y. Feb. 4, 2021); *see also Mott v. County of Monroe*, 2021 WL 2042623, at *4 (W.D.N.Y. May 21, 2021) ("When a plaintiff sets out allegations on information and belief, he is representing that he has a good-faith reason for believing what he is saying, but acknowledging that his allegations are based on secondhand information that [he] believes to be true.").

Mr. Kest's letter does not even address Plaintiffs' "statements" claim under 42 U.S.C. § 3604(c) and 24 C.F.R. § 100.75(a), which prohibit the making of any statements by a person engaged in the process of renting a dwelling that "indicate[] any preference, limitation, or discrimination based on race." *See United States v. Space Hunters, Inc.*, 429 F.3d 416, 424 (2d Cir. 2005) (holding that these provisions are intended both to "prevent expressions that result in the denial of housing" and to "protect[] against the psychic injury caused by discriminatory statements made in connection with the housing market") (quotation omitted); *Gilead Cmty. Servs., Inc. v. Town of Cromwell*, 112 F.4th 93, 98 (2d Cir. 2024) (holding that "by its plain text, Section 804(c) is violated even absent any discriminatory transactions or conduct" and that "[t]o be liable, a defendant must simply 'make, print, or publish'" a discriminatory statement in connection with renting a dwelling). Plaintiffs allege that Zhang told Niayzov that their application was rejected because they are Black. TAC ¶¶ 58-59. That states a claim.

Mr. Kest's letter also ignores Plaintiffs' aiding and abetting claim under the New York Executive Law and the New York City Human Rights Law, which impose liability on anyone who "actually participates in the conduct giving rise to a discrimination claim." *Modny v. Foley Hoag LLP*, 2025 WL 487308 (S.D.N.Y. Feb. 12, 2025); *see also Ananiadis v. Mediterranean Gyros Products, Inc.*, 151 A.D.3d 915 (2d Dep't 2017) ("Where a defendant provided, or attempted to provide, assistance to the individual or individuals participating in the primary violation, he or she may be found liable for aiding and abetting discriminatory conduct."). "The bar for pleading 'actual participation' at the motion to dismiss stage is low." *Diaz-Roa v. Hermes L., P.C.*, 2024 WL 4866450, at *34 (S.D.N.Y. Nov. 21, 2024); *see also Robinson v. MSG Ent. Grp., LLC*, 2024 WL 3938361, at *16 (S.D.N.Y. Aug. 26, 2024); *Lee v. Riverbay Corp.*, 2024 WL 4312166, at *16 (S.D.N.Y. Sept. 27, 2024). Plaintiffs' detailed allegations of Zhang's involvement – not to mention the evidence that he received Plaintiffs' financials, made discriminatory comments to Zhang, and prepared the lease for the unit at issue – plainly suffice.

> Respectfully submitted,
>
> Eric Hecker