UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
FAIR HOUSING JUSTICE CENTER, INC.
PATRICIA DELONE-FELIX; STANLEY
FELIX; BIANCA JONES; and ROSLYN
SEALE,

                                 Plaintiffs,

   -against-

JUDA NIAYZOV; ALEVTINA IOFFE;
EXCLUSIVE PROPERTIES REALTY, INC.;
NDERIM DEMIROVIC; 202 MARINE LLC;
XUEQIANG ZHENG; YU LI WENG; XIAN
JIN ZHANG; and REMAX EDGE REALTY, LLC,

                                 Defendants.
-------------------------------------------------------------------X

Index No. 24 Civ. 4201

**SACCO & FILLAS'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO BE RELIEVED AS COUNSEL FOR DEFENDANTS JUDA NIAYZOV, ALEVTINA IOFFE, AND EXCLUSIVE PROPERTIES REALTY, INC.**

SACCO & FILLAS, LLP

Christopher P. DelCioppio, Esq.
31-19 Newtown Avenue
Seventh Floor
Astoria, New York 11102
(718) 269-2220
cpdelcioppio@saccofillas.com
*Attorneys for Defendants Juda
Niayzov, Alevtina Ioffe, and
Exclusive Properties Realty, Inc.*

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES……………………………………………………………………..ii
PRELIMINARY STATEMENT……………………………………………………………….1
LEGAL STANDARD………………………………………………………………………...…1
ARGUMENT, DISCUSSION AND ANALYSIS………..……………………………….....2
CONCLUSION……………………………………………………………………………..….4

# TABLE OF AUTHORITIES

**CASES**

*Brown v. Nat'l Survival Games,* 1994 WL 660533, at *2 (N.D.N.Y., Nov. 18, 1994)................1

*Cower v. Albany Law Sch. Of Union Univ.,*
2005 WL 1606057, at *5 (S.D.N.Y. July 8, 2005)...........................................................2

*Diarama Trading Co., Inc. v. J Walter Thompson U.S.A., Inc.,*
2005 WL 1963945, at *1 (S.D.N.Y. Aug. 15, 2005).........................................................1

*In re Albert* (Bankr. S.D.N.Y. 2002).........................................................................1

*In re WB Bridge Hotel LLC,* 656 B.R. 733 (Bankr. S.D.N.Y. 2024)...................................3

*Team Obsolete Ltd. v. A.H.R.M.A. Ltd.,* 464 F.Supp2d 164, 166 (E.D.N.Y. 2006).................1

*Terry v. Inc'd. Vill. of Patchogue,*
2007 WL 2071557 (July 16, 2007) (E.D.N.Y. 2007).......................................................3

*U.S. v. 777 Greene Avenue,* 609 F.3d 94 (2d Cir. 2010).................................................3

**LOCAL RULES**

Local Civil Rule 1.4 (b) of the Joint Local Rules
of the Southern District of New York and the
Eastern District of New York.................................................................................1, 3

## PRELIMINARY STATEMENT

Sacco & Fillas, LLP, Luigi Brandimarte, Esq., Christopher Paul DelCioppio Esq., and Patricia Rose Lynch, Esq., (collectively "S&F"), respectfully submit this memorandum of law in support of S&F's motion to be relived as counsel for Defendants Juda Niayzov, Alevtina Ioffe, and Exclusive Properties Realty, Inc. (collectively the "Niayzov Defendants"). S&F's motion to be relieved as counsel for the Niayzov Defendants should be granted for the reasons stated below.

## LEGAL STANDARD

Local Civil Rule 1.4 (b) of the Joint Local Rules of the Southern District of New York and the Eastern District of New York states that,

> "except where an attorney has filed a notice of limited-scope appearance as set forth in subsection (c), an attorney who has appeared for a party may be relieved or displaced only by order of the court. Such an order may be issued following the filing of a motion to withdraw, and only upon a showing by affidavit or otherwise of **satisfactory reasons** for withdrawal or displacement and the posture of the case, and whether or not the attorney is asserting a retaining or charging lien" (emphasis added).

Further, whether to grant or deny a motion to withdraw as counsel "falls to the sound discretion of the trial court." *In re Albert,* 277 B.R. 38, 47 (Bankr.S.D.N.Y. 2002), *citing Brown v. Nat'l Survival Games,* 1994 WL 660533, at *2 (N.D.N.Y., Nov. 18, 1994).

