UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
FAIR HOUSING JUSTICE CENTER, INC.;
PATRICIA DELONE-FELIX; STANLEY;
FELIX; BIANCA JONES; and ROSLYN
SEALE,

                                           24 Civ. 4201 (LDA) (TAM)

               Plaintiffs,

      v.

JUDA NIAYZOV; ALEVTINA IOFFE;
EXCLUSIVE PROPERTIES REALTY, INC.;
NDERIM DEMIROVIC; 202 MARINE LLC;
XUEQIANG ZHENG; YU LI WENG; XIAN
JIN ZHANG; and REMAX EDGE REALTY,
LLC,

               Defendants.
----------------------------------------------------------X

## MEMORANDUM OF LAW IN OPPOSITION TO THE MOTION BY SACCO & FILLAS TO WITHDRAW AS COUNSEL TO THE NIAYZOV DEFENDANTS

Eric Hecker
Mariann Wang
WANG HECKER LLP
305 Broadway, Suite 607
New York, New York 10007
(212) 620-2600

*Attorneys for Plaintiff*

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ...................................................................................................ii

ARGUMENT ...........................................................................................................................1

CONCLUSION .........................................................................................................................6

## <u>TABLE OF AUTHORITIES</u>

<u>Cases</u>

*Albert*, 277 B.R. 38
(Bankr. S.D.N.Y. 2002) ....................................................................................... 2

*Alladin v. Paramount Mgmt., LLC*, No. 12 CIV. 4309 (JMF), 2013 WL 12618657
(S.D.N.Y. Oct. 16, 2013). .................................................................................... 6

*Allstate Ins. Co. v. Spina*, No. 20-CV-1959 (KMK), 2020 WL 7753266
(S.D.N.Y. July 27, 2020) ..................................................................................... 4

*Chen v. Best Miyako Sushi Corp.*, 16-CV-02012 (JGK) (BCM), 2017 WL 11698623
(S.D.N.Y. June 12, 2017)...................................................................................... 4

*Ellis v. Jean*, No. 10 CIV. 8837 AJN KNF, 2013 WL 662454
(S.D.N.Y. Feb. 20, 2013) ..................................................................................... 2

*Fed. Trade Comm'n v. Vantage Point Servs.*, LLC, No. 15-CV-6S, 2018 WL 2120139
(W.D.N.Y. May 8, 2018) ...................................................................................... 1

*Flannigan v. Vulcan Power Grp. LLC*, No. 09 CIV. 8473 (LAP), 2023 WL 2986870
(S.D.N.Y. Apr. 18, 2023)...................................................................................... 5

*Forchelli, Curto, Deegan, Schwartz, Mineo, Cohn & Terrana, LLP v. Hirsch*, No. 09-CV-5575
(CBA), 2010 WL 2667198 (E.D.N.Y. June 23, 2010). ........................................ 4

*Foster v. City of New York*, 96 Civ. 9271 (PKL), 2000 WL 145927
(S.D.N.Y. Feb. 7, 2000) ....................................................................................... 1

*Geery v. Silberstein*, 20 Civ. 753 (AKH), 2021 WL 3164901
(S.D.N.Y. June 11, 2021)................................................................................... 5, 6

*Inv. Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, 657 B.R. 382
(Bankr. S.D.N.Y. 2024) ....................................................................................... 2

*Malarkey v. Texaco*, Inc., 81 Civ. 5224 (CSH), 1989 WL 88709
(S.D.N.Y. July 31, 1989) ..................................................................................... 1

*Rophaiel v. Alken Murray Corp.*, No. 94 CIV. 9064 (CSH), 1996 WL 306457
(S.D.N.Y. June 7, 1996)........................................................................................ 5

*Sec. Inv. Prot. Corp. v. Bernard L. Madoff Inv. Sec.* LLC, 657 B.R. 382
(Bankr. S.D.N.Y. 2024) ........................................................................................ 1

*United States v. Fisher*, No. 15-CR-19-A, 2017 WL 5125549
(W.D.N.Y. Nov. 2, 2017).................................................................................. 4

*United States v. Parker*, 439 F.3d 81
(2d Cir. 2006)................................................................................................. 1, 6

