# SEKAS LAW GROUP, L.L.C.

ATTORNEYS AT LAW

**Nicholas G. Sekas** ᵒ
Giancarlo Ghione# +
Michael T. Halkias o+
Janet C. Navarro ᵒ+
Dae-Ki Min ᵒ+
Saverio Cereste ᵒ+
Paul Faugno ᵒ+×

× **Certified Civil Trial Attorney of the Superior Court of New Jersey**
+ **Of Counsel**
_____

Retired Judge Walter F. Skrod+

530 Sylvan Avenue, Suite 201
Englewood Cliffs, NJ 07632
201.816.1333
Facsimile 201.816.1522

www.sekaslaw.com

515 Madison Avenue, 6th FL
New York, NY 10022
212.695.7577
Facsimile 212.753.386

345 Centre Street, Suite 1
Nutley, NJ 07110
973.667.3399
Facsimile 973.235.1575

*Members are admitted to:*
\# NJ Bar
\* NY Bars
♦ NY & CT Bars
o NJ & NY Bars
ø NJ & PA Bars

April 17, 2025

**<u>VIA ECF Filing</u>**
Hon. Taryn A. Merkl, U.S.M.J.
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:      **Fair Housing Justice Center, Inc. et al. v. Juda Niayzov et al.**
                **Civil Case No.:**      1:24-cv-04201

Dear Judge Merkl:

      As you may be aware, this firm represents Defendant 202 Marine LLC ("202 Marine") in the above-captioned matter. We submit this letter brief in lieu of a more formal opposition to Plaintiff's April 7, 2025, letter motion to compel discovery responses from 202 Marine.

      At the outset, Plaintiff's motion is procedurally improper. To date, the only discovery obligations imposed upon the parties were the initial disclosures, which 202 Marine has timely served. These disclosures include all documents presently in its possession that are responsive and relevant. Plaintiff now seeks to expand discovery into a baseless fishing expedition—targeting a party, 202 Marine, that bears no responsibility for the independent conduct of third-party real estate agent Juda Niayzov.

      Mr. Niayzov is one of many real estate agents operating in New York City. After 202 Marine listed a rental unit advertisement on Apartments.com, an email was sent to a wide list of brokers, including Mr. Niayzov, simply notifying them of the available unit. Both the Apartments.com advertisement and the email communication have been produced. There was no exclusive agency agreement between 202 Marine and Mr. Niayzov; he was not authorized to act on behalf of 202 Marine and merely represented prospective tenants.

      Plaintiff's request for text messages between Nicholas Sekas[1]—202 Marine's managing agent—and his siblings, who hold passive ownership interests in the entity, is wholly inappropriate. These

---

[1] Although related, Mr. Sekas is not the same person as undersigned counsel.

1

individuals have no operational role in the property. A review of the messages confirms they relate solely to personal matters, and there are no communications concerning the 202 Marine property.

202 Marine has fully complied with its discovery obligations and produced all responsive documents in its possession, including:

- The Apartments.com advertisement;
- The email blast sent to local real estate agents; and
- Text message communications between Mr. Sekas and Mr. Niayzov.

Plaintiff now seeks internal policies that do not exist and other documents unrelated to 202 Marine's operations or within its control. A party cannot be compelled to produce documents that do not exist.

Moreover, Plaintiffs themselves have failed to comply with outstanding discovery requests beyond their initial disclosures. It is fundamentally inequitable for them to compel further discovery while refusing to participate in the same process. This failure alone warrants denial of their motion.

Plaintiffs continue to assert unsubstantiated claims against 202 Marine, subjecting the company to undue litigation expense without any factual basis for liability. There is no agency relationship between 202 Marine and Mr. Niayzov, nor any conduct attributable to 202 Marine that would support Plaintiffs' claims.

Nonetheless, this office and plaintiff's counsel held a phone conference on April 17, 2025 to confer regarding their discovery demands. This office has instructed our client to prepare any outstanding documents requested, namely text messages and the application of the person currently occupying the subject unit, should the court compel any documents not already provided. 202 Marine continues to assert that plaintiff being delinquent in its own discovery demands is a sufficient basis to deny this motion.

In conclusion, Plaintiffs' motion to compel should be denied. 202 Marine has fully complied with its obligations and produced all relevant documents. Plaintiffs seek to prolong this litigation by manufacturing claims and demanding non-existent records in hopes of discovering some basis to support their meritless lawsuit. The Court should not countenance such tactics.

Respectfully submitted,
Sekas Law Group, LLC

*/s/Nicholas G. Sekas*
Nicholas G. Sekas, Esq.