# SEKAS LAW GROUP, L.L.C.

## ATTORNEYS AT LAW

**Nicholas G. Sekas** ⌀
Giancarlo Ghione# +
Michael T. Halkias o+
Janet C. Navarro ⌀*
Dae-Ki Min ⌀*
Saverio Cereste ⌀*
Paul Faugno ⌀*×

× **Certified Civil Trial Attorney of
the Superior Court of New Jersey
+ Of Counsel**

_____

Retired Judge Walter F. Skrod+

530 Sylvan Avenue, Suite 201
Englewood Cliffs, NJ 07632
201.816.1333
Facsimile 201.816.1522

www.sekaslaw.com

515 Madison Avenue, 6ᵗʰ FL
New York, NY 10022
212.695.7577
Facsimile 212.753.386

345 Centre Street, Suite 1
Nutley, NJ 07110
973.667.3399
Facsimile 973.235.1575

*Members are admitted to:*
\#   *NJ Bar*
\*   *NY Bars*
♦   *NY & CT Bars*
o   *NJ & NY Bars*
⌀   *NJ & PA Bars*

April 23, 2025

<u>**VIA ECF Filing**</u>
<u>Hon. LaShann DeArcy Hall, U.S.M.J.</u>
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

> **Re:**     **Fair Housing Justice Center, Inc. et al. v. Juda Niayzov et al.**
> **Civil Case No.:     1:24-cv-04201**

Dear Judge Hall:

As you may know, this firm represents 202 Marine LLC in the above-referenced matter. Defendant 202 Marine respectfully moves pursuant to Federal Rule of Civil Procedure 12(b)(6), to dismiss the Third Amended Complaint (ECF No. 63) filed by Plaintiffs Fair Housing Justice Center, Inc., Patricia Delone-Felix, Stanley Felix, Bianca Jones, and Roslyn Seale, in its entirety as against 202 Marine LLC, for failure to state a claim upon which relief can be granted. In support of this motion, 202 Marine LLC submits the instant Memorandum of Law and relies on the allegations in the Third Amended

1

Complaint, as well as discovery materials permissible for consideration under Rule 12(b)(6).

## PRELIMINARY STATEMENT

The Third Amended Complaint (TAC) fails to state a plausible claim against 202 Marine LLC for alleged violations of the Fair Housing Act (42 U.S.C. § 3601 et seq.), 42 U.S.C. §§ 1981 and 1982, New York State Human Rights Law (N.Y. Exec. Law § 296), or New York City Human Rights Law (N.Y.C. Admin. Code § 8-107). The TAC alleges that 202 Marine LLC, as the owner of a rental property at 202 Marine Avenue, Brooklyn, is liable for discriminatory conduct by Defendant Juda Niayzov, a real estate broker, who allegedly treated a Black tester (Plaintiff Roslyn Seale) less favorably than a white tester in March 2024. The TAC asserts that Niayzov acted as 202 Marine LLC's agent, rendering 202 Marine LLC vicariously liable for his actions, and that 202 Marine LLC conspired with or aided and abetted Niayzov's discrimination.

These claims fail as a matter of law. Discovery exchanged confirms that 202 Marine LLC did not form an agency relationship with Niayzov. Instead, 202 Marine LLC sent a non-exclusive email to multiple realtors, including Niayzov, merely advising them of an available rental unit without engaging any as agents. (See Declaration of 202 Marine Managing Agent Nicholas Sekas, Exhibit A). 202 Marine LLC also independently listed the unit on Apartments.com, allowing prospective tenants to apply directly. In fact, the person who ultimately rented the apartment applied and found the available unit through

the Apartments.Com listing. (See Sekas Decl., Exhibit B). The TAC's allegations of an agency relationship are conclusory and lack factual support, failing to meet the plausibility standard under *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Without an agency relationship, 202 Marine LLC cannot be vicariously liable for Niayzov's alleged conduct. Furthermore, the TAC does not allege that 202 Marine LLC directly discriminated against any plaintiff or had knowledge of Niayzov's actions, precluding direct liability or claims of conspiracy or aiding and abetting. Accordingly, all claims against 202 Marine LLC must be dismissed.

