**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

------------------------------------------------------------------------- X

FAIR HOUSING JUSTICE CENTER, INC.;　　　:　Case No.: 1:24-cv-04201
PATRICIA DELONE-FELIX; STANLEY　　　　　:
FELIX; BIANCA JONES; and ROSLYN　　　　　:
SEALE,　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　　　*Plaintiffs*,　　　:
　　　　　　　　　　　　　　　　　　　　　:
　　　　　　　　-against-　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　:
JUDA NIAYZOV; ALEVTINA IOFFE;　　　　　:
EXCLUSIVE PROPERTIES REALTY, INC.;　　　:
NDERIM DEMIROVIC; 202 MARINE LLC;　　　:
XUEQIANG ZHENG; YU LI WENG; XIAN　　　:
JIN ZHANG; and REMAX EDGE REALTY,　　　:
LLC,　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　　　*Defendants*.　　　:
------------------------------------------------------------------------- X

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS REMAX EDGE REALTY
AND XIAN JIN ZHANG'S MOTION TO DISMISS THE THIRD AMENDED
COMPLAINT**

**FURMAN KORNFELD & BRENNAN LLP**
*Attorneys for Defendants*
*Womcore LLC d/b/a Remax Edge*
*and Xian Jin Zhang*
 88 Pine St., 32nd Floor
New York, New York 10005
Tel:　　(212) 867-4100
FKB File No.: 302.175

By Counsel:

Spencer A. Richards, Esq.
Asher Kest, Esq.

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ...................................................................................................... ii

INTRODUCTION ................................................................................................................... 1

PRELIMINARY STATEMENT .............................................................................................. 1

FACTUAL BACKGROUND .................................................................................................... 4

    1.  The Owners Engage Remax to Purchase the Property ........................................ 4

    2.  The Owners Seek Renters .................................................................................... 4

PROCEDURAL HISTORY ..................................................................................................... 5

    1.  The Initial Complaint .......................................................................................... 5

    2.  The First Amended Complaint ............................................................................. 6

    3.  The Second Amended Complaint ......................................................................... 6

    4.  Remax's Pre-Motion Conference Letter .............................................................. 6

    5.  Plaintiffs' Third Amended Complaint ................................................................. 7

LEGAL STANDARD .............................................................................................................. 7

    A.  Fed. R. Civ. P. § 12(b)(6) .................................................................................... 7

LEGAL ARGUMENT ............................................................................................................. 9

  I.    THE COMPLAINT UTTERLY FAILS TO PLEAD ANY ASSERTIONS AGAINST REMAX ............................................................................................... 9

  II.   PLAINTIFFS' THIRD AMENDED COMPLAINT FAILS TO STATE A BASIS FOR ANY CAUSE OF ACTION ............................................................ 13

    A.  The Federal Claims: FHA & 42 U.S.C. §§ 1981 and 1982 ............................... 14

    B.  The State Claims: NYSHRL § 296(5)(a)(1) & NYCHRL § 8-107(5)(a)(1) ................... 16

CONCLUSION ...................................................................................................................... 17

## <u>TABLE OF AUTHORITIES</u>

Page

*Ashcroft v. Iqbal,*
 556 U.S. 662 (2009)................................................................................................8,12

*Bell Atl. Corp. v. Twombly,*
550 U.S. 544 (2007)................................................................................................8,12

*Caniglia v. Chicago Trib.-New York News Syndicate, Inc.,*
204 A.D.2d 233 (1st Dept. 1994)................................................................................17

*Citizens United v. Schneiderman,*
882 F.3d 374 (2d Cir. 2018).......................................................................................9

*Cortec Indus., Inc. v. Sum Holding L.P.,*
949 F.2d 42 (2d Cir. 1991).........................................................................................8

*Cosmas v. Hassett,*
886 F.2d 8 (2d Cir. 1989)...........................................................................................8

*D'Cunha v. Northwell Health Sys.,*
2023 WL 2266520 (S.D.N.Y. 2023), *aff'd*, 2023 WL 7986441 (2d Cir. 2023)............11

*De Jesus v. Sears Roebuck & Co.,*
87 F.3d 65 (2d Cir.1996)..........................................................................................8,14

*Easterbrooks v. Schenectady Cnty.,*
218 A.D.3d 969 (3d Dept. 2023) ................................................................................17

*Giraldo v. Kessler,*
694 F.3d 161 (2d Cir. 2012)........................................................................................9

*Godfrey v. Spano,*
13 N.Y.3d 358 (2009) ................................................................................................17

*Hirsch v. Arthur Andersen & Co.,*
72 F.3d 1085 (2d Cir.1995)........................................................................................14

*Hunt v. Enzo Biochem, Inc.,*
530 F. Supp. 2d 580 (S.D.N.Y. 2008).........................................................................14

*In re NYSE Specialists Sec. Litig.,*
503 F.3d 89 (2d Cir.2007)..........................................................................................14

*Kirch v. Liberty Media Corp.,*
449 F.3d 388 (2d Cir. 2006).......................................................................................16

