**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------------- X

FAIR HOUSING JUSTICE CENTER, INC.;       :   Case No.: 1:24-cv-04201
PATRICIA DELONE-FELIX; STANLEY            :
FELIX; BIANCA JONES; and ROSLYN           :
SEALE,                                    :
                                          :
                    *Plaintiffs*,         :
                                          :
          -against-                       :
                                          :
JUDA NIAYZOV; ALEVTINA IOFFE;             :
EXCLUSIVE PROPERTIES REALTY, INC.;        :
NDERIM DEMIROVIC; 202 MARINE LLC;         :
XUEQIANG ZHENG; YU LI WENG; XIAN          :
JIN ZHANG; and REMAX EDGE REALTY,         :
LLC,                                      :
                                          :
                    *Defendants*.         :

-------------------------------------------------------------------------- X


**REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS REMAX EDGE
REALTY AND XIAN JIN ZHANG'S MOTION TO DISMISS THE THIRD AMENDED
COMPLAINT**


                    **FURMAN KORNFELD & BRENNAN LLP**
                    *Attorneys for Defendants*
                    *Womcore LLC d/b/a Remax Edge*
                    *and Xian Jin Zhang*
                     88 Pine St., 32nd Floor
                    New York, New York 10005
                    Tel:     (212) 867-4100
                    FKB File No.: 302.175


By Counsel:

Spencer A. Richards, Esq.
Asher Kest, Esq.

# <u>TABLE OF CONTENTS</u>                                      Page

TABLE OF AUTHORITIES ...................................................................................... ii

PRELIMINARY STATEMENT ................................................................................1

LEGAL ARGUMENT...............................................................................................1

   I.    PLAINTIFFS' OPPOSITION CANNOT REHABILITATE THE COMPLAINT ............1

     A.  Plaintiffs cannot Rebut that total Information and Belief Assertions are Deficient ...........1

     B.  Plaintiffs cannot Rebut that the Complaint's Allegations are Conclusory and Deficient....5

     C.  The Opposition Contains Numerous Inappropriate and Irrelevant Assertions Against Counsel, Including a Bizarre Threat to Seek Sanctions........................................................6

  II.    THE OPPOSITION IMPROPERLY INTERPOSES NEW ALLEGATIONS AND DOCUMENTS OUTSIDE OF THE FOUR CORNERS OF THE COMPLAINT ............7

     A.  The Opposition Cannot Refer to Documents Outside of the Complaint .............................7

     B.  The Opposition's New Assertions are Unsupported and Even Directly Contradict those in the Complaint.......................................................................................................................8

     C.  Plaintiffs' Request to Convert the Instant Motion to Summary Judgment is Improper ......9

 III.    PLAINTIFFS' REQUEST TO AMEND YET AGAIN SHOULD BE DENIED ..............9

CONCLUSION ........................................................................................................11

## <u>TABLE OF AUTHORITIES</u>

Page

*Arista Recs., LLC v. Doe 3*,
604 F.3d 110 (2d Cir. 2010)........................................................................................2,4

*Brooks v. Mentor Worldwide LLC*,
985 F.3d 1272 (10th Cir.2021) ......................................................................................10

*cf. Kader v. Sarepta Therapeutics, Inc.*,
887 F.3d 48 (1st Cir. 2018)............................................................................................10

*Chambers v. Time Warner, Inc.*,
282 F.3d 147 (2d Cir. 2002)............................................................................................9

*Clopay Plastic Prods. Co., Inc. v. Excelsior Packaging Grp., Inc.*,
2013 WL 6388444 (S.D.N.Y. 2013)................................................................................7

*Confederate Mem'l Assoc. v. Hines*,
995 F.2d 295 (D.C.Cir.1993) .........................................................................................10

*Copeland ex rel. NBTY, Inc. v. Rudolph*,
160 F. App'x 56 (2d Cir. 2005) .......................................................................................9

*Denny v. Barber*,
576 F.2d 465 (2d Cir. 1978)...........................................................................................10

