

**Sacco & Fillas, LLP**
Attorneys at Law

**VIA ECF ONLY**

31-19 Newtown Avenue
Seventh Floor
Astoria, NY 11102

Tel: 718 746-3440
Direct: 718 269-2220
Direct Fax: 718 425-9843

cpdelcioppio@saccofillas.com
www.saccofillas.com

May 16, 2025

Hon. Taryn A. Merkl
United States District Court
225 Cadman Plaza East
Brooklyn, New York 11201

**Re:** **Fair Housing Justice Center, Inc. et al. v. Juda Niayzov et al., 24-cv-04201**

Dear Judge Merkl:

This office represents Defendants Juda Niayzov, Alevtina Ioffe, and Exclusive Properties Realty, Inc (hereinafter the "Niayzov Defendants"). This letter is being written pursuant to the minute entry and order entered on April 24, 2025. Specifically, this letter is to advise the court of the proposed next steps on the motion to withdraw, including proposed next steps with respect to discovery.

### A. This Office's Motion to be Relieved as Counsel for the Naiyzov Defendants

First, this office will be proceeding with its motion to be relieved as counsel (ECF No. 75). Pursuant to You Honor's directives at the April 24th conference, this office attempted to repair the attorney-client relationship with the Niayzov Defendants, specifically by working to resolve the issue of outstanding legal fees due to this office. To that end, this office sent the Niayzov Defendants an invoice via email on May 5, 2025. Attached hereto as Exhibit "A" is a true copy of the invoice and cover letter sent to the Niayzov Defendants. I personally texted Defendant Ioffe following up on the invoice and asking to speak on the phone regarding the invoice. This text went unanswered, and I sent a second text asking to speak on the phone with Defendant Ioffe. Attached hereto as Exhibit "B" is a true and correct copy of the text messages I sent to Defendant Ioffe. Unfortunately, Defendant Ioffe and I did not speak, and the invoice remained unpaid. This office made its last attempt to resolve the outstanding invoice (and thus repair the relationship) on May 15, 2025. In light of today's impending deadline, this office spoke with the Niayzov Defendants in a conference call. The Niayzov Defendants acknowledged during this call that they do not have the funds available to pay the balance due to this office, and do not have funds available to pay fees that will accrue in the future.

Tonino Sacco*
Elias N. Fillas

Luigi Brandimarte*
Lamont K. Rodgers
Joseph Katz

Malik E. Anderson*
Scott L. Appelbaum
Joseph Badalov
James R. Baez*
Joseph Benincasa
Jack Berry
Victor I. Bota*
Nathan A. Brill*
Joanne Ciaramella
David A. Craven
Alex Diaz
Christopher DelCioppio*
Kurt A. Doiron
Jennifer A. Fleming
Ronald B. Groman
Madeline Howard
Zachary S. Kaplan
James Y. Kim*
Eric Lopez
Patricia R. Lynch
John P. Margand
Albert R. Matuza, Jr.
Diamanda Papagiannakis
Andrew Rafalaf
Leopold Raic
Philip R Reid*
Bryan Schenkman
Richard E. Schirmer
Morris J. Schlaf*
Lantao Sun
Clifford R. Tucker*
William W. Wallis*
Michael S. Warycha
Zachary J. Zain
Alex Zhang
Anthony J. Zullo

*Also admitted in New Jersey

**Main Office**
31-19 Newtown Avenue
Seventh Floor
Astoria, NY 11102

**Bayside Office**
42-40 Bell Boulevard
Suite 300
Bayside, NY 11361

**Manhattan Office**
32 Broadway
Suite 1818
New York, NY 10004

**New Jersey Office**
2160 North Central Road
Suite 306
Fort Lee, NJ 07024

**S&F**

Sacco & Fillas, LLP
Attorneys at Law

31-19 Newtown Avenue
Seventh Floor
Astoria, NY 11102

The Niayzov Defendants are not attempting to stall this case by not paying the balance due. Indeed, the Niayzov Defendants would very much like to be able to pay this office for legal representation, so that the unfounded allegations against them can be resolved and they can once again focus on their family and business. Rather, the Niayzov Defendants are not wealthy, and the financial burden of paying legal fees in this complex, federal litigation has become too much to bear.

Unfortunately, this office cannot provide legal representation in a federal litigation this complex and this fact intensive *pro bono*, or even with reduced fees. As Your Honor may know, this case has only really begun the discovery process, and much of the discoverable material are larges caches of text messages and voluminous call logs. Production, collection, and evaluation of these materials is very time consuming, and therefore costly in terms of hourly fees, and that does not account for depositions (which have yet to begin). In addition, given that this case is so fact intensive, there is a very high likelihood that it will go to trial. It does not need to be explained how costly a multi-party trial in federal court can become. This office does not mean to sound callous, but it simply cannot provide such legal representation at a free or reduced rate.

As such, this office is respectfully asking that its motion to be relieved as counsel for the Niayzov Defendants be allowed to continue, and that this office have until May 23, 2025 to submit a reply to Plaintiffs' counsel's opposition. There has been no return date set for the motion to be relieved and therefore there is no prejudice to Plaintiffs if this office is allowed one week from today to file and serve a reply.

### B. Proposed Next Steps for Discovery

On May 15, 2025, this office produced to counsel for all parties approximately 300 screenshots of text messages relevant to this action. The Niayzov Defendants have represented that they have now produced all relevant materials in their possession. This final cache of text messages was the result of the Niayzov Defendants conducting yet another search of their phones following the April 24th conference. Unfortunately, this office will not be able to assist the Niayzov Defendants with further discovery obligations (such as depositions) while the unpaid fee issue remains unresolved (and as detailed *supra*, it is highly unlikely at this point that they fee issue will be resolved). Counsel for the other parties in this action have tentatively agreed to deposition dates. Since the Niayzov Defendants have provided all written discovery in their possession, their depositions could be incorporated into this schedule when and if they retain new counsel. The court should continue to stay the Niayzov Defendants' discovery obligations until they have secured new counsel or decided to proceed *pro se*.

Sacco & Fillas, LLP

*/s/ Christopher P. DelCioppio*

Christopher P. DelCioppio, Esq.   CC: All counsel of record (via ECF)