UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------X

FAIR HOUSING JUSTICE CENTER, INC.;
PATRICIA DELONE-FELIX; STANLEY;
FELIX; BIANCA JONES; and ROSLYN
SEALE,

                             Plaintiffs,

               v.

JUDA NIAYZOV; ALEVTINA IOFFE;
EXCLUSIVE PROPERTIES REALTY, INC.;
NDERIM DEMIROVIC; 202 MARINE LLC;
XUEQIANG ZHENG; YU LI WENG; XIAN
JIN ZHANG; and REMAX EDGE REALTY,
LLC,

                            Defendants.

------------------------------------------------------------X

24 Civ. 4201 (LDH) (TAM)


**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF PLAINTIFFS'
MOTION FOR RULE 11 SANCTIONS AGAINST ZHANG AND HIS COUNSEL**

Eric Hecker
Mariann Wang
Heather Gregorio
WANG HECKER LLP
111 Broadway, Suite 1406
New York, New York 10006
(212) 620-2600

*Attorneys for Plaintiffs*

Plaintiffs, by and through their attorneys, Wang Hecker LLP, hereby submit this Reply Memorandum of Law in further support of the pending motion for Rule 11 sanctions against Defendant Xian Jin Zhang, attorney Spencer Richards, attorney Asher Kest, and Furman Kornfeld & Brennan LLP.

**ARGUMENT**

The text message evidence in the record on this motion makes clear that Zhang had a very substantial professional relationship with the owners of 581 West Caswell following their purchase of the property and that he did far more than merely perform translation services for the owners. And yet Zhang and his counsel continue to make material misrepresentations to this Court. Their opposition submissions assert without qualification that Zhang "did not have a professional relationship with the Owners after the purchase of the property" and that he "was merely acting as a 'translator' to engage an English speaking broker." We agree with Zhang and his counsel that in the end, a fact-finder will have to determine whether those assertions are true or false. The question presented here is whether Rule 11 allows them to make such demonstrably false assertions of fact to this Court, when the assertions are flatly contradicted by their own documentary evidence. It does not.

Zhang and his counsel try to hide behind a red herring: whether Zhang played a "formal role" in the rental process. Plaintiffs never alleged that Zhang entered into a written listing agreement with the owners, nor is that determinative of the merits of Plaintiff's claims against Zhang or the owners. The question is whether Zhang acted on behalf of the owners, with or without a written agreement, which he undeniably did.

Zhang and his counsel also continue to mischaracterize the allegations in the operative complaint. Nothing in the operative complaint supports their assertions in their pre-motion

1

letter, in their motion to dismiss, or in their opposition to the sanctions motion that after the purchase, Zhang supposedly "did not represent the Owners in their search for renters," that the purchase supposedly was "the only professional relationship" between Zhang and the owners, that after the purchase closed, Zhang supposedly "did not represent the Owners" as a rental agent, or that Zhang "was merely acting as a 'translator' to engage an English speaking broker." Quite the opposite, actually.

The Third Amended Complaint expressly alleges that the owners "asked Defendant Zhang to provide assistance to them in connection with the rental transaction, and Defendant Zhang agreed to provide them such assistance"; that "Zheng and Weng were not educated about the market for the available unit at 581 West Caswell Avenue"; that "Zhang was very educated about the market for the available unit at 581 West Caswell Avenue"; that "Zhang provided Defendants Zheng and Weng with advice regarding renting the available unit at 581 West Caswell Avenue, including advice about the appropriate listing price and advice about how to advertise its availability"; that "Zhang helped Defendants Zheng and Weng evaluate the rental applications that were submitted for the available unit at 581 West Caswell Avenue, including the application that was submitted by Plaintiffs Delone-Felix and Felix"; that "Zhang acted within the scope of his actual and/or apparent authority when he took actions to screen and/or to help screen applications"; that "Zhang was aware that Plaintiffs Delone-Felix and Felix were the first applicants for the available unit at 581 West Caswell Avenue and that they were well qualified"; that "Zheng and Weng informed Defendant Zhang that they did not want to rent to Plaintiffs Delone-Felix and Felix because they had had negative experiences renting to Black tenants in the past"; that "Zhang knew that this reason for rejecting the application submitted by Plaintiffs Delone-Felix and Felix violated federal, state, and local law"; that "Zhang nevertheless

2

agreed to assist Defendants Zheng and Weng in unlawfully rejecting the application submitted by Plaintiffs Delone-Felix and Felix"; and that "Zhang informed Defendant Niayzov that Defendant Zheng and Weng had rejected the application submitted by Plaintiffs Delone-Felix and Felix because Defendant Zheng and Weng had had negative experiences renting to Black tenants in the past."  Third Amended Complaint ¶¶ 47-59.  Given these highly specific factual allegations, Zhang and his attorneys cannot run away from their unequivocal false factual assertions that Zhang "did not represent the Owners in their search for renters," that the purchase was "the only professional relationship" between Zhang and the owners, that after the purchase closed, Zhang "did not represent the Owners" as a rental agent, or that Zhang "was merely acting as a 'translator' to engage an English speaking broker" by claiming that the operative complaint supports those false statements.  It does not.

Finally, there is no basis for the suggestion that Plaintiffs or their counsel moved for sanctions with any ulterior motive or for any improper purpose.  We remain highly confident in our opposition to the pending motion to dismiss.  We have no doubt that the specific allegations in the Third Amended Complaint are sufficient to state a claim – with or without consideration of the subsequently discovered facts – nor do we doubt that Plaintiffs are, at a minimum, entitled to amend to plead those subsequently discovered facts.  Plaintiffs moved for sanctions because the unequivocal factual misrepresentations that Zhang and his counsel made and continue to make to this Court are extraordinary, outrageous, out of bounds, and worthy of judicial scrutiny under Rule 11.

For the reasons set forth above and in Plaintiffs' previous submissions, we respectfully submit that Zhang and his counsel should be sanctioned.  There certainly is no basis to sanction Plaintiffs' counsel.

3

Dated: New York, New York
       June 19, 2025

                                        WANG HECKER LLP

                                        By:_____

                                            Eric Hecker
                                            Mariann Wang
                                            Heather Gregorio

                                        111 Broadway, Suite 1406
                                        New York, New York 10006
                                        (212) 620-2600

                                        *Attorneys for Plaintiffs*

4