**FKB**  **Furman Kornfeld**
**& Brennan LLP**

Wall Street Plaza
88 Pine Street, 32nd Floor, New York, NY 10005
Tel: 212-867-4100 Fax: 212-867-4118
www.fkblaw.com

June 20, 2025

**VIA ECF**
Hon. LaShann DeArcy Hall, U.S.D.J.
United States District Court
Eastern District of New York
225 Cadman Plaza East, Court Room 4H-N
Brooklyn, New York 11201

Re:         *Fair Housing Justice Center, Inc. et al. v. Juda Niayzov et al.*
            Docket No.: 1:24-cv-04201

Dear Judge Hall:

We represent defendants Womcore LLC d/b/a Remax Edge ("Remax") and Xian Jin Zhang (collectively, "Remax") in the above referenced action. We write in response to Plaintiffs' request for a pre-motion conference seeking leave to amend their Complaint a fourth time.

## I.  Factual and Procedural Background

The instant federal and state claims pertaining to housing discrimination arise from defendant Juda Niyazov's ("Niyazov") interactions as a rental agent with Plaintiffs. Instead of simply bringing suit against Niyazov for the alleged discrimination he perpetrated, Plaintiffs have also sought a windfall from anyone ever connected to Niyazov, even though there is no basis to allege that they were involved in any discrimination against Plaintiffs whatsoever.

Plaintiffs initiated this action on June 12, 2024. On July 23, 2024, Plaintiffs amended the Complaint to add more defendants. On August 15, 2024, Plaintiffs amended again to add even more defendants, including Remax. On October 23, 2024, Remax filed a pre-motion letter seeking leave to move to dismiss. The parties appeared before this Court on March 6, 2025 for a pre-motion conference. The Court indicated that Plaintiffs had not stated a cause of action, and Plaintiffs' counsel begged this Court for the opportunity to amend a third time to avoid dismissal, promising "substantive" additions.

The Court provided Plaintiffs until March 20, 2025 to file their third amended Complaint. Plaintiffs hastily filed their Third Amended Complaint on March 10, 2025, two business days later. Plaintiffs specifically informed Defendants that they did so because they did not want defendants to obtain even a brief stay while the Third Amended Complaint was pending. Every single assertion against Remax in the hurried Third Amended Complaint was alleged "upon information and belief." On April 1, 2025, Remax filed a pre-motion letter seeking leave to amend this paltry, speculative pleading; the motion was fully briefed as of May 14, 2025.

Now, after significant time and effort has been expended on a second set of motions to dismiss the Third Amended Complaint by Remax, and after Plaintiffs wasted significant time and expense with a specious, frivolous sanctions motion, Plaintiffs have only now decided that their

*Fair Housing Justice Center, Inc. et al v. Niayzov et al*, Docket No.: 1:24-cv-04201-LDH-SJB
Page 2

promised "substantive" Third Amended Complaint is deficient after all, and wish to try their luck anew with yet more speculative, baseless allegations.[1]

## II. <u>Plaintiffs' Repeated Failures to Cure Demonstrates Dilatory Motive and Prejudice</u>

While a court should "freely give leave when justice so requires," a "district court nonetheless has broad discretion in determining whether to grant leave to amend." *Gurary v. Winehouse*, 235 F.3d 792, 801 (2d Cir. 2000). Indeed, such determinations are reviewed only under the "deferential standard" of "abuse of discretion." *Nat'l Credit Union Admin. Bd. v. U.S. Bank Nat'l Ass'n*, 898 F.3d 243, 256 (2d Cir. 2018). "[I]t is rare for an appellate court to disturb a district court's discretionary decision" regarding amendment. *Rachman Bag Co. v. Liberty Mut. Ins. Co.*, 46 F.3d 230, 235 (2d Cir.1995). A court need not blindly permit Plaintiffs to amend their pleadings at will and without cessation; leave is denied for good reason when there is futility, undue delay, undue prejudice, bad faith or dilatory motives, or repeated failure to cure deficiencies. *See MSP Recovery Claims, Series LLC v. Hereford Ins. Co.*, 66 F.4th 77, 90 (2d Cir. 2023).

### A. *Repeated Failure to Cure Deficiencies*

Plaintiffs have already filed four versions of the Complaint. Each time, the allegations against the actual purported discriminator, Niyazov, stay the same, while the allegations of tangential parties become more ersatz. Plaintiffs were already granted an opportunity to amend the Second Amended Complaint, upon their promise and assurance to this Court of "substantive" additions. Instead, Plaintiffs treated the Third Amended Complaint as an afterthought, filing it in two business days and asserting every highly speculative paragraph as against Remax "upon information and belief." Failure to correct deficiencies is more than sufficient basis to deny leave to amend. *See Foman v. Davis*, 371 U.S. 178 (1962)(noting that "failure to cure deficiencies by amendments previously allowed" constitutes a reason to deny leave to amend). "[W]hen—after being apprised of pleading deficiencies—the plaintiff fails to cure those deficiencies in an amended complaint, there is "clearly…no right to a second amendment." *Walker v. DOCCS*, 2024 WL 2304870, at *2 (W.D.N.Y. 2024) (*citing Nat'l Credit Union Admin. Bd. v. U.S. Bank Nat'l Ass'n*, 898 F.3d 243 (2d Cir. 2018)).

