![FKB Furman Kornfeld & Brennan LLP]

Wall Street Plaza
88 Pine Street, 32nd Floor, New York, NY 10005
Tel: 212-867-4100 Fax: 212-867-4118
www.fkblaw.com

September 22, 2025

**VIA ECF**
Hon. LaShann DeArcy Hall, U.S.D.J.
United States District Court, Eastern District of New York
225 Cadman Plaza East, Court Room 4H-N
Brooklyn, New York 11201

Re:        *Fair Housing Justice Center, Inc. et al. v. Juda Niayzov et al.*
           Docket No.: 1:24-cv-04201

Dear Judge Hall:

We represent defendants Womcore LLC d/b/a Remax Edge ("Remax LLC") and Xian Jin Zhang ("Zhang") (collectively, "Remax") in the above referenced action. We write in response to Plaintiffs' request for a pre-motion conference seeking leave to amend their Complaint a fifth time.

## I.    Factual and Procedural Background

The instant housing discrimination claims arise from codefendant Juda Niyazov's ("Niyazov") interactions with Plaintiffs as a rental agent. Plaintiffs initiated this action on June 12, 2024. On July 23, 2024, Plaintiffs amended their Complaint. On August 15, 2024, Plaintiffs amended again. On October 23, 2024, Remax sought leave to move to dismiss the Second Amended Complaint. The parties appeared before this Court on March 6, 2025 for a pre-motion conference. The Court indicated that Plaintiffs had not stated a cause of action against Remax. Plaintiffs' counsel demanded an opportunity to amend yet again to avoid dismissal, promising "substantive" additions.

The court gave Plaintiffs two weeks to make those substantive additions, but Plaintiffs filed the Third Amended Complaint merely two business days later on March 10, 2025. Plaintiffs specifically stated that they rushed to prevent a stay until the Third Amended Complaint was filed. Plaintiffs' rush job was evident; every single assertion against Remax in the hastily filed Third Amended Complaint was alleged "upon information and belief." Remax was granted leave to move to dismiss, and the motion was fully briefed as of May 14, 2025. That motion is pending.

Seemingly realizing they wasted the third opportunity to amend that they had demanded of this Court, on June 13, 2025, Plaintiffs filed a letter seeking leave to amend the Complaint yet a fourth time, posing yet more speculative allegations; Remax opposed. Although that pre-motion letter is still pending, and although discovery is stayed, Plaintiffs shamelessly seek leave to amend a fifth time, disingenuously calling it a "revised proposed fourth amended Complaint."

## II.    Plaintiffs' Repeated Failures to Cure Demonstrates Dilatory Motive and Prejudice

While a court should "freely give leave when justice so requires," District courts have "broad discretion in determining whether to grant leave to amend." *Gurary v. Winehouse*, 235 F.3d

---

*Fair Housing Justice Center, Inc. et al v. Niayzov et al*, Docket No.: 1:24-cv-04201-LDH-SJB
Page 2

792, 801 (2d Cir. 2000). "[I]t is rare for an appellate court to disturb a district court's discretionary decision" regarding amendment. *Rachman Bag Co. v. Liberty Mut. Ins. Co.*, 46 F.3d 230, 235 (2d Cir.1995). A court need not blindly permit Plaintiffs to amend their pleadings at will and without cessation; leave is denied for good reason when there is futility, undue delay, undue prejudice, bad faith, or dilatory motives, or repeated failure to cure deficiencies. *See MSP Recovery Claims, Series LLC v. Hereford Ins. Co.*, 66 F.4th 77 (2d Cir. 2023).

### A.  Repeated Failure to Cure Deficiencies and Futility

Plaintiffs were already granted an opportunity to amend the Second Amended Complaint to avoid dismissal, upon their promise and assurance to this Court of "substantive" additions. As it turns out, Plaintiffs have now tacitly admitted that the Third Amended Complaint, in which every paragraph as against Remax was pleaded "upon information and belief," was a complete fiction – because every single allegation against Remax in the Third Amended Complaint has been removed in the proposed Fifth Amended Complaint. In all six versions, the allegations against the actual discriminator, Niyazov, stay the same, while the allegations against the tangential Remax defendants become increasingly contradictory.

Failure to correct deficiencies in prior amendments is ample basis to deny leave to amend. *See Foman v. Davis*, 371 U.S. 178 (1962). "[W]hen—after being apprised of pleading deficiencies—the plaintiff fails to cure those deficiencies in an amended complaint, there is "clearly…no right to a second amendment." *Walker v. DOCCS*, 2024 WL 2304870 (W.D.N.Y. 2024) (*citing Nat'l Credit Union Admin. Bd. v. U.S. Bank Nat'l Ass'n*, 898 F.3d 243 (2d Cir. 2018)). Plaintiffs' continued failure to cure deficiencies and futility is plainly revealed by endless "dart throwing" of new, increasingly contradictory complaints. Ironically, Plaintiffs' proposed Fifth Amended Complaint is a tacit admission that Remax's pending motion to dismiss the Third Amended Complaint [Dkt. No. 80] should be granted, since Plaintiffs now propose to edit out every single allegation in that operative version. Such drastic revisions demonstrate exactly why wholly "information and belief" pleadings are typically dismissed, and that Plaintiffs did not have any basis for invented claims against Remax in the Third Amended Complaint. Absurdly, Plaintiffs argue that pleading "upon information and belief" is moot since now they have an entirely new set of contradictory assertions based on this continued fishing expedition; in fact, that is exactly why the operative Third Amended Complaint is a sham.

