# SEKAS LAW GROUP, L.L.C.

### ATTORNEYS AT LAW

**Nicholas G. Sekas** *ø*
Ryan Contaldi +
Michael T. Halkias o+
Dae-Ki Min *ø+*
Saverio Cereste *ø+*
Paul Faugno *ø+×*

× **Certified Civil Trial Attorney of
the Superior Court of New Jersey**
**+ Of Counsel**

_____

Retired Judge Walter F. Skrod+

530 Sylvan Avenue, Suite 201
Englewood Cliffs, NJ 07632
201.816.1333
Facsimile 201.816.1522

www.sekaslaw.com

515 Madison Avenue, 6th FL
New York, NY 10022
212.695.7577
Facsimile 212.753.386

345 Centre Street, Suite 1
Nutley, NJ 07110
973.667.3399
Facsimile 973.235.1575

*Members are admitted to:*
**#   NJ Bar**
**\*   NY Bars**
**◆   NY & CT Bars**
***ø*   NJ & NY Bars**
**ø   NJ & PA Bars**

September 23, 2025

**<u>VIA ECF</u>**
Hon. LaShann DeArcy Hall, U.S.D.J
United States District Court, Eastern District of New York
225 Cadman Plaza East, Court Room 4H-N
Brooklyn, New York 11021

Re:    *Fair Housing Justice Center, Inc. et al, v. Juda Niayzov et al.*
        Docket No.: 1:24-cv-04201

Dear Judge Hall,

    This office represents Defendant 202 Marine LLC in the above-referenced action. I write in response and opposition to Plaintiffs' request for a pre-motion conference seeking leave to amend their Complaint for a fifth time. As you may recall, Your Honor expressed great reservations in allowing the Plaintiffs' request to amend a previous "Third Amended" Complaint. Now Plaintiffs seek leave to amend, yet again, in order to change facts to suit their own agenda, and to further embellish facts in this case in an action that goes well beyond normal advocacy.

    This matter arises from the alleged racial discrimination by Defendants Juda (a.k.a. "Jacob") Niayzov, Alevtina (a.k.a. "Alla") Ioffe, their real estate agency, Exclusive Properties Realty, and the other named Defendants. Beginning in November 2023, Plaintiffs allege racial animus on the parts of the Defendants. Plaintiffs are alleging Violation of the Fair Housing Act, Violation of 42 U.S.C. §§ 1981 and 1982, and Violation of N.Y. Exec. Law § 296(5)(a)(1), against all Defendants. Plaintiffs are seeking to improperly impose liability on all Defendants in spite of the fact that no discernible relationship exists between Defendant 202 Marine LLC and Defendant Juda Niayzov, whose words and actions give rise to these claims. Plaintiffs' claims against Defendant 202 Marine are legally deficient as evidenced by the fact that Plaintiffs are now requesting a fifth opportunity to amend their Complaint.

    Plaintiffs have failed to establish a relationship between Defendant 202 Marine and any of the Plaintiffs or Defendants in this case. Neither Plaintiff Delone-Felix, Felix, Jones, nor Seale was ever, or claimed to ever be, discriminated against by 202 Marine. No named Plaintiff ever viewed 202 Marine, and no Plaintiff was denied equal opportunity to rent by 202 Marine.

1

Plaintiff has also, repeatedly, through every Complaint and Amended Complaint, failed to establish a relationship between 202 Marine and the other Defendants, namely Defendant Niayzov. One iteration of the Complaint claims, "Defendants Niayzov, Ioffe and Exclusive Properties Realty, Inc. held themselves out to the public as authorized agents on behalf of Defendant 202 Marine LLC." This is categorically false. The Complaint goes on to state, that the same Defendants "acted as agents with actual and/or apparent authority on behalf of Defendant 202 Marine LLC." This, too, is false. Niayzov was never an agent of Defendant 202 Marine.

In order to establish actual authority, the court has stated,

"Actual authority granted to an agent to bind his principal is created by direct manifestations from the principal to the agent, and the extent of the agent's actual authority is interpreted in the light of all the circumstances attending these manifestations, including the customs of business, the subject matter, any formal agreement between the parties, and the facts of which both parties are aware" (*Demarco v Edens*, 390 F2d 836, 844 [2d Cir 1968] New York Community Bank v Woodhaven Assoc., LLC, 137 A.D.3d 1231, 1233, 29 N.Y.S.3d 377, 379, 2016 N.Y. App. Div. LEXIS 2321, *4, 2016 NY Slip Op 02338, 1.

This definition is a hurdle that Plaintiffs have failed to climb in four Complaints. They should not be allowed a fifth attempt.

