WANG HECKER LLP

111 BROADWAY, SUITE 1406
NEW YORK, NY 10007

ERIC HECKER
212.620.2600
EHECKER@WANGHECKER.COM

February 17, 2026

By ECF

Hon. Taryn A. Merkl
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

>       Re:    *Fair Housing Justice Center, Inc. et al. v. Juda Niayzov et al.*,
>              24-cv-04201

Dear Judge Merkl:

I represent the Plaintiffs in this case. I write pursuant to the Court's February 9, 2026 Order directing the parties to meet and confer and, by no later than today, file a joint status report "advis[ing] as to whether the parties are prepared to participate in a fourth settlement conference, and if so, include at least three (3) mutually available dates in the first and second week of March 2026." Unfortunately, it appears that Remax may not be prepared to comply with that Order.

On February 9, 2026, I emailed all defense counsel to inquire about their availability for another conference in March. Mr. Luk and Mr. Sekas responded.

On February 13, 2026, I emailed defense counsel again, reminding them of today's deadline, and asking them to confirm their availability for March 10 and 11, if possible. (In that email, I also conveyed a revised "bracket" and provided defense counsel with information about eight other illustrative FHJC verdicts and settlements.) Nobody responded.

On February 17, 2026, I emailed defense counsel for a third time, once again reminding them of today's deadline.

Counsel for Mr. Zhang, Ms. Weng, 202 Marine, and Mr. Demirovic have now confirmed their willingness to participate in another session and their availability for March 10 and 11. That leaves Mr. Kest.

At 4:24 p.m. today, Mr. Kest for the first time announced his position that he would like Mr. Niayzov to be deposed before settlement discussions resume: "While Remax is prepared to participate in a fourth conference, we believe that further

Letter to Judge Merkl
August 7, 2025
Page 2 of 2

information will assist the parties in moving efficiently toward a resolution. We propose taking Niyazov's deposition, and then holding the conference after the date that can be scheduled."

I promptly responded to Mr. Kest that his last-minute proposal is not workable. Discovery is stayed. Mr. Niayzov is pro se, and there is no indication that Mr. Kataev is willing to appear on Mr. Niayzov's behalf to defend his deposition. Moreover, unless Mr. Kest is suggesting that he alone be permitted to question Mr. Niayzov, six different lawyers (counsel for Plaintiffs, Remax, Zhang, Weng, 202, and Demirovic) would each need to take the time they are allotted under the rules to question Mr. Niayzov, almost certainly resulting in a multi-day deposition and requiring an enormous amount of attorney preparation. The parties are trying to conserve their scarce resources and reach an efficient resolution if possible.

As I understand it, all parties other than Remax are willing to resume discussions on March 10 or 11 without re-opening discovery. I respectfully request that the Court schedule another conference for one of those dates. To the extent that Mr. Kest requires "further information" from Mr. Niayzov in order to reach a resolution, I presume that we can discuss what that information is and explore obtaining it informally.

Respectfully submitted,

Eric Hecker

cc:     All Counsel of Record