# Alevtina Ioffe and Juda Niayzov

**16 Duffield Drive • Ocean, NJ 07712 • (718) 916-4618 • ioffealla@gmail.com • lexusjake1@gmail.com**

May 4, 2026

**VIA ECF**
United States District Court
Eastern District of New York
<u>Attn</u>: Hon. LaShann DeArcy Hall, U.S.D.J.
225 Cadman Plaza East
Courtroom 4H North
Brooklyn, NY 11201-1804

**VIA ECF**
United States District Court
Eastern District of New York
<u>Attn</u>: Hon. Taryn A. Merkl, U.S.M.J.
225 Cadman Plaza East
Courtroom 13D South
Brooklyn, NY 11201-1804

>     *Re:*    **Fair Housing Justice Center, Inc.** *et al.* **v. Niayzov,** *et al.*
>             **Case No.: 1:24-cv-4201 (LDH) (TAM)**

Dear Judges Hall and Merkl:

I am a *pro se* Defendant in this case together with my husband, who respectfully submit this letter motion to request an adjournment of the conference scheduled for Friday, May 8, 2026 pending a further mandatory, in-person settlement conference with the Plaintiffs and their esteemed counsel, Eric Hecker, Esq. ("Hecker"), who has seen fit to endlessly barrage me and my attorney, Emanuel Kataev, Esq., who has entered a limited appearance in this case to help me settle it.

Since successfully reaching a settlement in principle as to a monetary amount following several virtual mediations before the Hon. Taryn A. Merkl, U.S.M.J. ("Judge Merkl"), the parties have been diligently working towards finalizing a settlement on all material terms, including various injunctive relief the Plaintiffs sought, which the parties felt they can work out between themselves without Judge Merkl's capable assistance.

Regrettably, what has resulted from leaving Judge Merkl's virtual courtroom has devolved into an unprofessional escapade by Hecker to heckle, haunt, and harangue myself and my husband with endless emails containing various unqualified threats, rigid inflexibility as to the most sensible terms, and repeated name-calling by Hecker of myself, my husband, and my attorney. Hecker's conduct is inexcusable and cannot be countenanced.  Put simply, Hecker does not play nice in the sandbox, and throws a temper tantrum when he does not get his way that would put most toddlers to shame.  My attorney informs me that I should write to the Grievance Committee about his conduct because of his bad-faith regressive bargaining during negotiations and his unprofessional conduct which smacks of hostility and unbridled sarcasm unbecoming of an attorney in this profession.

Notwithstanding, the only relief my husband and I seek from this Court is to adjourn Friday's conference before the Hon. LaShann DeArcy Hall ("Judge Hall") and to require Hecker to appear in-person with his clients to another settlement conference before Judge Merkl.  My husband and I firmly believe that the only way Hecker can control himself is in a supervised environment with Judge Merkl watching.  We are being terrorized by his constant barrage of emails with threats and mocking us.  The only way we can close this matter and have Hecker out of our lives is with the Court's help.

Rule 16 of the Federal Rules of Civil Procedure (hereinafter referred to as "Rules" or "Rule") authorizes a federal court to "order the attorneys and any unrepresented parties to appear for one or more pretrial conferences for such purposes as ... expediting disposition of the action [or] facilitating settlement." See Fed. R. Civ. P. 16(a)(1), (a)(5). Mandatory attendance at such conferences is not, however, limited to attorneys and *pro se* litigants, as the Rule further provides that, where appropriate, "the court may require that a party or its representative be present or reasonably available by other means to consider possible settlement." See Chen v. Marvel Food Servs., LLC, No. 15-CIV.-6206 (JMA) (AYS), 2016 WL 6872626, at *2 (E.D.N.Y. Nov. 21, 2016) (citing Fed. R. Civ. P. 16(c)(1); see also 28 U.S.C. § 473(b)(5) (discussing mandatory appearance of representative with binding authority at settlement conferences)). Courts can stay proceedings as part of their inherent power to control the disposition of cases on their dockets. See Harrington v. Crater, No. 17-CIV.-2343, 2021 WL 1091911, at *3 (E.D.N.Y. Mar. 22, 2021) (citations omitted).

Accordingly, this Court should Order Plaintiffs – including all members of the Board and the Executive Director of the Center, who their counsel has stated no settlement can be reached without their approval – and Hecker to appear for a continued settlement conference before Judge Merkl with full settlement authority and in good faith with the parties ready to execute an agreement then-and-there without the need for further back-and-forth with Hecker who will undoubtedly seek to harass my husband and I again.

As a separate reason for an adjournment, to the extent his appearance is required (he has not filed a notice of appearance in this case), my attorney is required to be before the Hon. James M. Wicks, U.S.M.J. on Friday, May 8, 2026 in the morning in Central Islip and therefore will be unable to attend the conference currently scheduled for May 8, 2026 in this case.

We respectfully submit that there is no need to return to litigation at this point, which Hecker has continually threatened us with, and which only permits the senseless waste of resources by driving my husband and I further into massive debt, when the parties are otherwise ready to resolve were it not for Hecker's harassing behavior.

We beseech this Court for help in that regard. My husband and I thank this honorable Court for its time and attention to this case, and regret that this application was necessary.

Dated:  Ocean, New Jersey
      May 4, 2026

Respectfully submitted,

  /s/ Alevtina Ioffe
Alevtina Ioffe

  /s/ Juda Niayzov
Juda Niayzov

**VIA ECF**
All counsel of record

2