Lastly, the failure to pay legal fees has been found to be a legitimate ground for granting a motion to withdraw by several courts in the Second Circuit. *See, e.g., Team Obsolete Ltd. v. A.H.R.M.A. Ltd.,* 464 F.Supp2d 164, 166 (E.D.N.Y. 2006) ("Courts have long recognized that a client's continued refusal to pay legal fees constitutes a 'satisfactory reason' for withdrawal under Local Rule 1.4"); *Diarama Trading Co., Inc. v. J Walter Thompson U.S.A., Inc.,* 2005 WL 1963945, at *1 (S.D.N.Y. Aug. 15, 2005) ("'Satisfactory reasons' include failure to pay legal

fees"); *Cower v. Albany Law Sch. Of Union Univ.*, 2005 WL 1606057, at *5 (S.D.N.Y. July 8, 2005) ("It is well settled that nonpayment of fees is a legitimate ground for granting counsel's motion to withdraw").

## ARGUMENT, DISCUSSION AND ANALYSIS

The accompanying affidavit in support of Christopher P. DelCioppio, Esq. lays out the history of S&F's representation of the Niayzov Defendants. Specifically, the affidavit states that the Niayzov Defendants retained S&F on July 9, 2024 (*see* DelCioppio Affidavit at ¶ 3), that S&F provided legal representation to the Niayzov Defendants (*Id.* at ¶¶ 4-8), that invoices for this representation were sent to the Niayzov Defendants on October 3, 2024, November 7, 2024, December 9, 2024, January 17, 2025, March 3, 2025, and March 13, 2025 (*Id.* at ¶¶ 4-8) and that the Niayzov Defendants owed a balance in legal fees to this office (*Id.* at ¶ 11).

As of the date of this motion, the Niayzov Defendant's have not tendered the balance due to this office. This office contacted the Niayzov Defendants on March 31, 2025 via email with the latest invoice attached and advising that payment in full needed to be made by April 7, 2025. This office sent another email to the Niayzov Defendants on April 7, 2025 reminding them of the balance due and advising that this office would move to be relieved as counsel if payment in full was not made. *Id.* at ¶¶ 4-8; *see also* Exhibit "D." Christopher P. DelCioppio, Esq. made one last attempt to collect the balance due by texting Defendant Alevtina Ioffe on April 10, 2025, as there had been no response to the April 7, 2025 email and no payment had been made. In this text message, Mr. DelCioppio reminded Defendant Ioffe that if payment was not made this office would move to be relieved as counsel. *See* DelCioppio Affidavit at ¶ 13; *see also* Exhibit "E."

Lastly, on April 15, 2025, Mr. DelCioppio spoke with Defendant Ioffe by phone, advising that this office would be moving to be relieved as counsel due to Niayzov Defendant's failure to

remit the balance due to this office for legal fees. Mr. DelCioppio informed Defendant Ioffe during this call of S&F's intention to withdraw and the potential consequences of this withdrawal, including the possibility of proceeding pro se or seeking new counsel. *U.S. v. 777 Greene Avenue*, 609 F.3d 94 (2d Cir. 2010). Mr. DelCioppio assures the Court that S&F's withdrawal will not unduly disrupt the proceedings. S&F will cooperate fully with any new counsel to ensure a smooth transition and minimize any impact on the case's timing. *In re WB Bridge Hotel LLC*, 656 B.R. 733 (Bankr. S.D.N.Y. 2024). The next deadline before the Court is the Niayzov Defendants responding to Plaintiffs' motion to compel on April 17, 2025. The next court conference is a status conference currently scheduled for April 24, 2025. S&F is not asserting a lien of any type.

Clearly, the Niayzov Defendants have refused multiple requests to pay the legal fees due and owing to this office, and therefore this office has a "satisfactory reason" for withdrawing as counsel for the Niayzov Defendants. S&F advised the Niayzov Defendants that failure to pay would result in S&F's application to withdraw as counsel and has abided by all other requirements for withdrawal outlined in Local Rule 1.4. Accordingly, S&F should be relieved as counsel for the Niayzov Defendants. In addition, after relieving S&F as counsel, this court should grant a stay in these proceedings to give the Niayzov Defendants time to secure new counsel. *Terry v. Inc'd. Vill. of Patchogue*, 2007 WL 2071557 (July 16, 2007) (E.D.N.Y. 2007).

## CONCLUSION

For all of the reasons stated above, S&F's motion to be relived as counsel for the Niayzov Defendants should be granted.

Dated: April 16, 2025

SACCO & FILLAS, LLP

*[signature]*

Christopher P. DelCioppio, Esq.
31-19 Newtown Avenue, Seventh Floor
Astoria, New York 11102
(718) 269-2220
cpdelcioppio@saccofillas.com
*Attorneys for Defendants Juda Niayzov, Alevtina Ioffe, and Exclusive Properties Realty, Inc.*