*United States v. Vilar*, 731 F.3d 255
(2d Cir. 2013).................................................................................................... 1

*Verma v. Allen*, No. 12 CIV. 1182 ALC KNF, 2013 WL 3108940
(S.D.N.Y. June 12, 2013)................................................................................... 4

*Wilson v. Pasquale's DaMarino's, Inc.*, No. 10 CIV. 2709 (PGG), 2018 WL 4761574
(S.D.N.Y. Sept. 30, 2018).................................................................................. 1

*Worms v. State Corp. Deposit Ins. Agency*, No. 20-CV-3505 (AJN), 2021 WL 706550
(S.D.N.Y. Feb. 22, 2021).............................................................................. 2, 4, 5

<u>Other Authorities</u>

Lawyer's Code of Professional Responsibility.......................................................... 1

N.Y.S. Bar Ass'n Ethics Opinion No. 1061 (2015)................................................... 4

Plaintiffs, by and through their attorneys, Wang Hecker LLP, hereby oppose the motion by Sacco & Fillas to withdraw as counsel to the Niayzov Defendants (ECF 75).

## ARGUMENT

"It is generally said of the attorney-client relationship that '[w]hen an attorney is retained to conduct a legal proceeding, he enters into an entire contract to conduct the proceeding to a conclusion and he may not abandon his relation without reasonable or justifiable cause.'" *Sec. Inv. Prot. Corp. v. Bernard L. Madoff Inv. Sec*. LLC, 657 B.R. 382, 387 (Bankr. S.D.N.Y. 2024); *accord Wilson v. Pasquale's DaMarino's, Inc*., No. 10 CIV. 2709 (PGG), 2018 WL 4761574, at *8 (S.D.N.Y. Sept. 30, 2018); *Malarkey v. Texaco*, Inc., 81 Civ. 5224 (CSH), 1989 WL 88709, at *1 (S.D.N.Y. July 31, 1989); *see also United States v. Vilar*, 731 F.3d 255, 257 (2d Cir. 2013) ("Full availability of legal counsel requires . . . that lawyers who undertake representation complete the work involved.") (quoting Lawyer's Code of Professional Responsibility, adopted by New York State Bar Association, EC 2-31)). "[I]n the absence of a compelling justification, the Court will not relieve an attorney from his obligations." *Foster v. City of New York*, 96 Civ. 9271 (PKL), 2000 WL 145927, at *4 (S.D.N.Y. Feb. 7, 2000).

The rule in the Second Circuit is that the mere "[n]onpayment of legal fees, without more, is not usually a sufficient basis to permit an attorney to withdraw from representation." *United States v. Parker*, 439 F.3d 81, 104 (2d Cir. 2006); *see also Fed. Trade Comm'n v. Vantage Point Servs*., LLC, No. 15-CV-6S, 2018 WL 2120139, at *2 (W.D.N.Y. May 8, 2018). As the Second Circuit has emphasized, "courts have permitted counsel to withdraw for lack of payment only where the client either 'deliberately disregarded' financial obligations or failed to cooperate with counsel." *Parker*, 439 F.3d at 104 (2d Cir. 2006). The Second Circuit also has held that "the exhaustion of a retainer is not evidence of a deliberate violation." *Id*.

1

Although a client's failure to pay legal fees has been found to be a legitimate ground for granting a motion to withdraw by several courts in this Circuit, in "most cases" courts "have permitted counsel to withdraw for lack of payment only where the client either deliberately disregarded financial obligations or failed to cooperate with counsel." *Worms v. State Corp. Deposit Ins. Agency*, No. 20-CV-3505 (AJN), 2021 WL 706550, at *4 (S.D.N.Y. Feb. 22, 2021); *see also In re Albert*, 277 B.R. 38, 46 (Bankr. S.D.N.Y. 2002) ("A number of courts have held that nonpayment of fees alone is insufficient cause for the withdrawal of counsel . . . . Cause for withdrawal has been found, however, where in addition to nonpayment of fees, counsel has been the object of hostile conduct by the client.").

Here, the motion to withdraw should be denied for several reasons.