## LEGAL ARGUMENT

### I.    LEGAL STANDARD

A complaint must be dismissed under Rule 12(b)(6) if it fails to state a claim upon which relief can be granted. To survive a motion to dismiss, the complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible only when the plaintiff pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Conclusory allegations or "threadbare recitals of the elements of a cause of action" are insufficient. *Id.* The court accepts all well-pleaded factual allegations as true but does not credit legal conclusions or speculative assertions. *Id.* at 678-79.

On a Rule 12(b)(6) motion, the court may consider the complaint, documents incorporated by reference, and matters of which judicial notice may be taken. *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152-53 (2d Cir. 2002). Here, the Court may consider the TAC and discovery materials (e.g., the email to realtors and the Apartments.com advertisement) to the extent they are referenced or integral to the TAC's allegations without converting the motion to one for summary judgment. See *Goel v. Bunge*, Ltd., 820 F.3d 554, 559 (2d Cir. 2016).

## II.    THE THIRD AMENDED COMPLAINT FAILS TO STATE A CLAIM AGAINST 202 MARINE LLC

The TAC asserts four causes of action against 202 Marine LLC: (1) violation of the Fair Housing Act (FHA), 42 U.S.C. § 3601 et seq.; (2) violation of 42 U.S.C. §§ 1981 and 1982; (3) violation of N.Y. Exec. Law § 296(5)(a)(1); and (4) violation of N.Y.C. Admin. Code § 8-107(5)(a)(1). Each claim hinges on the allegation that 202 Marine LLC is liable for Niayzov's discriminatory conduct because he acted as its agent or because 202 Marine LLC conspired with or aided and abetted Niayzov. These claims fail for the following reasons.

## A. THE THIRD AMENDED COMPLAINT FAILS TO PLAUSIBLY ALLEGE AN AGENCY RELATIONSHIP BETWEEN 202 MARINE LLC AND NIAYZOV

All four causes of action rely on the assertion that Niayzov acted as 202 Marine LLC's agent with actual or apparent authority to screen tenants and facilitate rentals for the unit at 202 Marine Avenue (TAC ¶¶ 223-225). Under New York law, an agency

4

relationship requires: (1) the principal's manifestation of intent to grant authority; (2) the agent's acceptance of the authority; and (3) the principal's control over the agent's actions. See *Commercial Union Ins. Co. v. Alitalia Airlines, S.p.A.*, 347 F.3d 448, 462 (2d Cir. 2003). Apparent authority arises only when the principal's words or conduct reasonably cause a third party to believe the agent has authority to act. See Hallock v. State, 64 N.Y.2d 224, 231 (1984).

The TAC's allegations of agency are conclusory and unsupported by sufficient facts. The TAC alleges that:

- 202 Marine LLC "authorized" Niayzov to act as its agent to screen applicants and find tenants (TAC ¶¶ 131-138).
- The owner of 202 Marine LLC had a prior relationship with Niayzov, exchanged contact information, and texted Niayzov about the unit's availability (TAC ¶¶ 132-136).
- The owner approved Niayzov's request to show the unit to a white tester after assessing her qualifications (TAC ¶¶ 141-143).

These allegations do not plausibly establish an agency relationship. In fact, this is the role of all realtors who bring potential renters to landlords for possible rental, prequalifying them, which does not establish an agency between the landlord and tenant's agent. Discovery confirms that 202 Marine LLC sent a non-exclusive email to multiple realtors, including Niayzov[1], merely advising them of the unit's availability without engaging any as agents. (See Sekas Decl., Exhibit A). This action does not manifest intent

---

[1] Defendant Niayzov, known to 202 Marine as "Jacob" was shown as a recipient to this email.

to grant authority or establish control over Niayzov's conduct. Instead, it is a common practice in the real estate industry to inform brokers of available units to attract potential renters, without creating an agency relationship. See, e.g., *Julien J. Studley, Inc. v. N.Y. News, Inc.*, 70 N.Y.2d 628, 629 (1987) (no agency where broker acted independently to find tenants without principal's control). Here, defendant Niayzov was merely one of the many realtors made aware of 202 Marine's rental unit. There is no agreement whatsoever that commissions would be paid by 202 Marine – in fact, commission would only be paid from the renter of the unit should Niayzov been successful in finding a suitable renter.