*Koppel v. 4987 Corp.*,
167 F.3d 125 (2d Cir. 1999).................................................................7

*Kuklachev v. Gelfman*,
600 F. Supp. 2d 437 (E.D.N.Y. 2009) ..................................................7

*L. Offs. of Curtis V. Trinko, L.L.P. v. Bell Atl. Corp.*,
309 F.3d 71 (2d Cir. 2002)..............................................................3,14

*Leeds v. Meltz*,
85 F.3d 51 (2d Cir.1996)......................................................................14

*Maas v. Cornell Univ.*,
94 N.Y.2d 87 (1999) ............................................................................17

*May Flower Int'l, Inc. v. Tristar Food Wholesale Co. Inc.*,
2022 WL 4539577 (E.D.N.Y. 2022)....................................................10

*Moreira v. Societe Generale, S.A.*,
125 F.4th 371 (2d Cir. 2025) ...............................................................10

*Munoz-Nagel v. Guess, Inc.*,
2013 WL 1809772 (S.D.N.Y. 2013).................................................10,11

*Negrete v. Citibank, N.A.*,
187 F. Supp. 3d 454 (S.D.N.Y. 2016) *aff'd*, 759 F. Appx. 42 (2d Cir. 2019)..............................10

*New Yorkers for Religious Liberty, Inc. v. New York*,
125 F.4th 319 (2d Cir. 2024) ...............................................................10

*O'Brien v. Di Grazia*,
544 F.2d 543 n.3 (1st Cir. 1976)............................................................8

*Papasan v. Allain*,
478 U.S. 265 (1986)........................................................................14,15

*Pyskaty v. Wide World of Cars, LLC*,
856 F.3d 216 (2d Cir. 2017)..................................................................11

*Salu v. Miranda*,
830 F. App'x 341 (2d Cir. 2020) .......................................................11,13

*Starr v. Sony BMG Music Entm't*,
592 F.3d 314 (2d Cir. 2010)..................................................................12

*SUEZ Water New York Inc. v. E.I. du Pont de Nemours & Co.*,
2023 WL 2601161 (S.D.N.Y. 2023) ........................................................................10

*Swierkiewicz v. Sorema N.A.*,
534 U.S. 506 (2002) ..................................................................................................8

*Williams v. Calderoni*,
2012 WL 691832, at *7 (S.D.N.Y. Mar. 1, 2012) ...................................................12

*Williams v. Schwartz*,
529 F. App'x 89 (2d Cir. 2013) ...............................................................................12

*Yamashita v. Scholastic, Inc.*,
936 F.3d 98 (2d Cir. 2019) ......................................................................................11

## STATUTES

42 U.S.C. § 3601 .......................................................................................................1

42 U.S.C. § 1981 .....................................................................................................1,5

42 U.S.C. § 1982 .....................................................................................................1,5

Fed. R. Civ. P. § 12(b)(6) ................................................................................. *passim*

Fed. R. Civ. P. § 8(a)(2) ...........................................................................................7

NYCHRL § 8-107(5)(a)(1). ....................................................................................1,5

NYSHRL § 296(5)(a)(1) .........................................................................................1,5

## INTRODUCTION

Defendants XIAN JIN ZHANG ("Zhang") and WOMCORE LLC d/b/a REMAX EDGE ("Remax LLC") (collectively, "Remax") submit this Memorandum of Law in support of its motion to dismiss the Complaint[1] of Plaintiffs FAIR HOUSING JUSTICE CENTER, INC. ("Fair Housing Justice Center"), PATRICIA DELONE-FELIX, STANLEY FELIX, BIANCA JONES, and ROSLYN SEALE (collectively, "Plaintiffs") pursuant to Fed. R. Civ. P.  ("FRCP") § 12(b)(6).

## PRELIMINARY STATEMENT

Plaintiffs' Third Amended Complaint (the "Complaint") alleges serious and troubling claims of alleged racial discrimination in access to housing. The Compliant asserts that defendant Juda Niyazov ("Niyazov"), a real estate agent, purportedly discriminated on the basis of race in his interactions with prospective renters, and that Xueqiang Zheng and Yu Li Weng (collectively, the "Owners") discriminated on the basis of race in accepting applicants to an apartment they own located at home located at 581 West Caswell Ave, Staten Island, NY 10314 (the "Property"). Plaintiffs assert causes of action for a violation of the Fair Housing Act, 42 U.S.C. § 3601 et seq. ("FHA"), violations of 42 U.S.C. §§ 1981 and 1982, and violations of New York State Human Rights Law ("NYSHRL") § 296(5)(a)(1) and New York City Human Rights Law ("NYCHRL") § 8-107(5)(a)(1).

While all individuals should have equal access to housing in New York, the Complaint cannot and does not plead any connection by Remax to Niyazov's alleged discriminatory acts. As the Complaint itself must admit, Remax represented the owners for the purchase of the Property only, after which Niyazov was the rental agent. The Complaint cannot plead that Remax ever met, spoke to, or interacted with any prospective renter.