*DiFolco v. MSNBC Cable L.L.C.*,
622 F.3d 104 (2d Cir. 2010).............................................................................................7

*Dou v. TD Bank N.A.*,
2024 WL 4252500 (S.D.N.Y. 2024).................................................................................4

*Gurary v. Winehouse*,
235 F.3d 792 (2d Cir.2000)..............................................................................................9

*Harris v. Westchester Cnty. Med. Ctr.*,
2011 WL 2637429 (S.D.N.Y. 2011)...............................................................................10

*In re G. & A. Books, Inc.*,
770 F.2d 288 (2d Cir.1985)..............................................................................................9

*Installed Bldg. Prods., LLC v. Cottrell*,
2014 WL 3729369 (W.D.N.Y. 2014) ...............................................................................4

*Kirch v. Liberty Media Corp.*,
449 F.3d 388 (2d Cir. 2006)..................................................................................5

*L. Offs. of Curtis V. Trinko, L.L.P. v. Bell Atl. Corp.*,
309 F.3d 71 (2d Cir. 2002)....................................................................................5

*Leeds v. Meltz*,
85 F.3d 51 (2d Cir.1996).......................................................................................6

*Murray v. United Parcels Serv., Inc.*,
2022 WL 4468295 (E.D.N.Y. 2022)...................................................................2,3

*Pension Ben. Guar. Corp. ex rel. St. Vincent Cath. Med. Centers Ret. Plan v. Morgan Stanley Inv. Mgmt. Inc.*,
712 F.3d 705 (2d Cir. 2013)..................................................................................6

*Pyskaty v. Wide World of Cars, LLC*,
856 F.3d 216 (2d Cir. 2017)..................................................................................9

*Salu v. Miranda*,
830 F. App'x 341 (2d Cir. 2020) ...........................................................................6

*Sanders v. Grenadier Realty, Inc.*,
367 F. App'x 173 (2d Cir. 2010) ...........................................................................3

*Speedfit LLC v. Chapco Inc.*,
2016 WL 5793738, (E.D.N.Y. 2016)....................................................................3

*Tenecora v. Ba-Kal Rest. Corp.*,
2021 WL 424364 (E.D.N.Y. 2021)........................................................................4

*Treppel v. Biovail Corp.*,
2005 WL 2086339 (S.D.N.Y. 2005).....................................................................10

*Vista Food Exch., Inc. v. Champion Foodservice, LLC*,
124 F. Supp. 3d 301, 310 (S.D.N.Y. 2015)...........................................................4

*Williams v. Calderoni*,
2012 WL 691832 (S.D.N.Y. 2012) ......................................................................10

*Williams v. Schwartz*,
529 F. App'x 89 (2d Cir. 2013) ...........................................................................10

*Zucco Partners v. Digimarc Corp.*,
552 F.3d 981, 1007 (9th Cir.2009) ......................................................................10

# **STATUTES**

Rule 12(b)(6) ......................................................................................................................5,7

## PRELIMINARY STATEMENT

Remax[1] submits this Reply Memorandum of Law in support of its motion to dismiss (the "Motion") the Third Amended Complaint. The Motion pointed out that the Complaint's assertions as against Remax are alleged entirely upon information and belief, and consist only of legal conclusions and speculation, and referred to the substantial, consistent precedent in this Circuit that such pleadings are unsustainable. Plaintiffs' opposition (the "Opposition") fails to distinguish even a single case cited in the Motion. Instead, the Opposition's 25 pages consist almost entirely of a stream of improper arguments and unfounded new allegations.

It will not surprise the Court that Remax disputes these characterizations as misrepresentative and self-serving. Regardless, they are irrelevant; the argument properly brought before this Court is insufficiency of Plaintiff's fourth version of the Complaint. As the Motion's unrebutted precedent demonstrates, the Complaint is insufficiently pleaded and must be dismissed.