Multiple amendments are more than enough to deny leave to amend. *See Armstrong v. McAlpin*, 699 F.2d 79 (2d Cir. 1983)(upholding denial of leave for "a fourth attempt to plead"). "[P]laintiffs do not get leisurely repeated bites at the apple." *ACA Fin. Guar. Corp. v. Advest, Inc.*, 512 F.3d 46, 57 (1st Cir. 2008). *See also Kamdem-Ouaffo v. Pepsico, Inc.*, 160 F. Supp. 3d 553, 574 n.28 (S.D.N.Y. 2016) ("[T]he Court has given Plaintiff two bites at the apple, and there is no need for a third bite."); *Treppel v. Biovail Corp.*, 2005 WL 2086339 (S.D.N.Y. 2005) (explaining that "leave to amend would be futile because [the] plaintiff has already had two bites at the apple and they have proven fruitless"); *Truman v. Brown*, 434 F. Supp. 3d 100 (S.D.N.Y. 2020) (denying leave when Plaintiff already had a single opportunity to amend). Here, as in *Denny v. Barber*, 576 F.2d 465, 471 (2d Cir. 1978), after an opportunity to reform their complaint, "[w]hether the defects in the amended complaint arose from the fault of counsel or because there was simply no basis for

---

[1] Plaintiffs' letter seeking leave repeats an outright lie that text messages exchanged in discovery existed the entire time and that the undersigned "falsely" stated otherwise. This is factually incorrect and Plaintiffs know that it is incorrect. *See* Dkt. No. 107.

*Fair Housing Justice Center, Inc. et al v. Niayzov et al*, Docket No.: 1:24-cv-04201-LDH-SJB
Page 3

a proper complaint," the court found that "a third go-around" was impermissible. *Id.*, at 471.

### B.  *Delay, Dilatory Motive, and Prejudice*

Dilatory motive is also sound reason to deny leave to amend and can also serve as a predicate for a finding of bad faith sufficient to deny leave to amend. *See, e.g., Vine v. Beneficial Finance Co.*, 374 F.2d 627, 637 (2d Cir.), *cert. denied* 677 389 U.S. 970 (1967). Plaintiffs delayed seeking leave to amend so Plaintiffs could first file a frivolous motion for sanctions when Remax would not cave to Plaintiffs' threat to withdraw Remax's motion to dismiss. "When it appears that leave to amend is sought in anticipation of an adverse ruling on the original claims…the court is free to deny leave to amend." *PI, Inc. v. Quality Prods.*, Inc., 907 F. Supp. 752, 764 (S.D.N.Y. 1995); s*ee also Lee v. Regal Cruises, Ltd.,* 916 F.Supp. 300, 304 (S.D.N.Y.1996) (denying motion to amend when leave was sought after defendant's motion revealed a flaw in plaintiff's claim); *see also Town of New Windsor v. Tuck,* 919 F.Supp. 662, 676 (S.D.N.Y.1996) ("Delay as a predicate for a finding of bad faith is a sufficient reason to deny leave to amend."). Indeed, as here, "defendants would be prejudiced if leave to amend were granted. Their motion to dismiss the amended complaint had been fully briefed…It would not be fair to require defendants to start all over with a new complaint containing new allegations." *Bay Harbour Mgmt., LLC v. Carothers*, 474 F. Supp. 2d 501, 503 (S.D.N.Y. 2007)(*citing Ansam Assocs., Inc. v. Cola Petroleum, Ltd.*, 760 F.2d 442 (2d Cir.1985)); *see, e.g., Gasoline Sales, Inc. v. Aero Oil Co.*, 39 F.3d 70, 74 (3d Cir. 1994) ("[T]hree attempts at a proper pleading is enough…plaintiff has to carefully consider the allegations to be placed in a complaint before it is filed").

It is rather incredible for Plaintiffs to assert that the Third Amended Complaint is sufficient but that they need to add further information due to a lack of "detail." Plaintiffs do not merely seek to add missing "detail" to the impoverished pleading; Plaintiffs multiplying versions of the Complaint have now begun to contradict themselves. For example, the Third Amended Complaint baselessly speculated Zhang somehow informally worked with the owners to deny Plaintiffs' rental application due to race, and then informed Niyazov of this discriminatory denial; now, Plaintiffs propose an entire new unfounded speculation that Zhang controlled which applications his non-clients received, and that he did not send them Plaintiffs' application due to racial discrimination. Plaintiffs have also changed their mind and decided to allege that Zhang had a formal written agreement with the owners, directly contradicting Plaintiffs' earlier version of the assertions which acknowledged that Zhang did not, as Plaintiffs are well aware.

It is particularly prejudicial for Plaintiffs to make the Court and the parties operate under a pleading that they had no basis for, that was filed with the sole purpose of feigning a cause of action, and for which they obviously performed no due diligence – and only now, long after the parties have expended significant efforts, decide that they need to update their "substantive" Third Amended Complaint because it actually was not good enough. Plaintiffs' assurance to this Court that they would substantively amend the last time was an empty promise. Plaintiffs initiated this action one year ago, and continue to treat this Court like a turnstile to a carnival game, with endless efforts to keep throwing darts until they figure out which version of the allegations they would like to proceed with.

**\*\*\*\***

*Fair Housing Justice Center, Inc. et al v. Niayzov et al*, Docket No.: 1:24-cv-04201-LDH-SJB
Page 4

       For the reasons stated above, Remax respectfully requests that the Court deny Plaintiff's request for a pre-motion conference, or deny Plaintiff's proposed application for leave to amend.

Respectfully submitted,

FURMAN KORNFELD & BRENNAN LLP

Spencer A. Richards
Asher Kest

CC:    All Counsel of Record (via ECF)