An attempted sixth version of a Complaint is on its own, *prima facie* evidence of failure to cure deficiencies. *See Armstrong v. McAlpin*, 699 F.2d 79 (2d Cir. 1983)(upholding denial of leave for "a fourth attempt to plead"). "[P]laintiffs do not get leisurely repeated bites at the apple." *ACA Fin. Guar. Corp. v. Advest, Inc.*, 512 F.3d 46, 57 (1st Cir. 2008); s*ee also Kamdem-Ouaffo v. Pepsico, Inc.*, 160 F. Supp. 3d 553, 574 n.28 (S.D.N.Y. 2016) ("[T]he Court has given Plaintiff two bites at the apple, and there is no need for a third bite."); *Treppel v. Biovail Corp.*, 2005 WL 2086339 (S.D.N.Y. 2005) ("leave to amend would be futile because plaintiff has already had two bites at the apple and they have proven fruitless"). Here, as in *Denny v. Barber*, 576 F.2d 465 (2d Cir. 1978), after Plaintiffs were given opportunity to cure, "[w]hether the defects in the amended complaint arose from the fault of counsel or because there was simply no basis for a proper complaint," the court held "a third go-around" was impermissible. *Id.*, at 471.

*Fair Housing Justice Center, Inc. et al v. Niayzov et al*, Docket No.: 1:24-cv-04201-LDH-SJB
Page 3

### B. *Delay, Dilatory Motive, and Prejudice*

Dilatory motive is ample reason to deny leave to amend, and may itself serve as a predicate for a finding of bad faith. *See, e.g.*, *Vine v. Beneficial Finance Co.*, 374 F.2d 627, 637 (2d Cir.), *cert. denied* 677 389 U.S. 970 (1967). Plaintiffs' bad faith delay is readily exposed, as Plaintiffs wasted judicial resources to litigate the Third Amended Compliant which they now implicitly admit was utterly baseless. This second attempt to revise every assertion as against Remax after a motion to dismiss has been fully briefed; after discovery has been exchanged; and after eight depositions have been held, is a complete waste of the Court's time and Remax's expenses. Denying leave to amend is necessary where Plaintiff "is modifying its allegations in hopes of remedying factual deficiencies in its prior pleadings, even to the point of contradicting its prior pleadings." *Gasoline Sales*, 39 F.3d at 74; *see also Whitford v. Nat'l R.R. Passenger Corp.*, 2025 WL 1720146 (W.D.N.Y. 2025) ("[c]ourts are free to consider direct contradictions between earlier pleadings and a proposed amended pleading in determining whether to grant leave to amend").

Plaintiffs believe that they are entitled to file insufficient pleadings, and then embark on a fishing expedition to endlessly revise or assert completely new ones. "[T]hree attempts at a proper pleading is enough…plaintiff has to carefully consider the allegations to be placed in a complaint before it is filed." *Gasoline Sales, Inc. v. Aero Oil Co.*, 39 F.3d 70, 74 (3d Cir. 1994). "The Second Circuit noted recently that '[i]t seems...to be self-evident that a plaintiff afforded attempt after attempt--and consequently, additional time to investigate--might one day succeed in stating a claim. But the federal rules and policies behind them do not permit such limitless possibility.'" *Trump v. Vance*, 480 F. Supp. 3d 460, 505 (S.D.N.Y. 2020), *aff'd*, 977 F.3d 198 (2d Cir. 2020).

Plaintiff's pre-motion letter avers that Plaintiffs seek to avoid a ruling on Remax's pending motion to dismiss. "When it appears that leave to amend is sought in anticipation of an adverse ruling on the original claims…the court is free to deny leave to amend." *PI, Inc. v. Quality Prods.*, Inc., 907 F. Supp. 752, 764 (S.D.N.Y. 1995); s*ee also Lee v. Regal Cruises, Ltd.,* 916 F.Supp. 300, 304 (S.D.N.Y.1996) (denying motion to amend which was sought after defendant's motion revealed a flaw in plaintiff's claim). Here, "defendants would be prejudiced if leave to amend were granted. Their motion to dismiss the amended complaint had been fully briefed…It would not be fair to require defendants to start all over with a new complaint containing new allegations." *Bay Harbour Mgmt., LLC v. Carothers*, 474 F. Supp. 2d 501, 503 (S.D.N.Y. 2007)(*citing Ansam Assocs., Inc. v. Cola Petroleum, Ltd.*, 760 F.2d 442 (2d Cir.1985)).

Plaintiffs' multiplying versions of their assertions demonstrate futility. It would be impossible to catalogue the disingenuous ways that Plaintiffs misquote deposition testimony to create a claim in their pre-motion letter. As just one example, Plaintiffs previously asserted that Zhang denied Plaintiffs' rental application due to race; then Plaintiffs asserted instead that Zhang never sent Plaintiffs' application to the owners at all; now that both Zhang and the owners testified decisively that Zhang was not their agent and that Zhang sent them Plaintiffs' application, Plaintiffs' proposed sixth amended Complaint simply resorts to an unjustified claim that Zhang "falsely claimed to have [sent the application] at his deposition." There is no basis for this shameless assertion that deposition testimony from multiple parties is a lie. It is emblematic of the wasteful nature of the sixth attempt at a Complaint, and of this action altogether. Plaintiffs fervently wish to sue Remax, but have not figured out why. It is time for this farce to end.

*Fair Housing Justice Center, Inc. et al v. Niayzov et al*, Docket No.: 1:24-cv-04201-LDH-SJB
Page 4

****

      For the reasons stated above, Remax respectfully requests that the Court deny Plaintiff's request for a pre-motion conference to amend the Complaint a fifth time, or deny Plaintiff's proposed application for leave to amend.

Respectfully submitted,

FURMAN KORNFELD & BRENNAN LLP

Spencer A. Richards
Asher Kest

CC:    All Counsel of Record (via ECF)