Further, in order to establish apparent authority, it must be shown that, "[i]n the absence of actual authority, words or conduct by the principal that are communicated to a third party may create the apparent authority of the agent to act on behalf of the principal." Banks v Peace of Mind Realty, 2019 N.Y. Misc. LEXIS 4921, *29-30, 2019 NY Slip Op 32689(U), 22 (quoting New York Community Bank v Woodhaven Assoc., *LLC*, 137 AD3d at 1233). At no point did any third party, including the Plaintiffs, have any communication whatsoever with 202 Marine LLC in which any authority was given to Niayzov. No one mentioned in the multiple previous iterations of the Complaint makes such a claim. Additionally, "Essential to the creation of apparent authority are *words or conduct of the principal,* communicated to a third party, that give rise to the appearance and belief that the agent possesses authority to enter into a transaction." (emphasis in the original) Std. Funding Corp. v. Lewitt, 89 N.Y.2d 546, 551, 678 N.E.2d 874, 877, 656 N.Y.S.2d 188, 191, 1997 N.Y. LEXIS 301, *8-9. (quoting Hallock v State of New York, 64 NY2d 224, 231). There are no words or conduct on behalf of 202 Marine LLC, communicated to any third party involved in this matter, that create the appearance that Niayzov possessed the authority to enter into a transaction on behalf of 202 Marine LLC. As Plaintiffs have failed to establish actual or apparent authority in four previous attempts to do so, they should not be given a fifth attempt.

Plaintiffs newest iteration of their Complaint is rife with non-sequiturs and misrepresentations, and short on factual, provable allegations against Defendant 202 Marine. Throughout all iterations of Plaintiffs' Complaint, they have failed to establish a relationship between 202 Marine, the Plaintiffs, or any of the Defendants. Having another shot at amending the Complaint will not change the matter because no such relationship exists.

2

In ¶234 of the proposed 4th Amended Complaint, Plaintiffs claim that Defendant 202 Marine "authorized Defendant Niayzov to act its agent (sic)." This is not a factual statement.

In ¶237 of the proposed 4th Amended Complaint, Plaintiffs state that Defendant 202 Marine texted with Defendant Niayzov in 2023 and early 2024, a period of time that predates this matter and is, therefore, entirely irrelevant.

In ¶238, the Plaintiffs state that Defendant 202 Marine and Defendant Niayzov texted about a unit other than the unit in this action. This statement is not germane to this action and does not establish any relationship relative to this action.

In ¶239, Plaintiffs venture to assume that when Defendant 202 Marine discusses "pre-qualified client(s)," this means that "Defendant Niayzov was not to show the unit to anyone unless Niayzov believed, in his discretion, they would meet Sekas's criteria." This is a statement made out of whole cloth. Not only does this alleged discussion have nothing to do with the unit purported to be at the heart of this matter, but it is based on nothing more than the Plaintiffs' interpretations of a discussion; it is not based on fact nor evidence and is an example of the Plaintiffs using their own inferential ability to attempt to prove a claim. This is not the purpose of a complaint or a reason to amend a complaint.

In ¶277, Plaintiff states, "Niazov (sic) was under the impression that Sekas did not wish to rent to Black tenants." This is an entirely made-up statement. It is not based on evidence, testimony, or anything found in reality as Sekas rents to black tenants in the home *in which he lives*. Essentially, Plaintiff is seeking to amend their Complaint for the sole purpose of introducing new made-up statements, not facts and not evidence.

Plaintiff claims the need to amend the Complaint is due to the discovery of "crucial new facts" gained, in large part, through the multiple depositions that have occurred in this matter thus far. New and, sometimes, contradictory statements have come to light during the depositions, due, in no small part, to opposing counsel's behavior during the depositions, characterized by threats, shouting, and bullying tactics in an attempt to have a direct influence on the multiple defendant deponents, which has, stated charitably, straddled the line governing FRCP Rule 30(d)(2), which states, "The court may impose an appropriate sanction—including the reasonable expenses and attorney's fees incurred by any party—on a person who impedes, delays, or frustrates the fair examination of the deponent."

For all the reasons stated above, Defendant 202 Marine LLC respectfully requests that the Court deny Plaintiffs' request for a pre-motion conference to amend the Complaint or deny Plaintiffs' proposed application for leave to amend.

Dated:    September 23, 2025
          New York, New York                    By: */s/ Nicholas Sekas*
                                                Nicholas G. Sekas, Esq.
                                                Attorney for Defendant, 202 Marine LLC
                                                SEKAS LAW GROUP, LLC