First, the motion does not say how much money the Niayzov Defendants allegedly owe Sacco & Fillas. Although the willful failure by a client to pay a substantial amount of outstanding fees for a substantial period of time can be a basis to grant a motion to withdraw, here there is no record of how much the Niayzov Defendants allegedly owe. This is reason enough to deny the motion to withdraw, at least without prejudice. *See, e.g.*, *Sec. Inv. Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, 657 B.R. 382, 390 (Bankr. S.D.N.Y. 2024) (denying motion to withdraw without prejudice and stating that "Katten is free to file a second motion to withdrawal with 'a showing by affidavit or otherwise of satisfactory' evidence that unpaid fees have been substantial."); *Ellis v. Jean*, No. 10 CIV 8837 AJN KNF, 2013 WL 662454, at *1 (S.D.N.Y. Feb. 20, 2013) (denying motion to withdraw because "neither the exact amount of the fees and disbursements or the length of time [the client] has been delinquent in paying them is reported by [the movant]").

2

Second, the motion does not say how long any outstanding fees have been owed or whether the Niayzov Defendants even have refused to pay.  To the contrary, although the instant motion papers are somewhat unclear, it appears that the Niayzov Defendants *actually paid Sacco & Fillas for services rendered from June 2024 through February 2025 and only fell behind for the first time in March 2025*.  ECF 75-2, at 2; ECF 75-3, at 2-3.  Indeed, it appears that the very first time that Mr. DelCioppio raised a billing issue was on March 3, 2025 – more than eight months after Sacco & Fillas was retained – when he complained that his clients had not yet paid the February 2025 invoice that had just been emailed to them for the first time one hour and thirteen minutes earlier.  ECF 75-5.  Mr. DelCioppio then sent the Niayzov Defendants his March 2025 invoice on March 31, 2025, and on April 7, 2025, he threatened to move to withdraw for the very first time – only nine days before he filed this motion.  ECF 75-6.

Moreover, when Mr. DelCioppio followed up with the Niayzov Defendants by text on April 10, 2025, they hardly reacted with hostility.  To the contrary, *Ms. Ioffe responded immediately that she and her husband had been away celebrating the Passover holiday, and she and Mr. DelCioppio agreed to speak the following day*.  ECF 75-7.  Thus, not only does the motion to withdraw fail to specify how much allegedly is in arrears, and not only was it filed shortly after Sacco & Fillas first demanded payment of whatever amount may be in arrears, the motion does not even say whether the Niayzov Defendants have unequivocally refused to pay valid charges, asked for a modest amount of time to catch up, or perhaps are even disputing invoices that they believe are not valid in part.

"There is an important distinction between mere nonpayment and deliberate disregard of financial obligations."  *Forchelli, Curto, Deegan, Schwartz, Mineo, Cohn & Terrana, LLP v. Hirsch*, No. 09-CV-5575 (CBA), 2010 WL 2667198, at *2 (E.D.N.Y. June 23, 2010).  Under

these circumstances, the motion to withdraw should be denied without prejudice, at the very

least. *See Worms v. State Corp. Deposit Ins. Agency*, No. 20-CV-3505 (AJN), 2021 WL 706550,

at *4 (S.D.N.Y. Feb. 22, 2021) (denying motion to withdraw because the "affidavits fall short of

demonstrating [the movant's] clients' deliberate disregard for their financial obligations");

*Allstate Ins. Co. v. Spina*, No. 20-CV-1959 (KMK), 2020 WL 7753266, at *2 (S.D.N.Y. July 27,

2020) (denying motion to withdraw without prejudice because the movant "has not presented a

sufficient showing of something 'more' beyond anticipated nonpayment of legal fees" and "have

not presented documentation suggesting that 'a significant period of nonpayment of a substantial

fee' currently exists"); *United States v. Fisher*, No. 15-CR-19-A, 2017 WL 5125549, at *2

(W.D.N.Y. Nov. 2, 2017) (denying motion to withdraw because "[t]he client's failure must be

conscious rather than inadvertent, and must not be de minimis in either amount or duration,"

emphasizing that "a lawyer may withdraw from representing a client who *deliberately* disregards

an obligation to pay a lawyer more than a *de minimis* amount for more than a *de minimis* length

of time") (quoting N.Y.S. Bar Ass'n Ethics Opinion No. 1061 ¶ 15 (2015)); *Chen v. Best Miyako*