Moreover, 202 Marine LLC independently advertised the unit on Apartments.com, allowing direct applications, which undermines any inference that Niayzov had exclusive or significant authority. The TAC's claim that Niayzov was "authorized to screen applicants" (TAC ¶ 138) is does not give rise to an agency relationship. The screening of applicants is not enough to create an agency relationship, especially where discriminatory intent is concerned, as it is the role of the realtor to ensure the applicant they represent **financially** qualifies. In fact, 202 Marine was the sole party with the authority to decide whether to accept an applicant. Niayzov had no authority to do so. The approval to show the unit to one tester (TAC ¶ 142) reflects a limited, transaction-specific permission, not a broad agency relationship. Nor does the TAC allege facts supporting apparent authority, as there is no indication that 202 Marine LLC's conduct led Plaintiffs to reasonably believe Niayzov was its agent.

6

Without an agency relationship, 202 Marine LLC cannot be vicariously liable for Niayzov's alleged discriminatory conduct. See *Meyer v. Holley*, 537 U.S. 280, 285-86 (2003) (FHA liability for an agent's actions requires a principal-agent relationship under common-law principles). Accordingly, the claims based on vicarious liability must be dismissed.

## B. THE THIRD AMENDED COMPLAINT FAILS TO ALLEGE DIRECT LIABILITY AGAINST 202 MARINE LLC

The TAC does not allege that 202 Marine LLC directly discriminated against any plaintiff. The only plaintiff connected to 202 Marine Avenue is Roslyn Seale, who alleges that Niayzov failed to show her the unit or offer her an application (TAC ¶¶ 180-198). There are no allegations that 202 Marine LLC itself refused to rent to Seale, made discriminatory statements, or was aware of Niayzov's conduct. The TAC's assertion that 202 Marine LLC "discriminated against Plaintiff Seale because of her race or color" (TAC ¶ 222) is a legal conclusion unsupported by factual allegations. See Iqbal, 556 U.S. at 678.

To state a claim under the FHA, §§ 1981 and 1982, or state and local laws, a plaintiff must allege intentional discrimination or discriminatory effect by the defendant. See *Texas Dep't of Hous. & Cmty. Affairs v. Inclusive Cmtys. Project, Inc.*, 576 U.S. 519, 540 (2015); *Comcast Corp. v. Nat'l Ass'n of African Am.-Owned Media*, 140 S. Ct. 1009, 1019 (2020) (§ 1981 requires but-for causation); *Francis v. Kings Park Manor, Inc.*, 992 F.3d 67, 73 (2d Cir. 2021) (§ 1982). The TAC lacks any such allegations against 202 Marine LLC, as its actions were limited to advertising the unit and permitting Niayzov to show it to one

7

tester, with no indication of racial animus or discriminatory intent. Furthermore, there are no allegations that 202 Marine engaged in the alleged discriminatory conduct with Niayzov, thus Plaintiff complaint fails as a matter of law.

## C. THE THIRD AMENDED COMPLAINT FAILS TO ALLEGE CONSPIRACY OR AIDING AND ABETTING

The TAC's claims that 202 Marine LLC conspired with or aided and abetted Niayzov (TAC ¶¶ 226-227) are equally deficient. Conspiracy requires an agreement to violate the plaintiff's rights, with overt acts in furtherance of that agreement. See *Pangburn v. Culbertson*, 200 F.3d 65, 72 (2d Cir. 1999). Aiding and abetting under New York law requires: (1) a primary violation; (2) the defendant's knowledge of the violation; and (3) substantial assistance in achieving it. See *Kirschner v. KPMG LLP*, 15 N.Y.3d 446, 465 (2010). The TAC alleges no facts showing that 202 Marine LLC agreed to discriminate, knew of Niayzov's alleged discrimination, or provided substantial assistance. The mere act of informing Niayzov of the unit's availability and approving one showing does not constitute an agreement or substantial assistance, especially given 202 Marine LLC's independent advertising efforts and lack of any discriminatory conduct. In fact, 202 Marine did not become aware of Niayzov's alleged discriminatory conduct until the filing of this lawsuit.