---

[1] *See* Ex. A, Complaint. All Exhibits are annexed to the Declaration of Spencer A. Richards (Richards Aff.).

Thus, in order to try and grasp a claim against Remax in the now-fourth version of the Complaint, Plaintiffs assert a series of increasingly speculative assertions, all of which are improperly pleaded "upon information and belief." Even more so, the allegations consist almost entirely of bald legal conclusions, which are insufficient to survive a motion to dismiss. The Complaint as against Remax must therefore be dismissed.

First, it is well-established that a pleading based entirely "upon information and belief" is improperly pleaded if there is no attendant statement of facts which makes such assertions plausible. The Second Circuit has held over and over that allegations which stated entirely "upon information and belief" are conclusory, cannot be accepted at face value, and must be dismissed. Indeed, the Second Circuit has specifically dismissed racial discrimination claims as insufficiently pleaded and lacking plausibility when the allegations of racial animus and actions thereof are stated wholly "upon information and belief."

Such is the case here, where every allegation concerning Remax's alleged acts and omissions are stated "upon information and belief." Every single assertion concerning Remax—and very noticeably only those paragraphs in the Complaint directed at Remax—are pleaded "upon information and belief." The Complaint therefore consists of such highly speculative, fact-free legal conclusions such as "[u]pon information and belief, Defendant Zhang nevertheless agreed to assist Defendants Zheng and Weng in unlawfully rejecting the application submitted by Plaintiffs Delone-Felix and Felix." *See* Ex A, Complaint, at ¶ 57. The Second Circuit is unambiguous that such conclusory "information and belief" claims do not meet the basic pleading standard required and must be dismissed.

Second, even if Plaintiff were somehow able to assert the highly speculative allegations against Remax without asserting them "upon information and belief," the claims therein are still

insufficient, and readily subject to dismissal. It is uncontroversial that "legal conclusions cast in the form of factual allegations do not suffice to state a claim even at the Rule 12(b)(6) stage." *L. Offs. of Curtis V. Trinko, L.L.P. v. Bell Atl. Corp.*, 309 F.3d 71, 74 (2d Cir. 2002). Indeed, the Second Circuit has consistently held that a court is not bound to accept bland legal conclusions as true at the § 12(b)(6) stage. Even read without the "information and belief" modifier to each paragraph, every assertion against Remax consists of an explicit legal conclusion, rather than a factual assertion upon which a cause of action can be predicated.

The Complaint asserts bare legal conclusions such as the claim that "[u]pon information and belief, Defendant Zhang acted within the scope of his actual and/or apparent authority when he took actions to screen and/or to help screen applications," or "[u]pon information and belief, Defendant Zhang knew that this reason for rejecting the application submitted by Plaintiffs Delone-Felix and Felix violated federal, state, and local law." Such claims are transparent attempts to plead a conclusion of law masquerading as fact, without any other assertions to support the claim. Both federal and state law require the dismissal of their respective claims.

Both the federal and state claims as against Remax are sorely deficient. Each purported fact is *prima facie* subject to dismissal, based on the precedent prohibiting entirely "information and belief pleadings." In addition, the pleadings cannot survive even were they asserted without information and belief. Ultimately, Plaintiffs' fourth bite at the pleading apple is unable to assert any basis for claims against Remax. Therefore, it is respectfully requested that this Court grant the instant motion to dismiss.

## FACTUAL BACKGROUND

### 1. The Owners Engage Remax to Purchase the Property

On or about December 17, 2021, Xueqiang Zheng and Yu Li Weng (collectively, the "Owners") submitted an offer to purchase the Property. *See* Ex. B, Purchase Offer**.** The Owners were represented by Remax for the purchase. *Id*. The sale closed on or around June 15, 2022, concluding Remax and Zhang's representation of the Owners. *Id*.

As the Complaint admits, this was the only professional relationship between the Owners and Remax. *See* Ex. A, Complaint at ¶ 45-46.

### 2. The Owners Seek Renters

According to the Complaint, the Property was listed for rent on *Zillow.com*. *Id.*, at ¶ 26. As alleged in the Complaint, when any and all prospective renters sought information about the Property or a showing from the rental agent, the prospective renters contacted Niyazov about the Property. *Id.*, at ¶¶ 26, 69, 100.

The Complaint asserts that Niayzov consistently and extensively communicated with potential renters (*see* Complaint at ¶¶ 31, 37, 38, 62, 64, 69, 82, 90-97, 100-103, 113, 116, 107, 127-129, 144, 149, 160-165, 168, 170, 171, 173-178, 191); made arrangements for showings with potential renters (¶¶ 27, 28, 70, 72, 74, 102, 108, 109, 129, 182), showed the Property to renters himself (¶¶ 82-90, 111, 130, 145-156, 159, 166, 187-189); provided application documents to prospective renters (¶ 95); accepted and processed applications and related documents from prospective renters (¶ 31-35); informed renters that their applications were denied or approved(¶¶ 61, 175), and acted to provide or refuse opportunities to rent various properties (¶¶ 104, 117-119, 158, 198), among other assertions of agency.