## LEGAL ARGUMENT
## I. PLAINTIFFS' OPPOSITION CANNOT REHABILITATE THE COMPLAINT

### A. Plaintiffs cannot Rebut that total Information and Belief Assertions are Deficient

As discussed at length in the Motion, it is well-established that a Complaint based entirely "upon information and belief" is improperly pleaded if there is no attendant statement of facts which makes such assertions plausible. The substantial, overwhelming precedent in the Second Circuit is that allegations stated entirely "upon information and belief" are conclusory, cannot be accepted at face value, and must be dismissed. *See* Motion at pp. 9-13. Indeed, the Second Circuit has pointedly applied this principle to civil rights claims of racial discrimination when the allegations of racial animus, decision making capacity, and actions taken are stated wholly upon information and belief. *See* Motion at p. 11.

---

[1] All terms defined in Remax's moving papers are incorporated by reference herein.

In response to this ample, uncontroversial precedent, the Opposition does not bother to address or attempt to distinguish even a single citation referenced in the Motion. The Opposition only cursorily addresses this principle altogether, providing highly abbreviated quotes or descriptions of decisions which do not support Plaintiffs' arguments. Not only are the Opposition's citations easily distinguished, but many undermine the Opposition's arguments altogether.

The Opposition's reference to *Arista Recs., LLC v. Doe 3*, 604 F.3d 110 (2d Cir. 2010) is misguided. The *Arista* Court did not address a case where all of Plaintiff's allegations were asserted upon information and belief; instead, only one paragraph of the pleaded assertions was in dispute, and exhibits included with the Complaint were sufficient to provide a basis. Contrary to Plaintiffs' carefully selected snippet, the Second Circuit found only that "[t]o the extent that ¶ 22's allegations are made on information and belief, virtually all of them are supported by factual assertions in Exhibit A [to the Complaint]." *Id.*, at 121.[2] The stark contrast with *Arista* demonstrates the deficiency here: unlike *Arista*, the Complaint here is pleaded entirely upon information and belief, lacks any other specified factual assertions, and contains no other basis for plausibility.

Similarly, in *Murray v. United Parcels Serv., Inc.*, 2022 WL 4468295 (E.D.N.Y. 2022), the District Court specifically held that "[a]lthough Plaintiffs have styled many of their allegations in the SAC upon 'information and belief' they have provided factual information in the SAC and accompanying exhibits to support these allegations." *Id.*, at *10. Moreover, the *Murray* Plaintiffs pleaded to things "Plaintiffs experienced or witnessed first-hand, [although] the corroborating evidence is in the sole possession of [Defendants]." *Id.*, at *9.

---

[2] Other facts pleaded gave ample basis to accept the information and belief pleadings in *Arista*: "[the Complaint] makes assertions as to [Defendant] Doe 3 and could hardly be more specific. It specifies that at "IP Address[ ] 169.226.226.24" at 2:15:57 a.m. on April 12, 2007, the "P2P Network[ ] AresWarez" was in use (emphases in original); that a total of 236 audio files were present in a file-sharing folder at that IP address at that time; and that among those files were the following songs… Given the factual detail in the Complaint and its Exhibit, plaintiffs' pleading plainly states copyright infringement claims that are plausible." *Arista*, 604 F.3d at 122.

*Murray* helpfully illustrates the strict stance against wholly information and belief pleadings, citing to precedent that: "although a plaintiff may do so [plead facts upon information and belief] where the facts are peculiarly within the possession and control of the defendant…<u>such allegations must be accompanied by a statement of the facts upon which the belief is founded</u>" (*9); "a complaint may contain information and belief pleading and still be sufficient under Iqbal/Twombly <u>when the belief is based on factual information</u>" (*10); "[p]leading on information and belief is…expedient when matters that are necessary to complete the statement of a claim are not within the knowledge of the plaintiff <u>but he has sufficient data to justify interposing an allegation</u> on the subject." (*9)(emphasis added)(internal quotations and citations omitted).

As if designed specifically to belie the Opposition which refers to it, *Murray* even cites to *Sanders v. Grenadier Realty, Inc.*, 367 F. App'x 173 (2d Cir. 2010) (affirming dismissal of discrimination claim under Fair Housing Act for failure to state a claim where plaintiffs alleged racial animus based on facts pled on information and belief and "plaintiffs allege[d] no basis for the 'information and belief' on which their assertion" was based).