*Sushi Corp.*, 16-CV-02012 (JGK) (BCM), 2017 WL 11698623, at *2 (S.D.N.Y. June 12, 2017)

(denying motion to withdraw because "in the absence of proof that an attorney's client is truly

unable to fulfill the payment obligations in question, courts have found non-payment of

attorney's fees alone not to be a sufficient basis for withdrawal"); *Verma v. Allen*, No. 12 CIV.

1182 ALC KNF, 2013 WL 3108940, at *4 (S.D.N.Y. June 12, 2013).

The motion to withdraw should be denied for the additional and independent reason that

granting it would be highly disruptive to the prosecution of this action. "Even if a client

steadfastly refuses to pay fees, however, a court need not allow withdrawal on that basis when it

would delay or disrupt the proceedings." *Worms v. State Corp. Deposit Ins. Agency*, No. 20-CV-

3505 (AJN), 2021 WL 706550, at *4 (S.D.N.Y. Feb. 22, 2021) (denying motion to withdraw where "withdrawal would compound previous discovery delays"). There currently are three requests pending for leave to move to compel against three different sets of Defendants. The Zhang Defendants, for example, claim implausibly that they supposedly have no documents whatsoever relating to the 581 Caswell Avenue transaction, even though the Niayzov Defendants have produced some documents casting serious doubt about that. It therefore is imperative that the Niayzov Defendants supplement and complete their partial initial production. Were this motion to withdraw to be granted at this critical stage of discovery, the entire case would be brought to a standstill for months. *See Flannigan v. Vulcan Power Grp. LLC*, No. 09 CIV. 8473 (LAP), 2023 WL 2986870, at *3 (S.D.N.Y. Apr. 18, 2023) (denying motion to withdraw because of "the impact of the withdrawal on the timing of the case," which "would undoubtedly result in a significant delay to the proceedings"); *Geery v. Silberstein*, 20 Civ. 753 (AKH), 2021 WL 3164901, at *1 (S.D.N.Y. June 11, 2021) (denying motion to withdraw because "withdrawal would cause further undue delay and significant interference with the parties' discovery schedule and the Court's management of its calendar").

Although the motivation behind this motion to withdraw is not clear, many courts have denied such motions on the ground that "[i]t would be too easy for a defendant to stall proceedings by inducing the withdrawal of its attorney by non-payment of fees." *Rophaiel v. Alken Murray Corp.*, No. 94 CIV. 9064 (CSH), 1996 WL 306457, at *2 (S.D.N.Y. June 7, 1996); *see also Geery v. Silberstein*, 20 Civ. 753 (AKH), 2021 WL 3164901, at *1 (S.D.N.Y. June 11, 2021); *Alladin v. Paramount Mgmt., LLC*, No. 12 CIV. 4309 (JMF), 2013 WL 12618657, at *1 (S.D.N.Y. Oct. 16, 2013).

Finally, The motion to withdraw should be denied for the additional and independent reason that Sacco & Fillas failed to submit a proof of service confirming that the Niayzov Defendants were served, in violation of Local Rule 1.4(b).

For each of these reasons, the motion to withdraw should be denied.

While the motion to withdraw remains pending, Mr. DelCioppio remains duty-bound to participate in discovery diligently, including by responding to the pending motion to compel and complying with Judge Merkl's recent orders.  As the Second Circuit put it in Parker, "[t]here is little question that a defendant's failure to pay fees may cause some divisiveness between attorney and client, but we presume that counsel will continue to execute his professional and ethical duty to zealously represent his client, notwithstanding the fee dispute." 439 F.3d at 104.

## CONCLUSION

For the foregoing reasons, the motion to withdraw should be denied.

Dated: New York, New York
     April 17, 2025

WANG HECKER LLP

By:_____
    Eric Hecker
    Mariann Wang

305 Broadway, Suite 607
New York, New York 10007
(212) 620-2600

*Attorneys for Plaintiffs*