## D. STATUTE OF FRAUDS AND PROHIBITION OF DUAL AGENCY

Even if the TAC's agency allegations were sufficiently pleaded, any purported agency relationship between 202 Marine LLC and Niayzov is invalid under New York's

Statute of Frauds and the prohibition on dual agency. The Statute of Frauds, codified in N.Y. Gen. Oblig. Law § 5-701(a)(10), requires that an agreement to act as a real estate broker be in writing and signed by the party to be charged. See *Leist v. Tugendhaft*, 64 A.D.3d 687, 688 (2d Dep't 2009) ("An agent may only bind a party to a real estate contract if authorized to do so in writing… The unwritten apparent authority of an agent is insufficient to satisfy the statute of frauds."). No such written agreement exists between 202 Marine LLC and Niayzov. The generic email to multiple realtors (Exhibit A) does not constitute a signed agency agreement, nor does the Apartments.com listing (Exhibit B) reference Niayzov. The absence of a written agency agreement is dispositive, as Niayzov's actions cannot bind 202 Marine LLC. See *id.*

Furthermore, N.Y. Real Prop. Law § 443(3)(e) prohibits dual agency—where a broker represents both the landlord and tenant—unless both parties provide written consent. The TAC alleges that Niayzov interacted with the white tester and Seale as prospective tenants (TAC ¶¶ 140, 180), suggesting he acted as their agent. If Niayzov were also 202 Marine LLC's agent, this would constitute impermissible dual agency absent written consent from both 202 Marine LLC and the testers. The TAC alleges no such consent, and discovery confirms no agency relationship with 202 Marine LLC. Thus, Niayzov's actions are attributable to the testers, not 202 Marine LLC, further negating liability. See N.Y. Real Prop. Law § 443(3)(e); see also Rivkin v. Century 21 Teran Realty

LLC, 10 N.Y.3d 344, 356 (2008) (dual agency requires explicit written disclosure and consent).

Additionally, N.Y. Real Prop. Law § 443(2) requires a listing agent to provide a disclosure form to the landlord before entering a listing agreement, with a signed acknowledgment. No such document exists, as 202 Marine LLC did not enter a listing agreement with Niayzov. This statutory requirement reinforces that no agency relationship was formed.

## E. DISMISSAL WITH PREJUDICE IS WARRANTED

Dismissal should be with prejudice, as Plaintiffs have already amended their complaint three times (ECF Nos. 1, 28, 63) and have had ample opportunity to plead a viable claim. The discovery showing no agency relationship with Niayzov indicates that further amendment would be futile. See *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (dismissal with prejudice appropriate when amendment cannot cure deficiencies).

## CONCLUSION

For the foregoing reasons, Defendant 202 Marine LLC respectfully requests that the Court dismiss the Third Amended Complaint in its entirety as against 202 Marine LLC, with prejudice, pursuant to Federal Rule of Civil Procedure 12(b)(6). The TAC fails to state a plausible claim under the Fair Housing Act, 42 U.S.C. §§ 1981 and 1982, New York State Human Rights Law, or New York City Human Rights Law. Plaintiffs' allegations of an agency relationship between 202 Marine LLC and Defendant Juda Niayzov are

conclusory and contradicted by discovery, which confirms 202 Marine LLC sent a non-exclusive email to multiple realtors and independently advertised the unit on Apartments.com without engaging Niayzov as an agent. The absence of a written agency agreement, as required by New York's Statute of Frauds (N.Y. Gen. Oblig. Law § 5-701(a)(10)), and the prohibition on dual agency without written consent (N.Y. Real Prop. Law § 443(3)(e)) further invalidate any purported agency. Moreover, the TAC lacks allegations of direct discriminatory conduct or knowledge by 202 Marine LLC, and its conspiracy and aiding and abetting claims are unsupported by facts. Given Plaintiffs' three prior amendments and the futility of further amendment, dismissal with prejudice is warranted. 202 Marine LLC also requests such other and further relief as the Court deems just and proper.

Respectfully submitted,

Sekas Law Group, LLC

*/s/Nicholas G. Sekas*_____
Nicholas G. Sekas, Esq.