Indeed, over 136 paragraphs, the Complaint alleges in specific detail the purported acts, omissions, and statements by Niyazov on which the instant claims of discrimination are based. Plaintiffs assert, for example: that Niyazov and the Owners rejected Delone-Felix and Felix's application for pretextual reasons (¶ 62-63); that Niyazov told Delone-Felix that they were rejected because they are Black (¶ 64); and that white and Black testers were treated differently when applying for the same apartment, among other racially discriminatory remarks and acts.

Plaintiffs do not allege that Remax interacted with any potential renter at any time.

**PROCEDURAL HISTORY**

1. **The Initial Complaint**

On June 12, 2024, Plaintiffs initiated an action alleging racial discrimination against prospective renters of the Property, asserting violations of the FHA, 42 U.S.C. §§ 1981 and 1982, NYSHRL § 296(5)(a)(1), and NYCHRL § 8-107(5)(a)(1) against Niayzov, Alevtina Ioffe, Exclusive Property Realty, Inc., Amina Ali, Nderim Demirovic, and 202 Marine LLC. *See* ECF Dkt No. 1. Plaintiffs' first version of the pleadings alleged that Niayzov discriminated in seeking renters for the Property, as well as for another property, owned by Demirovic and 202 Marine LLC, which Plaintiffs allege was represented by Niyazov.

The Complaint detailed a series of purported interactions by Niyazov with Plaintiffs Delone-Felix and Felix, and then with undercover "testers," during which specific racially discriminatory comments were made by Niyazov, and wherein rental applicants of different races were treated differently, with specific examples. *Id.*, at ¶ 23-159.

### 2.  **The First Amended Complaint**

On July 23, 2024, Plaintiffs filed their first amended Complaint. *See* ECF Dkt. No. 22, First Amended Complaint. This version of the Complaint alleged the same identical litany of facts as the first, but this time named the Owners as defendants. *Id.*, at ¶ 24-160.

### 3.  **The Second Amended Complaint**

On August 15, 2024, Plaintiffs filed their Second Amended Complaint. *See* ECF Dkt. No. 28, Second Amended Complaint. This version now asserted claims against Remax based on a vague, formulaic assertion that Remax represented the Owners as agents for renting out the Property, as well as a single allegation that that "[u]pon information and belief, Defendant Zhang told Defendant Niayzov, on behalf of Defendants Zheng and Weng, that the owner had rejected the application because the owner had had negative experiences renting to Black tenants in the past." *Id*., at ¶ 44.

Aside from the inclusion of this solitary allegation, this version of the Complaint otherwise again stated the same 136-paragraph factual recitation of discriminatory acts alleged only against Niyazov. *Id.*, at ¶ 26-172.

### 4.  **Remax's Pre-Motion Conference Letter**

On October 23, 2024, Remax filed a pre-motion conference letter seeking dismissal, arguing that even if the sole asserted "fact" were true, it did not give rise to any of the causes of action, and that Remax merely represented the Owners for the purchase of the Property. *See* ECF Dkt. No. 42. Defendant 202 Marine also filed a pre-motion letter. *See* ECF Dkt. No. 35.

The parties appeared before the Court on March 6, 2025 for a pre-motion conference on the respective motions. At the conference, Plaintiffs beseeched this Court for an opportunity to "substantively amend" the Complaint for a third time.

5. **Plaintiffs' Third Amended Complaint**

Although this Court provided Plaintiffs with two weeks, to March 20, 2025, to file a third amended Complaint, Plaintiffs filed their Third Amended Complaint (the "Complaint") only two business days later, on March 10, 2025. *See* Ex A, Complaint. The resultant pleadings—Plaintiffs' fourth bite at the apple—was somehow even more deficiently pleaded than Plaintiffs' prior attempts.

This time, finally cognizant that Remax was not the rental agent for the Owners, Plaintiffs did not plead any allegations against Remax at all, other than the addition of a series of assertions made exclusively "upon information and belief" in the middle of the usual 136-paragraph schedule of assertions against Niyazov. *See* Ex A, Complaint, at ¶ 40-59. Noticeably, each paragraph concerning Remax is pleaded "upon information and belief" and devoid of any factual basis, amounting to nothing more than bald assertions and legal conclusion.

## LEGAL STANDARD

### Fed. R. Civ. P. § 12(b)(6)

FRCP § 12(b)(6) provides, in relevant part, that a party may assert a defense of "failure to state a claim upon which relief can be granted" by way of a motion to dismiss.  In reviewing a Rule 12(b)(6) motion to dismiss, a court must accept as true all well-pleaded allegations of the complaint and view those allegations in the light most favorable to plaintiff. *See Koppel v. 4987 Corp.*, 167 F.3d 125, 130 (2d Cir. 1999).