The Opposition also appears to completely misread *Speedfit LLC v. Chapco Inc.*, 2016 WL 5793738, (E.D.N.Y. 2016). The court there dismissed a breach of fiduciary duty claim and an assertion of individual liability due to information and belief pleadings, holding that "[f]acts concerning the negotiations surrounding the execution of the agreements are not alleged, and the Court declines to consider the facts pleaded 'upon information and belief.'" *Id.*, at *5. The court in *Speedfit* only permitted information and belief pleading for a single element of a single claim, finding that "the parties dispute only whether the third element of a breach of contract claim—the breach—is sufficiently pleaded." *Id.*, at *7. The court further noted the non-disclosure agreement attached to the Complaint provided a specific basis for claims of a breach. *Id.*

The Opposition's other citations fare just as poorly: in *Dou v. TD Bank N.A.*, 2024 WL 4252500 (S.D.N.Y. 2024), plaintiffs pleaded five different causes of action, one of which alleged three separate breaches of an escrow agreement, and only one of those was stated upon information and belief. *Id.*, at *7. Moreover, plaintiffs' funds had been missing for eight years, such that belief was based on "factual information that makes the inference of culpability plausible." *Id.*; in *Installed Bldg. Prods., LLC v. Cottrell*, 2014 WL 3729369 (W.D.N.Y. 2014), the court disregarded the information belief pleadings altogether, and found that the only assertion that was not pleaded on information and belief was enough to create an issue of fact since enforceability a non-compete agreement was at issue, which typically "requires a fact-intensive analysis that the Court cannot conduct on the current record." *Id.*, at *1; the claims in *Tenecora v. Ba-Kal Rest. Corp.*, 2021 WL 424364 (E.D.N.Y. 2021) were permitted because the victims of discrimination pleaded to experiencing firsthand a pervasive barrage of racial insults; only if other non-minority employees also had wages withheld was pleaded on information and belief.

The Opposition very briefly avers that a Plaintiff may plead upon information and belief where purported facts are peculiarly within the possession and control of a defendant, or where the belief is based on factual information that makes the inference of culpability plausible. The Opposition's brevity fails to take note of what is required for such exceptions, however: a plaintiff may plead "upon information and belief where the facts are peculiarly within the possession and control of the defendant, or where the belief is based on factual information that makes the inference of culpability possible. However, such allegations must be accompanied by a statement of the facts upon which the belief is founded." *Vista Food Exch., Inc. v. Champion Foodservice, LLC*, 124 F. Supp. 3d 301, 310 (S.D.N.Y. 2015) (*citing Arista*, 604 F.3d 110) (emphasis added).

The cases distinguished herein comprise the entirety of the Oppositions' cited support. Not

a single case cited by the Opposition provides a basis for wholly information and belief pleadings. Every case cited in both the Motion and the Opposition readily demonstrates information and belief pleadings require an additional statement of facts. By contrast, the instant Complaint does not plead any statement of facts giving rise to Plaintiffs' "belief" whatsoever.[3]

**B. Plaintiffs cannot rebut that the Complaint's Allegations are Conclusory and Deficient**

The Opposition also fails to address the argument in the Motion that even absent "upon information and belief" that precedes all of the Complaint's assertions concerning Remax, the Complaint is still insufficiently stated, since the allegations therein are all substance-free, bald legal conclusions. Once again, the Opposition oddly does not even attempt to distinguish a single decision from the ample precedent cited in the Motion. *See* Motion at pp. 14-17.