Ordinarily, a complaint must simply "contain a short and plain statement of the claim showing that the pleader is entitled to relief." FRCP 8(a)(2). However, the allegations in an initiating pleading "must meet the standard of 'plausibility.'" *Kuklachev v. Gelfman*, 600 F. Supp. 2d 437, 455 (E.D.N.Y. 2009). A plaintiff's complaint must contain factual allegations which are

sufficient "to raise a right to relief above the speculative level" and not simply generic labels, broad conclusions, or formulaic recitations of the elements of a cause of action. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). Further, the Court should not credit "[t]hreadbare recitals of the elements of a cause of action" or "mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*, at 678. Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*, at 679.

Although the Supreme Court has held that a complaint should not be dismissed unless there are no set of facts that the plaintiff could prove which would entitle him to relief (*see Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002)), the Court has clarified that this standard should not be taken literally to mean that the court has a duty to "conjure up unpleaded facts." *See Twombly*, 534 U.S. at 556 (quoting *O'Brien v. Di Grazia*, 544 F.2d 543, 546 n.3 (1st Cir. 1976)). The Second Circuit's view is consistent: a party must set forth sufficient facts to allege each element of their claim. *See DeJesus v. Sears Roebuck & Co.*, 87 F.3d 65, 70 (2d Cir. 1996). More specifically, a party must allege facts to demonstrate "more than a sheer possibility that a defendant acted unlawfully." *Ashcroft*, 556 U.S. at 678, citing *Twombly*, 550 U.S. at 556.

For purposes of a motion to dismiss, a complaint is deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference (*see Cosmas v. Hassett*, 886 F.2d 8, 13 (2d Cir. 1989)), as well as documents that the plaintiffs either possessed or knew about and upon which they relied in bringing the suit (*see Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 47-48 (2d Cir. 1991)). Furthermore, when

~8~

deciding a motion to dismiss, the court can take judicial notice of relevant matters of public record. *See Giraldo v. Kessler*, 694 F.3d 161, 164 (2d Cir. 2012).

## LEGAL ARGUMENT

The Third Amended Complaint alleges specific factual assertions that Niyazov, as the rental agent, and possibly others discriminated against prospective renters for the Property on the basis of race. None of these allegations are pleaded "upon information and belief."

By contrast, as the Complaint itself admits, Remax's only formal role was representing the Owners during the original purchase of the Property in 2021, which closed in 2022, prior to the allegations herein regarding any prospective renters. *See* Ex A, Complaint, at ¶ 44. The Complaint admits, as it must, that after the purchase closed, Remax did not represent the Owners as rental agents. *Id.*, at ¶ 45-46.

## POINT I
## THE COMPLAINT UTTERLY FAILS TO PLEAD ANY ASSERTIONS AGAINST REMAX

The Third Amended Complaint is now 39 pages long, numbering 300 paragraphs. While most of the Complaint alleges highly specific acts, interactions, and utterances by other defendants, every single assertion concerning Remax—and very noticeably only those paragraphs—are pleaded "upon information and belief." *See* Ex A, Complaint, at ¶ 40-59.[2] A pleading based entirely on "information and belief" assertions is patently improper. "A plaintiff may plead facts upon information and belief only in limited circumstances. Such pleading is permitted only where "[1] the facts are peculiarly within the possession and control of the defendant or [2] where the belief is based on factual information that makes the inference of culpability plausible." *Citizens United v. Schneiderman*, 882 F.3d 374, 384-85 (2d Cir. 2018).

---

[2] The paragraphs concerning co-defendant 202 Marine, the only other defendant moving to dismiss, are also asserted entirely "upon information and belief."

Thus, the Second Circuit memorably held that Plaintiffs "cannot merely plop 'upon information and belief' in front of a conclusory allegation and thereby render it non-conclusory." *Id.*, at 384. Allegations made on information and belief "must be accompanied by a statement of the facts upon which the belief is founded." *Negrete v. Citibank, N.A.*, 187 F. Supp. 3d 454, 461 (S.D.N.Y. 2016) *aff'd*, 759 F. Appx. 42 (2d Cir. 2019); *see also Munoz-Nagel v. Guess, Inc.*, 2013 WL 1809772 (S.D.N.Y. 2013) (dismissing discrimination claim since "facts alleged upon information and belief…must be accompanied by a statement of the facts upon which the belief is founded."). Here, Plaintiffs' claims against Remax do not contain any such statement[3] of facts upon which their "information and belief" is predicated, since that qualifier is "plopped" in front of every single assertion concerning Remax. *See* Ex A, Complaint, ¶ 40-59.