Even more astounding is the Opposition's assertion that "Defendants do not point to any specific allegation that they claim is conclusory." *See* Opp. at p. 21. The Opposition overlooks the Motion's specific elucidation of the Complaint's "[c]onclusory allegations or legal conclusions masquerading as factual conclusions." *Kirch v. Liberty Media Corp.*, 449 F.3d 388, 398 (2d Cir. 2006). Pages 15-17 of the Motion painstakingly point out that every single one of the Complaint's allegations which could comprise even the smallest part of any claim are merely "legal conclusions cast in the form of factual allegations do not suffice to state a claim even at the Rule 12(b)(6) stage." *L. Offs. of Curtis V. Trinko, L.L.P. v. Bell Atl. Corp.*, 309 F.3d 71, 74 (2d Cir. 2002).

For example, the Motion specifically points to such legally conclusory assertions such as "[u]pon information and belief, Defendant Zhang nevertheless agreed to assist Defendants Zheng and Weng in unlawfully rejecting the application submitted by Plaintiffs" (¶ 57) as a textbook example of an impermissible, fact-free allegation; allegations that "[u]pon information and belief,

---

[3] The impropriety of wholly information and belief pleadings is demonstrated in Point III(B), *infra*. The assertions in the Complaint are completely contradicted by Plaintiff's attempted new allegations.

Defendant Zhang acted within the scope of his actual and/or apparent authority when he took actions to screen and/or to help screen applications" (¶ 53) are exactly the type of assertions the Second Circuit has explicitly dismissed. *See Salu v. Miranda*, 830 F. App'x 341 (2d Cir. 2020).

The Opposition cites to *Pension Ben. Guar. Corp. ex rel. St. Vincent Cath. Med. Centers Ret. Plan v. Morgan Stanley Inv. Mgmt. Inc.*, 712 F.3d 705 (2d Cir. 2013), where the Second Circuit warned: "[c]onclusory allegations in a complaint, if they stand alone, are a danger sign that the plaintiff is engaged in a fishing expedition." *Id.*, at 719. That is exactly the case here, where Plaintiffs have pleaded only "bald assertions and conclusions of law [which] will not suffice" to defeat a motion to dismiss. *Leeds v. Meltz*, 85 F.3d 51, 53 (2d Cir.1996).

### C. The Opposition Contains Numerous Inappropriate and Irrelevant Assertions Against Counsel, Including a Bizarre Threat to Seek Sanctions

In addition to the Opposition's odd failure to address arguments in the Motion, Plaintiffs also appear to have misread their own Complaint. The Opposition argues that Remax's counsel should be sanctioned for contentions in the Motion, ignoring completely that they are based on the assertions in Plaintiffs' very own Complaint, which is directly cited.

The Opposition cites to the Motion, and contends that the lines "Niyazov was the rental agent" and that the sale of the property "was the only professional relationship between the Owners" and Zhang" merit sanctions. *See* Opp., at p. 16. But these are cited directly from the Complaint itself. The Complaint alleges over and over that Niayzov communicated with potential renters, made arrangements for showings with potential renters, showed the Property to renters, and accepted and processed applications from prospective renters. *See* Ex. A, Complaint at ¶¶ 27-38, 60-198. The Complaint alleges outright that "Niayzov held himself out to the public as an authorized agent on behalf of the property owners detailed herein…to offer for rent." *Id.*, at ¶ 17.

Similarly, the Motion cites directly to the Complaint which explicitly admits that Zhang

represented the owners for the purchase of the Property, and declined to act as the rental agent. *See* Ex. A, Complaint at ¶ 45-46. Thus, as stated by the Complaint itself, the only "professional relationship" with the Owners with respect to the Property was concerning the sale.

It is truly bizarre and particularly unbecoming for Plaintiffs to seek sanctions against opposing counsel for assertions which cite to and rely on Plaintiffs' own Complaint.

## II. THE OPPOSITION IMPROPERLY INTERPOSES NEW ALLEGATIONS AND DOCUMENTS OUTSIDE OF THE FOUR CORNERS OF THE COMPLAINT

### A. The Opposition Cannot Refer to Documents Outside of the Complaint

The Opposition attempts to retrofit a cause of action out of discovery produced in this action. As every lawyer knows, however, documents outside the four corners of the Complaint are not considered to determine whether a Complaint is sufficiently pleaded. "In considering a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), a district court may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint." *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010). The Opposition nonetheless plods ahead, contending without basis that this Court should consider documents well outside the bounds of the Complaint.