Indeed, it is uncontroversial in this jurisdiction that without more, wholly "information and belief" pleadings must be dismissed. *See, e.g., May Flower Int'l, Inc. v. Tristar Food Wholesale Co. Inc.*, 2022 WL 4539577, *4 (E.D.N.Y. 2022)("Plaintiff's claims against Wu are dismissed because plaintiff has not adequately pleaded them…The complaint's allegations[…]are made entirely upon information and belief"). The Second Circuit is unambiguous and unerringly consistent on this point. *See Moreira v. Societe Generale, S.A.*, 125 F.4th 371, 395 (2d Cir. 2025) (Dismissing claims where "plaintiffs rely entirely on 'information and belief' pleading to link SocGen's ongoing conduct to" Cuban banks); *New Yorkers for Religious Liberty, Inc. v. New York*, 125 F.4th 319 (2d Cir. 2024)(denying city employees' establishment clause claim against COVID-19 vaccination mandates which alleged legal conclusions and assertions based upon information

---

[3] Instances where a sufficient statement of facts was provided to support information and belief pleadings contain easily identified specifics. *See, e.g., SUEZ Water New York Inc. v. E.I. du Pont de Nemours & Co.*, 2023 WL 2601161 (S.D.N.Y. 2023)(information and belief allegations were "both supported by specific factual allegations (e.g., that Defendants were selling at least one other of their products, Teflon, to industrial manufacturers in SUEZ's watershed) and reflect facts uniquely within the control of Defendants (i.e., their sales patterns)").

and belief pleading of religious accommodation denials); *Yamashita v. Scholastic, Inc.*, 936 F.3d 98 (2d Cir. 2019) (allegations premised on "information and belief" must be supported by specific facts and cannot be accepted at face-value); *Pyskaty v. Wide World of Cars, LLC*, 856 F.3d 216, 226 (2d Cir. 2017) (rejecting plaintiff's allegation "upon information and belief" as "entirely speculative" when the complaint pleaded no further facts);

This well-established pleading requirement is directly applicable to civil rights cases alleging discrimination. In *Salu v. Miranda*, 830 F. App'x 341 (2d Cir. 2020), Plaintiff alleged that "[defendant] Davis, as the Director of Nursing, harbored racial animus and was responsible for Diamond's decision to terminate him." *Id*., at 345. The Second Circuit found that the plaintiff's

> critical allegation regarding Davis's purported decision-making role, however, which is necessary to render his race discrimination claim plausible…has no factual basis to support it, but rather is simply stated in a conclusory fashion based upon "information and belief." As the district court correctly held, these conclusory assertions repeatedly made "upon information and belief" are insufficient to provide a basis to conclude that the race discrimination claim is plausible.

*Id*.; *see also D'Cunha v. Northwell Health Sys.*, 2023 WL 2266520 (S.D.N.Y. 2023), *aff'd*, 2023 WL 7986441 (2d Cir. 2023); *Munoz-Nagel v. Guess, Inc.*, 2013 WL 1809772 (S.D.N.Y. 2013).

The instant Complaint follows exactly this pattern, putting forth entirely speculative allegations that, "upon information and belief," Zhang and Remax "acted within the scope of his actual and/or apparent authority" and "Zhang nevertheless agreed to assist Defendants Zheng and Weng in unlawfully rejecting the application submitted by Plaintiffs Delone-Felix and Felix." *See* Ex A, Complaint, at ¶¶ 53, 57. Such conclusory assertions "upon information and belief" of authority and discrimination are exactly the kind of speculative allegations the Second Circuit has held to be insufficient to provide a plausible basis for racial discrimination claims.

Moreover, it is uncontroversial that pleadings which engage in mere "box-checking" of the elements of a claim, and conclusory statements alleging discrimination, cannot meet the pleading

standard. Racial discrimination claims which "do no more than recite the elements of the relevant claims…are insufficient to state a claim under the standard set forth above from *Twombly* and *Iqbal*." *Williams v. Calderoni*, 2012 WL 691832, at *7 (S.D.N.Y. Mar. 1, 2012*), aff'd sub nom. Williams v. Schwartz*, 529 F. App'x 89 (2d Cir. 2013)(Plaintiff "repeatedly alleges 'on information and belief'…These are not statements of fact; they are conclusory"). Indeed, as is well-known, "entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009)("threadbare recitals of a cause of action's elements, supported by mere conclusory statements" are insufficient… we are not bound to accept as true a legal conclusion couched as a factual allegation"); *Starr v. Sony BMG Music Entm't*, 592 F.3d 314 (2d Cir. 2010)(giving "no effect to legal conclusions couched as factual allegations")

Here, the Complaint engages exclusively in fact-free, legally conclusory assertions against Remax, the likes of which have been rejected as insufficient time and again. For example, the complaint baldly asserts that "Upon information and belief, Defendant Zhang nevertheless agreed to assist Defendants Zheng and Weng in unlawfully rejecting the application submitted by Plaintiffs Delone-Felix and Felix." *See* Ex A, Complaint, at ¶ 57. This underwhelming, rote assertion can only posit a conclusory "threadbare recital" of discrimination. Indeed, it is not a fact at all, but a legal conclusion based on the surmise of "upon information and belief."[4]

The few other paragraphs in the Complaint which attempt to allege discriminatory acts by Remax are similarly formulaic and conclusory, with no factual basis but the "information and belief" which precedes them: "Upon information and belief, Defendant Zhang acted within the scope of his actual and/or apparent authority when he took actions to screen and/or to help screen