The Opposition does not offer any authority which supports this plainly improper argument, and instead points to three cases which do not provide any such guidance whatsoever. In one particularly misrepresentative example, the Opposition argues that there "there is no concern of lack of notice to the plaintiff, the typical basis for excluding documents outside the pleadings," citing to *Clopay Plastic Prods. Co., Inc. v. Excelsior Packaging Grp., Inc.*, 2013 WL 6388444 (S.D.N.Y. 2013). *See* Opp., at p. 22. But *Clopay* held that defendants' motion to dismiss may rely on documents outside the pleadings if they were integral to the Complaint – a principle utterly unrelated to the Opposition's contention here.

**B. The Opposition's New Assertions are Unsupported and Even Directly Contradict those in the Complaint**

Although the Opposition's unsupported attempt to assert new documents well outside the four corners of the Complaint is totally improper, it bears noting that these documents do not even support the Opposition's newfound accusations. Even more so, the Opposition's new allegations directly contradict those pleaded in the Complaint, demonstrating exactly why the Complaint's conclusory "information and belief" pleadings are deficient.

Among the many bewildering new assertions which do not appear to be connected in any way to the referenced discovery, the Opposition now alleges that Niyazov emailed Plaintiffs' application materials to Zhang, and "Zhang never forwarded Plaintiffs' application materials" to the owners. *See* Opp., at p. 14-15. Plaintiffs provide no citation or basis whatsoever for this new assertion, either in the Opposition or the discovery; it is seemingly pulled from thin air.

Moreover, this allegation contradicts Plaintiffs' own "information and belief" assertions in the Complaint. The Complaint asserts that the Owners "informed Defendant Zhang that they did not want to rent to Plaintiffs Delone-Felix and Felix" (¶55), and "Zhang nevertheless agreed to assist Defendants Zheng and Weng in unlawfully rejecting the application submitted by Plaintiffs Delone-Felix and Felix" (¶ 57). Now, the Opposition turns around and baselessly asserts the opposite, claiming that Zhang never sent the Owners the application in the first place. Which is it? Plaintiffs cannot simultaneously argue that the Owners rejected Plaintiffs' application, and that Zhang did not even forward it. Plaintiffs seem uncertain of what story they even want to allege; it appears to be whichever set of unfounded accusations are convenient in that moment. The Complaint and Opposition are a complete mess of conflicting unfounded assertions, baseless conclusory allegations, and unsupported "information and belief" inventions.

The contradictory assertions here are precisely why "information and belief" pleadings,

without more, are disfavored; without specific facts to support them, such pleadings are "entirely speculative" and unfounded. *Pyskaty v. Wide World of Cars, LLC*, 856 F.3d 216 (2d Cir. 2017). [4]

### C. Plaintiffs' Request to Convert the Instant Motion to Summary Judgment is Improper

The Opposition weakly argues that the instant Motion should be converted to a motion for summary judgment since it relies on documents outside the pleadings, but the only document included with the Motion was the Purchase Offer. *See* Ex. B. As even a cursory reading of the Motion demonstrates, Remax does not "rely" on this document at all; while the Purchase Offer adds color, it is irrelevant to the Motion's arguments. Further, this information was obviously already known to Plaintiffs, since they pleaded it in the Complaint. *See Chambers v. Time Warner, Inc.*, 282 F.3d 147 (2d Cir. 2002). Moreover, such conversion would be particularly inequitable here, where the issues concern pleading deficiencies rather than factual disputes.[5]

## III. PLAINTIFFS' REQUEST TO AMEND YET AGAIN SHOULD BE DENIED

Plaintiffs' fourth attempt at a Complaint has not pleaded a sufficient claim as against Remax, and now Plaintiffs seek yet another opportunity to allege an entire new slate of claims and assertions, even though they contradict the instant Complaint, as discussed in Part III(B), *supra*.