---

[4] While not relevant to the legal argument, these baseless allegations are also emphatically denied by Zhang.

applications" (¶ 53); "Upon information and belief, Defendants Zheng and Weng informed Defendant Zhang that they did not want to rent to Plaintiffs Delone-Felix and Felix because they had had negative experiences renting to Black tenants in the past" (¶ 55); "Upon information and belief, Defendant Zhang knew that this reason for rejecting the application submitted by Plaintiffs Delone-Felix and Felix violated federal, state, and local law" (¶ 56). Indeed, these conclusory assertions echo precisely those racial discrimination claims which the Second Circuit has readily dismissed.[5]

It is plainly evident that Plaintiffs' Third Amended Complaint does not meet even the basic pleading standards required to allege a racial discrimination claim, or indeed any cause of action. "[C]onclusory assertions repeatedly made 'upon information and belief' are insufficient to provide a basis to conclude that [a] race discrimination claim is plausible," however, that is all Plaintiffs can proffer as against Remax. *Salu*, 830 F. App'x 341. For that reason, it is respectfully requested that the Court dismiss this action as against Remax.

### POINT II
### PLAINTIFFS' THIRD AMENDED COMPLAINT FAILS TO STATE A BASIS FOR ANY CAUSE OF ACTION

In addition to Plaintiffs' complete failure to allege even one fact or basis for any assertion against Remax that is not improperly asserted "upon information and belief," Plaintiffs' claims are individually deficient as well. Even if Plaintiffs had managed to assert their allegation against Remax without "information and belief" preceding each paragraph, the utter paucity of detail and the bald, conclusory assertions would still disqualify this patently improper Complaint as against Remax.

---

[5] For example, in *Salu*, the Second Circuit directly held that conclusory claims such as "[u]pon information and belief, the racially biased decision-maker was the WMC Director of Nursing, Denise Davis, RN" and "[u]pon information and belief, Director Davis, as a WMC policy-maker and decision-maker, informed Diamond that she did not want [Plaintiff] Salu to continue working at WMC" were insufficient. *Salu*, 830 F. App'x at 346.

**A. The Federal Claims: FHA & 42 U.S.C. §§ 1981 and 1982**

When assessing the legal sufficiency of a complaint, "legal conclusions cast in the form of factual allegations do not suffice to state a claim even at the Rule 12(b)(6) stage." *L. Offs. of Curtis V. Trinko, L.L.P. v. Bell Atl. Corp.*, 309 F.3d 71, 74 (2d Cir. 2002) (citing 5A Charles Alan Wright *et al., Federal Practice and Procedure* § 1357 (2d ed. 1990)). "[B]ald assertions and conclusions of law will not suffice" to defeat a motion to dismiss. *Leeds v. Meltz*, 85 F.3d 51, 53 (2d Cir.1996). In fact, "a court need not accord legal conclusions, deductions or opinions couched as factual allegations...a presumption of truthfulness." *Hunt v. Enzo Biochem, Inc.*, 530 F. Supp. 2d 580, 591 (S.D.N.Y. 2008) (quoting *In re NYSE Specialists Sec. Litig.,* 503 F.3d 89, 95 (2d Cir.2007)).

Thus, "conclusory allegations of the legal status of a defendant's acts need not be accepted as true for purposes of ruling on a motion to dismiss." *Hirsch v. Arthur Andersen & Co.,* 72 F.3d 1085 (2d Cir.1995); *see also Papasan v. Allain,* 478 U.S. 265 (1986) ("Although for the purposes of [a] motion to dismiss we must take all the factual allegations in the complaint as true, we are not bound to accept as true a legal conclusion couched as a factual allegation."); *De Jesus v. Sears Roebuck & Co.,* 87 F.3d 65, 70 (2d Cir.1996) (holding that a complaint consisting of merely conclusory allegations unsupported by factual assertions cannot meet the liberal requirements of Fed.R.Civ.P. 12(b)(6)).

Here, even if the instant Complaint is read without the disqualifying, incessant "upon information and belief," none of Plaintiffs' assertions can meet the basic, well-established pleading standard. Each of Plaintiffs' allegations read as an explicit legal conclusion, rather than a factual assertion upon which a cause of action can be predicated. As discussed in Point I, *supra*, the Complaint resorts to blatantly obvious legal conclusions, such as the examplar "[u]pon information and belief, Defendant Zhang nevertheless agreed to assist Defendants Zheng and Weng in

unlawfully rejecting the application submitted by Plaintiffs Delone-Felix and Felix. *See* Ex A, Complaint at ¶ 57. This assertion is a textbook example of a "legal conclusion couched as a factual allegation." *Papasan*, 478 U.S. at 286. Similarly, the claim that "[u]pon information and belief, Defendant Zhang acted within the scope of his actual and/or apparent authority when he took actions to screen and/or to help screen applications" (¶ 53) is a comically obvious attempt to make a fact-less legal conclusion that Remax is somehow responsible for decisions for a rental property that the Complaint itself acknowledges Remax neither owned, operated, managed, nor represented. The Complaint cannot and does not tie Remax to the Property, to the renters discriminated against, nor to any decision-making capacity, aside from such bald conclusions of law. Indeed, it would be profoundly odd for a party that does not own, operate, nor manage the Property to make or review any rental decisions about it in the first place; the Complaint cannot and does not plead otherwise.