As an initial matter, Plaintiffs have not moved to amend, though the Opposition blithely assumes that they are nonetheless entitled to unlimited opportunities to do so. "It is within the [district] court's discretion to deny leave to amend implicitly by not addressing the request when leave is requested informally in a brief filed in opposition to a motion to dismiss." *Copeland ex rel. NBTY, Inc. v. Rudolph*, 160 F. App'x 56, 59 (2d Cir. 2005); *see also Gurary v. Winehouse*, 235

---

[4] There is good reason for Plaintiff's confusion; it is clear that the exclusive basis of discrimination claims here are the highly specific alleged words and acts of Niyazov; Plaintiffs nonetheless insist on naming as defendants any person or entity within six degrees of Niyazov, however tangential they may be. Notably, none of the text messages improperly referenced show Zhang accepting or rejecting any application whatsoever.

[5] *See In re G. & A. Books, Inc.,* 770 F.2d 288, 295 (2d Cir.1985) ("The essential inquiry is whether the appellant should reasonably have recognized the possibility that the motion might be converted into one for summary judgment or was taken by surprise and deprived of a reasonable opportunity to meet facts outside the pleadings").

F.3d 792 (2d Cir.2000) (district court did not abuse discretion by implicitly denying plaintiff's request for leave to amend cure to a deficiency in an affidavit in opposition to the motion to dismiss); *Confederate Mem'l Assoc. v. Hines*, 995 F.2d 295, 299 (D.C.Cir.1993) (denying leave to amend where plaintiffs made a "bare request in an opposition to a motion to dismiss" was not an abuse of discretion). "[B]are requests for leave to amend do not rise to the status of a motion and do not put the issue before the district court. Such shot[s] in the dark do not request an order contemplated under the rules…A court need not grant leave to amend when a party fails to file a formal motion." *Brooks v. Mentor Worldwide LLC*, 985 F.3d 1272, 1283 (10th Cir.2021).

In any event, Plaintiffs have already amended three times, and still have not yet managed to state a claim as against Remax. While leave to amend is often freely granted, Plaintiffs do not have *carte blanche* to "throw darts" until they eventually hit upon a claim. *See, e.g.*, *Zucco Partners v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir.2009) (a Court has particularly broad discretion to deny leave to amend if a plaintiff has previously been granted leave and did not add required particularity to its claim). Courts are well justified in refusing leave to amend when Plaintiffs have already been given multiple opportunities. *See Williams v. Calderoni*, 2012 WL 691832 (S.D.N.Y. 2012), *aff'd sub nom. Williams v. Schwartz*, 529 F. App'x 89 (2d Cir. 2013); *Harris v. Westchester Cnty. Med. Ctr.*, 2011 WL 2637429, at *4 (S.D.N.Y. 2011); *Treppel v. Biovail Corp.*, 2005 WL 2086339, at *12 (S.D.N.Y. 2005) ("[T]he Court finds that leave to amend would be futile because plaintiff has already had two bites at the apple and they have proven fruitless"); *Denny v. Barber*, 576 F.2d 465, 471 (2d Cir. 1978) (plaintiff was not entitled to "a third go-around" for pleading); *cf. Kader v. Sarepta Therapeutics, Inc.*, 887 F.3d 48, 60-61 (1st Cir. 2018)("we have explicitly condemned a 'wait and see' approach to pleading…with another amendment to a complaint should the court hold the first amended complaint was insufficient").

## CONCLUSION

For the foregoing reasons and those argued in the Motion, Defendants respectfully request that the instant action be dismissed in its entirety, with such other and further relief as this Court deems just and proper.

Dated: New York, New York
      May 14, 2025

FURMAN KORNFELD & BRENNAN LLP

By:    _/s/ Spencer A. Richards_____
       Spencer A. Richards, Esq.
       Asher Kest, Esq.
       *Attorneys for Defendants*
       *Womcore LLC d/b/a Remax Edge*
       *and Xian Jin Zhang*
       88 Pine St., 32nd Floor
       New York, New York 10005
       Tel:    (212) 867-4100
       FKB File No.: 302.175