The rest of Plaintiffs' accusations fare no better. Assertions such as: "Upon information and belief, Defendant Zhang was aware that Plaintiffs Delone-Felix and Felix were the first applicants for the available unit at 581 West Caswell Avenue and that they were well qualified" (¶ 54); "Upon information and belief, Defendants Zheng and Weng informed Defendant Zhang that they did not want to rent to Plaintiffs Delone-Felix and Felix because they had had negative experiences renting to Black tenants in the past" (¶ 55); "Upon information and belief, Defendant Zhang knew that this reason for rejecting the application submitted by Plaintiffs Delone-Felix and Felix violated federal, state, and local law" (¶ 56); "Upon information and belief, Defendant Zhang nevertheless agreed to assist Defendants Zheng and Weng in unlawfully rejecting the application submitted by Plaintiffs Delone-Felix and Felix." (¶ 57): "[u]pon information and belief…Defendant Zhang informed Defendant Niayzov that Defendant Zheng and Weng had rejected the application submitted by Plaintiffs Delone-Felix and Felix because Defendant Zheng

and Weng had had negative experiences renting to Black tenants in the past" (¶ 59) are all devoid of any substance, aside from "[c]onclusory allegations or legal conclusions masquerading as facts." *Kirch v. Liberty Media Corp.*, 449 F.3d 388, 398 (2d Cir. 2006).

Racial discrimination is a particularly heinous and insidious harm, which is all the more reason why such allegations should be treated seriously. Yet, Plaintiffs' own Complaint admits that Remax's professional relationship with the Owners was exclusively for the purchase of the Property, and that Remax declined to act as the Owners' rental agent thereafter. *See* Ex. A, Complaint at ¶ 45-46. Indeed, it is undisputed that Remax never interacted with any prospective renter and that Remax did not own, operate, or manage the Property. There is nothing left for Plaintiffs to allege, and nothing to connect them to Niayzov's purported discrimination, aside from half-hearted, blithely obvious bald legal conclusions against Remax, which never should have been included in this action to begin with. Plaintiffs' now-fourth try at a Complaint, as against Remax, has instead become a pleading game and a distraction from any actual discrimination that may have occurred.

"Conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to defeat a motion to dismiss." *Kirch*, 449 F.3d at 398. As is readily apparent, unfounded legal conclusions are all Plaintiffs have alleged in support of the misguided claims against Remax.

**B. The State Claims: NYSHRL § 296(5)(a)(1) & NYCHRL § 8-107(5)(a)(1)**

Plaintiffs' state claims, predicated on the same insufficient and bald legal conclusions as discussed above, must be dismissed for the same reasons. Like Federal Courts, New York state Courts have dismissed such claims time and again.

It is well established that "[a]lthough on a motion to dismiss plaintiffs' allegations are presumed to be true and accorded every favorable inference, conclusory allegations—claims

consisting of bare legal conclusions with no factual specificity—are insufficient to survive a motion to dismiss." *Godfrey v. Spano*, 13 N.Y.3d 358, 373 (2009) (dismissing lawsuit which asserted that states recognizing out-of-state same-sex marriages for purposes of public employee health insurance coverage and other benefits constituted improper disbursement of public funds). *See also Maas v. Cornell Univ.*, 94 N.Y.2d 87 (1999) ("allegations consisting of bare legal conclusions…are not entitled to any such consideration, nor to that arguendo advantage"); *Caniglia v. Chicago Trib.-New York News Syndicate, Inc.*, 204 A.D.2d 233 (1st Dept. 1994); 6A Carmody-Wait 2d § 38:55 – *Effect of conclusory allegations on motion to dismiss for failure to state cause of action*. Indeed, "[w]hether a plaintiff can ultimately establish its allegations is not part of the calculus in determining a motion to dismiss." *Easterbrooks v. Schenectady Cnty.*, 218 A.D.3d 969 (3d Dept. 2023).

As discussed in Point II(A), *supra*, the instant claims as against Remax consist of nothing but bare legal conclusions. For the same reasons as the federal claims, the state claims must be dismissed.

## **CONCLUSION**

For the foregoing reasons, Defendants respectfully request that the instant action be dismissed in its entirety, with such other and further relief as this Court deems just and proper.

Dated: New York, New York
       April 23, 2025

FURMAN KORNFELD & BRENNAN LLP

By:    _/s/ Spencer A. Richards_____
       Spencer A. Richards, Esq.
       Asher Kest, Esq.
       *Attorneys for Defendants*
       *Womcore LLC d/b/a Remax Edge*
       *and Xian Jin Zhang*
       88 Pine St., 32nd Floor

~17~

New York, New York 10005
Tel:     (212) 867-4100
FKB File No.: 302.175