UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
FAIR HOUSING JUSTICE CENTER, INC.;                    24 Civ. 4201
PATRICIA DELONE-FELIX; STANLEY;
FELIX; BIANCA JONES; and ROSLYN                       **SO-ORDERED SETTLEMENT**
SEALE,                                                **AGREEMENT**
                                    Plaintiffs,

            v.

JUDA NIAYZOV; ALEVTINA IOFFE;
EXCLUSIVE PROPERTIES REALTY, INC.;
NDERIM DEMIROVIC; 202 MARINE LLC;
XUEQIANG ZHENG; YU LI WENG; XIAN
JIN ZHANG; AND REMAX EDGE REALTY
LLC,

                                    Defendants.
----------------------------------------------------------------X

WHEREAS, Plaintiffs FAIR HOUSING JUSTICE CENTER, INC. ("FHJC"), PATRICIA

DELONE-FELIX, STANLEY, FELIX; BIANCA JONES, and ROSLYN SEALE (collectively,

"Plaintiffs") filed a Third Complaint on March 10, 2025 (the "Third Amended Complaint") in this

action (the "Action") asserting claims against Defendants JUDA NIAYZOV, ALEVTINA IOFFE,

EXCLUSIVE PROPERTIES REALTY, INC., NDERIM DEMIROVIC, 202 MARINE LLC,

XUEQIANG ZHENG, YU LI WENG, XIAN JIN ZHANG, and REMAX EDGE REALTY, LLC;

WHEREAS, Plaintiffs sought leave to add Womcore LLC as an additional Defendant, and

Womcore LLC has agreed to be a party to this So-Ordered Settlement Agreement (the

"Agreement");

1

WHEREAS, Defendants JUDA NIAYZOV, ALEVTINA IOFFE, EXCLUSIVE PROPERTIES REALTY, INC. (collectively, the "Niayzov Defendants") are simultaneously entering into a separate settlement agreement with Plaintiffs;

WHEREAS, NDERIM DEMIROVIC, 202 MARINE LLC, XUEQIANG ZHENG, and YU LI WENG shall be referred to herein collectively as the "Owner Defendants," XIAN JIN ZHANG, REMAX EDGE REALTY, LLC, and WOMCORE LLC dba REMAX EDGE and WOMCORE LLC shall be referred to herein collectively as the "Broker Defendants," REMAX EDGE REALTY, LLC, WOMCORE LLC, and WOMCORE LLC dba REMAX EDGE shall be referred to herein collectively as "Remax," and the Owner Defendants and the Broker Defendants shall be referred to herein collectively as the "Defendants";

WHEREAS, this action involves allegation concerning, inter alia, 581 West Caswell Avenue, 202 Marine Avenue, and 2732 East 65th Street (collectively, the "Properties");

WHEREAS, the Defendants have each denied the allegations of wrongdoing and liability as set forth in the Third Amended Complaint and by entering this Agreement do not intend to admit the same;

WHEREAS, the Plaintiffs and the Defendants now wish voluntarily to resolve the claims raised in the Third Amended Complaint according to the terms set forth in this Agreement as a compromise to avoid the cost and uncertainty of litigation; and

WHEREAS, the Plaintiffs and the Defendants have agreed to the terms of this Agreement and jointly request that it be so-ordered by the Court, as indicated by the signatures appearing below, the Court's willingness to so-order this Agreement being a material condition of the Parties' willingness to enter into it;

NOW, THEREFORE, it is hereby AGREED by and between the Plaintiffs and the Defendants, and the Court hereby ORDERS, as follows:

## I.   TERM AND SCOPE OF AGREEMENT

1.      The effective date of this Agreement shall be one (1) day after it is executed by each of the Parties (the "Effective Date").

2.      All obligations under this Agreement, unless otherwise specified, shall commence on the Effective Date.

3.      All obligations under this Agreement, unless otherwise specified, shall continue for a period of three (3) years from the Effective Date (the "Term").

4.      This Agreement shall bind Plaintiffs, the Defendants and each of their owners, members, principals, shareholders, officers, employees, agents, affiliates, related entities, successors, and/or assigns.

5.      The terms of this Agreement shall apply to any and all policies, procedures, and practices relating directly or indirectly to the provision of residential real estate agency or brokerage services performed directly or indirectly by any of the Broker Defendants and to all policies, procedures, and practices of the Owner Defendants relating directly or indirectly to the renting of units at the Properties.

## II.   MONETARY PAYMENTS

6.      The Defendants shall collectively pay Plaintiffs and their attorneys, Wang Hecker LLP, the total sum of $468,000.00 (the "Settlement Amount") in full and final settlement of all of Plaintiffs' claims, including but not limited to any and all claimed damages, attorneys' fees, and costs.   This payment shall be made by check payable to "Wang Hecker LLP, as

Attorneys" and delivered to Wang Hecker LLP at 111 Broadway, Suite 1406, New York, New York 10006, within thirty (30) days after the last of the following conditions precedent have been satisfied: the Court so-orders this Agreement fully executed by all Parties and the receipt by defense counsel of Wang Hecker LLP's W-9.

7. To the extent there are any tax ramifications, Plaintiffs shall be solely responsible for the payment of any and all taxes due to be paid by them on the Settlement Amount, and Plaintiffs shall make no claim against any of the Defendants, their respective counsel or insurers, or reinsurers, for payment of any such taxes, or any interest or penalties. In the event the Internal Revenue Service, or any other taxing authority, court or other tribunal ultimately determines that the foregoing payments, or any portion thereof, constitutes wages or other remuneration for which any taxes are due and owing, Plaintiffs shall be solely responsible for the payment of taxes due to be paid by them.

8. Plaintiffs represent that they know of no liens against the proceeds of the Settlement Amount.

9. Niayzov Defendants are solely and separately responsible for fulfilling the terms of their separate settlement agreement. NDERIM DEMIROVIC, 202 MARINE LLC, XUEQIANG ZHENG, YU LI WENG, XIAN JIN ZHANG, and REMAX EDGE REALTY, LLC shall not be liable for the payment obligations set forth in the Niayzov Defendants' separate settlement agreement.

## III. GENERAL INJUNCTIVE RELIEF

10. Each of the Defendants agree that he, she, or it shall not discriminate against any persons on the basis of any characteristics protected by law in any manner whatsoever, directly

or indirectly, with respect to the marketing, brokerage, or rental of any apartments, houses, dwellings, or other housing accommodations of any kind.

11.    The Defendants and their employees and agents shall not discriminate against persons on the basis of race or color regarding the rental of dwellings and housing accommodations in violation of the federal Fair Housing Act, 42 U.S.C. § 3601 *et seq.*, New York Executive Law § 290 *et seq.* (where applicable) and the New York City Human Rights Law, New York City Administrative Code § 8-107 (where applicable), in any manner, including without limitation:

    a.  Refusing to rent, refusing to negotiate, refusing or failing to provide or offer information about, or otherwise making unavailable, withholding, or denying a dwelling or housing accommodation to persons because of race or color;

    b.  Representing that any dwelling or housing accommodation is not available for inspection or rental because of a person's race or color when such dwelling or housing accommodation is, in fact, so available, including refusing on the basis of race or color to show apartments that are available to rent;

    c.  Imposing different terms, conditions, or privileges of rental of a dwelling or housing accommodation because of race or color, including stating different amounts of rent for the same apartment and not providing information about availability and/or applications to prospective tenants because of race or color;

5

d.  Making statements with respect to the rental of a dwelling that indicates a preference, limitation, or discrimination based on race or color or an intention to make any such preference, limitation, or discrimination; or declaring, printing, or causing to be declared or printed a statement or advertisement which expresses, directly or indirectly, a limitation, specification or discrimination as to race or color; and

e.  Coercing, intimidating, threatening or interfering with any person, in the exercise or enjoyment of, or on account of his having exercised or enjoyed, or on account of his having aided or encouraged any other person in the exercise or enjoyment of rights guaranteed by the said federal Fair Housing Act and state and local fair housing laws pertaining to discrimination based on race or color.

12.   The Defendants and their employees and agents shall apply neutral policies, procedures, requirements, rules and regulations to all persons who inquire about apartments to rent or who submit applications for rent.

## IV.   FAIR HOUSING POLICIES

13.   As of the Effective Date, each of the Defendants shall adopt the attached equal housing opportunity policy in the form of **Exhibit A** (the "Policy") and adhere to the Policy throughout the Term.  Terms used in the Policy shall be interpreted in accordance with applicable federal, state, and city fair housing laws.

14.   Each of the Owner Defendants shall distribute the Policy to any and all brokers or agents who are directly involved in the process of renting apartments at any of the

Properties on any of the Owner Defendants' behalf.  Each such person shall sign **Exhibit B** to this Agreement.

15.     Remax shall distribute the Policy to any and all brokers or agents who are affiliated with them.  Each such person shall sign **Exhibit B** to this Agreement.

16.     Throughout the Term, each of the Owner Defendants shall ensure that for each apartment that becomes available to rent in any of the Properties, and each of the Broker Defendants shall ensure that for each apartment in any of the Properties that any of the Broker Defendants are involved in listing or renting, an advertisement shall be posted on Streeteasy, Zillow, Trulia, or Apartments.com, as follows in this Paragraph.  Each Advertisement shall include (a) the number of bedrooms, (b) the amount of the rent, (c) the address of the building in which the apartment is located, (d) the name of the entity or person posting the advertisement, (e) the contact information for responding to the advertisement, and (f) the phrase "Equal Housing Opportunity" in distinguishable and noticeable text, either a large font (at least 4 points larger than the font for the remainder of the advertisement), or if the website does not allow for different font sizes, then in all bold and/or all capital letters.  The Advertisement shall state prominently the sentence "We do not discriminate on the basis of race, color, ethnicity, national origin, religion, creed, sex, familial status, disability, age, marital status, military or veteran status, sexual orientation, gender identity, lawful source of income (including government housing subsidy), immigration/citizenship status, domestic partnership status, lawful occupation, status as a survivor of domestic violence, sexual abuse, or stalking, height, weight, and any other characteristics protected by law." in distinguishable and noticeable text, either a large font (at least 4 points larger than the font for the remainder of the advertisement), or if the website does

not allow for different font sizes, then in all bold and/or all capital letters. Until the Advertisement is so posted, the Owner Defendants and each of their principals, agents, employees, or contractors shall not inform any prospective applicants or tenants or current tenants in writing or verbally about the availability of the apartment, shall not show the apartment, and shall not take any other actions to rent the apartment. The Advertisement shall be posted on Streeteasy, Zillow, Trulia, or Apartments.com at least once per day for at least seven consecutive days before any decision is made with respect to which prospective tenant to rent the available apartment to. This obligation does not limit the Owner Defendants or the Broker Defendants or their principals, agents, employees or contractors from advertising any units available to rent in any of the Properties on other websites or in other locations provided (a) that such Advertisements are consistent with the requirements of this Paragraph; (b) that such Advertisements are placed in addition to, and not in lieu of, the Advertisement; and (c) that such Advertisements are not placed, and that an available apartment in the Properties is not advertised through any channel, until the Advertisement first has been posted for seven consecutive days as required above.

17.    The Defendants shall ensure that the following sentences are printed in a prominent and readable manner on (a) all email communications with prospective tenants or prospective applicants for housing accommodations; (b) on the main page of their websites (if they maintain a website); and (c) on each individual page of their websites advertising an available rental unit (if they maintain a website):

> "We do not discriminate on the basis of race, color, ethnicity, national origin, religion, creed, sex, familial status, disability, age, marital or partnership status, military or veteran status, sexual orientation, gender identity, lawful source of income (including government housing

8

subsidies), immigration/citizenship status, lawful occupation, status as a survivor of domestic violence, sex abuse or stalking, height, weight, and any other characteristics protected by law."

18.    Remax shall ensure that a Housing and Urban Development ("HUD") fair housing poster, HUD Form 928.1, which is attached hereto as **Exhibit C**, a New York State Division of Licensing Services "Housing and Anti-Discrimination Notice" poster, which is attached hereto as **Exhibit D**, a New York State Division of Human Rights poster, which is attached hereto as **Exhibit E**, and a New York City Fair Housing Poster, which is attached hereto as **Exhibit F**, are posted and prominently displayed in their offices where the public will see them.  202 Marine LLC shall ensure that each such poster is displayed in the lobby or vestibule of 202 Marine Avenue.  Remax and 202 Marine LLC shall ensure that such posters remain so posted continuously and are promptly replaced if ever removed by a third party.

19.    Remax shall continue to print a fair housing logo and/or "equal housing opportunity" (see attached **Exhibit G**) on all Advertisements.

## V.    FAIR HOUSING TRAINING

20.    During the Term, the Owner Defendants shall not permit any person to perform any agency, brokerage, or administrative services on their behalf (including without limitation engaging with prospective tenants, engaging with landlords, showing apartments, and/or submitting applications) unless such person has been trained pursuant to Paragraphs 23-27 below.  Plaintiffs shall provide Defendants with a list of agencies whose brokers have been trained by FHJC.

21.    During the Term, Remax shall not permit any person to perform any agency, brokerage, or administrative services on their behalf (including without limitation

9

engaging with prospective tenants, engaging with landlords, showing apartments, and/or submitting applications) unless such person has been trained pursuant to Paragraphs 23-27 below.

22.    During the Term, XIAN JIN ZHANG shall not perform any agency, brokerage, or administrative services (including without limitation engaging with prospective tenants, engaging with landlords, showing apartments, and/or submitting applications) unless he has been trained pursuant to Paragraphs 23-27 below.

23.    Within sixty (60) calendar days after the Effective Date, fair housing training (the "Training") shall be completed by (a) Nicholas Sekas of 202 Marine LLC; (b) Nderim Demirovic; (c) Yu Li Weng (with the assistance of a certified Mandarin translator, to be arranged and paid for by Yu Li Weng); (d) Xian Jin Zhang and (e) any person who performs any agency or brokerage services on behalf of Remax.  With respect to (e), in the event that no more than five (5) such persons have good cause to miss the Training due to sickness or an unforeseen emergency, then such persons shall be permitted to perform such services immediately upon written notice to FHJC by email identifying their names, so long as each such person completes the training either during the next FHJC training available by Zoom not associated with this Action or in-person FHJC-approved training located within 15 miles from the Remax location at which they are associated, whichever is sooner; and in the event that any such person misses the make-up Training, he or she shall be prohibited from performing any agency or brokerage services on behalf of Remax until he or she has completed the Training.  In the event that more than five (5) such persons have good cause to miss the Training due to sickness or an unforeseen emergency, then such persons shall be permitted to perform such services immediately so long as

10

(i) written notice is immediately provided to FHJC by email identifying their names and (ii) each such person completes the training within ten (10) business days at Remax's expense (if no FHJC approved trainer is available, then the next available business day an FHJC approved trainer is available with written notice from FHJC to Remax of the FHJC approved trainer availablity); and in the event that any such person fails to completes the training within ten (10) business days, he or she shall be prohibited from performing any agency or brokerage services on behalf of Remax until he or she has completed the Training.

24.    The Training will be conducted by an entity or person designated or approved by FHJC, and the cost of the Training shall be paid by the Defendants (Defendants shall determine among themselves how the cost shall be allocated).  The Training may be conducted via a virtual platform (such as Zoom), and participation through such remote means shall satisfy the Training requirement set forth herein; provided, however that an announcement shall be made at the outset of the Training that all attendees shall be attentive, keep their cameras on, and not be engaged in other activities during the Training and that it will be not recorded. The Defendants shall be responsible for any rental cost to secure the location for the Training, which shall take place at a reasonably convenient location designated by the Defendants at a suitable business office containing a table and sufficient chairs for the trainer and each trainee (unless it is done via virtual platform).  The Defendants shall use their best efforts to identify at least three (3) dates within the forty-five (45) day period during which all of the individuals required to be trained are available.  In the event that the designated or approved trainer is not available to conduct the Training on any of these proposed dates, FHJC shall, in its discretion,

11

either (i) designate an alternative trainer to conduct the Training on one of the proposed dates, or (ii) agree to a reasonable extension of the forty-five (45) day period.

25. Remax shall send a notice via email to all required trainees in the form of **Exhibit H**.

26. The Training shall last for four (4) hours and shall include information about federal, state, and local fair housing laws as they relate to all aspects of the renting of apartments, including source of income discrimination, as well as instruction on the terms of the Agreement.

27. The individuals trained shall verify their attendance at the Training in writing. Within fourteen (14) calendar days of the date of the Training required by this Agreement, the Defendants shall provide FHJC with a copy of the attendance verifications and the date on which the Training was conducted by sending such verifications via Federal Express or other similar overnight courier to FHJC's primary business address, which currently is 30-30 Northern Blvd, Suite 302, Long Island City, NY 11101, to the attention of Legal Director David Berman, or another individual designated by FHJC, or by email to dberman@fairhousingjustice.org with a copy to ehecker@wanghecker.com.

28. The Training shall occur again on or about the second anniversary of the first Training in the manner set forth above, with all then-current applicable persons attending the Trainings at such time and all attendance verifications provided to FHJC.

29. If, during the first two years of the Term, Remax wishes to employ, contract with, or otherwise engage a person who has not been trained pursuant to Paragraphs 23-27 to perform any agency or brokerage services its behalf, either (a) such person shall be trained, at

Remax's expense, by a trainer to be approved by FHJC before he or she shall be permitted to perform any such services; or (b) he or she shall be permitted to perform any such services immediately upon written notice to FHJC so long as he or she completes the training either (i) during the next FHJC training by Zoom not associated with this Action, or in person if located within 15 miles from the Remax office at which they are associated, or (ii) during the next annual Training pursuant to Paragraph 28 above, whichever is sooner. Upon request by Remax, FHJC shall provide information to Remax regarding any scheduled Training pursuant to (b)(i) above.

## VI.   RECORDKEEPING PROVISIONS

30.    Throughout the Term, the Defendants shall maintain the following records (for the avoidance of doubt, nothing herein shall require the creation of records, but if the records set forth below are received, they must be maintained):

    a.  Signed copies of all Exhibits B;

    b.  All Training attendance verifications;

    c.  Copies of all Advertisements relating to any units at any of the Properties rented during the term of this Agreement;

    d.  All rental applications relating to any units at any of the Properties rented during the term of this Agreement and their attachments, including driver's licenses, passports, other photograph identification that are submitted, or other application materials that are submitted;

    e.  Records detailing how each applicant relating to any units at any of the Properties rented during the term of this Agreement learned about the apartment for which he or she applied, whether a real estate broker or agent was involved, and the name and company affiliation of any such real estate broker or agent; and

    f.  Records sufficient to determine whether a rental application relating to any units at any of the Properties rented during the term of this Agreement was accepted or denied, the date of such acceptance or denial, and the reason for the denial. Such information may be written

and/or stamped on the application or maintained in any reasonable accessible way.

31.    Upon reasonable notice and no more than two times per calendar year, the Defendants shall permit FHJC to inspect and copy the records described in the preceding Paragraph.

## VII.    DISMISSAL OF COMPLAINT

32.    Within three (3) business days of the date that the payment required by Paragraph 6 of this Agreement is made, the Plaintiffs, by their counsel, shall file a Stipulation of Dismissal providing for dismissal of all claims against the Defendants with prejudice, and noting that this Court retains jurisdiction for enforcement purposes pursuant to Paragraph 36. Except as expressly provided herein, each side shall bear their own attorneys' fees and costs in this action.

## VIII.    RELEASES

33.    Conditioned upon the making the payment required by Paragraph 6 above, Plaintiffs and the entities they own or control, and their estates, heirs, and their current, former and future affiliates, assigns, administrators, trustees, agents, representatives, insurers, reinsurers, attorneys, servants and employees, individually and as representatives of Plaintiffs hereby release, acquit, and forever discharge with prejudice each of the Defendants, along with Womcore LLC dba Remax Edge, and their current and former respective principals, associates, affiliates, assigns, estates, heirs, predecessors, related entities, successors, officers, directors, administrators, trustees, agents, representatives, insurers (including but not limited to their underwriters, names, and third-party administrators), reinsurers, attorneys, servants and employees, individually and as representatives of the Releasees, of all Claims, suits, debts, dues, accounts, reckonings, bonds, bills, specialties, covenants, contracts, bonuses, controversies, agreements, promises, complaints,

damages, allegations of fraud, sums of money, interest, attorneys' fees and costs, or causes of action of any kind or nature whatsoever without limitation, whether in contract, at law or in equity that arise out of or relate to the allegations asserted in the Action. Nothing in this Paragraph shall preclude Plaintiffs from seeking to enforce the terms of this Agreement.

34.     Nothing contained herein shall be deemed to be an admission by the Defendants that they have violated Plaintiffs' rights, or the rights of any other person or entity, as defined in the constitutions, statutes, ordinances, rules or regulations of the United States, the State of New York, or the City of New York. This Agreement represents a settlement of all disputed Claims among the Parties, and nothing herein constitutes an admission of liability or guilt or noncompliance with any federal, state or local statute, public policy or law or of any other wrongdoing whatsoever; which liability has been expressly denied, nor may this Agreement be used in any proceeding as evidence of liability or wrongdoing on the part of any party. The Parties understand and agree they enter into this Agreement solely for the purposes of avoiding additional costs and risks associated with further proceedings in this matter.

35.     Each of the Defendants hereby release, acquit, and forever discharge each of the Plaintiffs and each of their owners, members, partners, shareholders, agents, trustees, board members, insurers, attorneys, subsidiaries, affiliates, and related entities, executives, heirs, successors, and assigns from any and all claims, demands, causes of action, or liabilities, whether at law or in equity, that any of the Defendants now have or ever had against any of the Plaintiffs arising from or relating to the allegations in the Third Amended Complaint filed in this action. Nothing in this Paragraph shall preclude the Defendants from seeking to enforce the terms of this Agreement.

## IX.  ADMINISTRATION OF AGREEMENT

36.    The United States District Court for the Eastern District of New York shall retain jurisdiction to enforce the terms of this Agreement upon the filing of an appropriate motion by either party.

37.    The parties to this Agreement shall endeavor in good faith to resolve informally any differences regarding the interpretation of and/or compliance with this Agreement prior to filing a motion with the Court to enforce and/or modify this Agreement.

38.    If any Plaintiff succeeds in moving to enforce any aspect of this Agreement against and of the Defendants due to such Defendant's breach of this Agreement, then such Defendant shall reimburse such Plaintiff for all costs reasonably incurred in connection with such motion, including without limitation reasonable attorneys' fees and the reasonable costs of any testing conducted by FHJC that is related to the breach at issue.

39.    Any correspondence relating to this Agreement may be sent to FHJC at its primary business address, which is currently 30-30 Northern Blvd, Suite 302, Long Island City, NY 11101, to the attention of David Berman, Legal Director, or another individual designated by FHJC, with a copy to Wang Hecker LLP, 11 Broadway Suite 1406, New York, New York 10006, to the attention of Eric Hecker, or by email to dberman@fairhousingjustice.org with a copy to ehecker@wanghecker.com.  Any correspondence relating to this Agreement may be sent to any Defendant to the attention of their counsel of record in the Action.

## X.   MISCELLANEOUS

40.     Defendants shall not retaliate against any Plaintiff for asserting any claim in the Third Amended Complaint.

41.     If any provision of this Agreement is declared invalid or unenforceable by a court having competent jurisdiction, it is mutually agreed that this Agreement shall endure except for the part declared invalid or unenforceable by order of such court, unless the elimination of the invalid provision shall materially affect the intent of this Agreement.  The parties to this Agreement shall consult and use their best efforts to agree upon a valid and enforceable provision that shall be a reasonable substitute for such invalid or unenforceable provision in light of the intent of this Agreement and to incorporate such substitute provisions into an amended and restated version of the Agreement.

42.     This Agreement contains all the terms and conditions agreed upon by the parties hereto, and no oral agreement entered into at any time prior to the execution of this Agreement regarding the subject matter of the instant proceeding shall be deemed to exist, or to bind the parties hereto, or to vary the terms and conditions contained herein.

43.     The parties expressly represent and warrant that they have full legal capacity to enter into this Agreement, that they have carefully read and fully understand this Agreement, that they have had the opportunity to review this Agreement with their attorneys and that they have executed this Agreement voluntarily, without duress, coercion, or undue influence.

44.     This Agreement shall be deemed to have been jointly drafted and no provision herein shall be interpreted or construed for or against any party because such party drafted or requested such provision, or this Agreement as a whole.

17

45.     This Agreement may be executed in any number of counterparts and each such counterpart shall be deemed to be an original.  For purposes of executing this Agreement, a document signed and transmitted by facsimile or e-mail shall be treated as an original document and have the same binding legal effect as an original signature on an original document.

**AGREED TO BY THE PARTIES:**

For:  FAIR HOUSING JUSTICE CENTER, INC., *Plaintiff*

_____               Dated: _____May 13_____, 2026
Marie Winfield, Executive Director
Fair Housing Justice Center

For:  Patricia Delone-Felix, *Plaintiff*

_____               Dated: _____, 2026
Patricia Delone-Felix

For:  Stanley Felix, *Plaintiff*

_____               Dated: _____, 2026
Stanley Felix

For:  Bianca Jones, *Plaintiff*

_____               Dated: _____, 2026
Bianca Jones

45.    This Agreement may be executed in any number of counterparts and each such counterpart shall be deemed to be an original.  For purposes of executing this Agreement, a document signed and transmitted by facsimile or e-mail shall be treated as an original document and have the same binding legal effect as an original signature on an original document.

**AGREED TO BY THE PARTIES:**

For:  FAIR HOUSING JUSTICE CENTER, INC., *Plaintiff*

_____        Dated: _____, 2026
Marie Winfield, Executive Director
Fair Housing Justice Center

For:  Patricia Delone-Felix, *Plaintiff*

_____
Patricia Delone (May 13, 2026 17:36:10 EDT)        Dated: 13/05/2026 _____, 2026
Patricia Delone-Felix

For:  Stanley Felix, *Plaintiff*

_____        Dated: _____, 2026
Stanley Felix

For:  Bianca Jones, *Plaintiff*

_____        Dated: _____, 2026
Bianca Jones

18

45.      This Agreement may be executed in any number of counterparts and each such counterpart shall be deemed to be an original. For purposes of executing this Agreement, a document signed and transmitted by facsimile or e-mail shall be treated as an original document and have the same binding legal effect as an original signature on an original document.

**AGREED TO BY THE PARTIES:**

For: FAIR HOUSING JUSTICE CENTER, INC., *Plaintiff*

_____    Dated: _____, 2026
Marie Winfield, Executive Director
Fair Housing Justice Center

For: Patricia Delone-Felix, *Plaintiff*

_____    Dated: _____, 2026
Patricia Delone-Felix

For: Stanley Felix, *Plaintiff*

*Stanley Felix*
Stanley Felix (May 13, 2026 17:28:12 EDT)    Dated: 13/05/2026 _____, 2026
Stanley Felix

For: Bianca Jones, *Plaintiff*

_____    Dated: _____, 2026
Bianca Jones

18

45.     This Agreement may be executed in any number of counterparts and each such counterpart shall be deemed to be an original.  For purposes of executing this Agreement, a document signed and transmitted by facsimile or e-mail shall be treated as an original document and have the same binding legal effect as an original signature on an original document.

**AGREED TO BY THE PARTIES:**

For:  FAIR HOUSING JUSTICE CENTER, INC., *Plaintiff*

| | |
|---|---|
| _____ | Dated: _____, 2026 |

Marie Winfield, Executive Director
Fair Housing Justice Center

For:  Patricia Delone-Felix, *Plaintiff*

| | |
|---|---|
| _____ | Dated: _____, 2026 |

Patricia Delone-Felix

For:  Stanley Felix, *Plaintiff*

| | |
|---|---|
| _____ | Dated: _____, 2026 |

Stanley Felix

For:  Bianca Jones, *Plaintiff*

| | |
|---|---|
| Bianca Jones (May 13, 2026 16:53:49 MDT) | Dated: 13/05/2026 , 2026 |

Bianca Jones

18

For:  Roslyn Seale, *Plaintiff*

*Roslyn Seale*
Roslyn Seale (May 13, 2026 23:22:39 EDT)            Dated: __13/05/2026_____, 2026
Roslyn Seale



For:  Nderim Demirovic, *Defendant*


_____            Dated: _____, 2026
Nderim Demirovic



For:  Yu Li Weng, *Defendant*


_____            Dated: _____, 2026
Yu Li Weng



For:  Xueqiang Zheng, *Defendant*


_____            Dated: _____, 2026
Xueqiang Zheng



For:  202 Marine LLC, *Defendant*


_____            Dated: _____, 2026
Name:
Title:


19

For:  Roslyn Seale, *Plaintiff*

_____     Dated: _____, 2026
Roslyn Seale


For:  Nderim Demirovic, *Defendant*

Signed by:

*Nderim Demirovic*

EC73D148ED80484...

_____     Dated: __May 13,_____, 2026
Nderim Demirovic


For:  Yu Li Weng, *Defendant*

_____     Dated: _____, 2026
Yu Li Weng


For:  Xueqiang Zheng, *Defendant*

_____     Dated: _____, 2026
Xueqiang Zheng


For:  202 Marine LLC, *Defendant*

_____     Dated: _____, 2026
Name:
Title:

19

For: Roslyn Seale, *Plaintiff*

_____     Dated: _____, 2026
Roslyn Seale


For: Nderim Demirovic, *Defendant*

_____     Dated: _____, 2026
Nderim Demirovic


For: Yu Li Weng, *Defendant*

_____     Dated: _____, 2026
Yu Li Weng


For: Xueqiang Zheng, *Defendant*

_____     Dated: _____, 2026
Xueqiang Zheng


For: 202 Marine LLC, *Defendant*

_____     Dated: _____, 2026
Name:
Title:

For:  Roslyn Seale, *Plaintiff*

_____     Dated: _____, 2026
Roslyn Seale


For:  Nderim Demirovic, *Defendant*

_____     Dated: _____, 2026
Nderim Demirovic


For:  Yu Li Weng, *Defendant*

_____     Dated: _____, 2026
Yu Li Weng


For:  Xueqiang Zheng, *Defendant*

_____     Dated: _____, 2026
Xueqiang Zheng


For:  202 Marine LLC, *Defendant*

*Nicholas Sekas*
_____     Dated: _____ May 16 _____, 2026
Name:    Nicholas Sekas
Title:    Member


19

XIAN JIN ZHANG

For: ~~Jin Zhang~~, *Defendant*


Xian Jin Zhang                                    Dated: __5/14/2026__, 2026


For: Remax Edge Realty LLC, *Defendant* aka Remax Edge


_____          Dated: _____, 2026
Name:
Title:


For: Womcore LLC dba Remax Edge, *Non-Party*


_____          Dated: _____, 2026
Name:
Title:


It is SO ORDERED this _____ day of _____, 2026


_____
LaShann DeArcy Hall, U.S.D.J.

20

For:  Jin Zhang, *Defendant*

_____    Dated: _____, 2026
Xian Jin Zhang


For:  Remax Edge Realty LLC, *Defendant* aka Remax Edge

_____    Dated: _5/13/_____, 2026
Name:  Michael Napolitano
Title:  President


For:  Womcore LLC dba Remax Edge, *Non-Party*

_____    Dated: 5/13_____, 2026
Name:  Michael Napolitano
Title:  President



It is SO ORDERED this _____ day of _____, 2026


_____
LaShann DeArcy Hall, U.S.D.J.

## EXHIBIT A

## EQUAL HOUSING OPPORTUNITY POLICY

_____ is committed to equal housing opportunity.  Consistent with this policy, you must not do any of the following during the course of your work for our companies:

1.  Refuse to show, refuse to negotiate for the rental of, refuse to rent, or otherwise make unavailable or deny, an apartment to any person because of race, color, religion, creed, sex, familial status, national origin, disability, lawful source of income, marital or partnership status, age, sexual orientation, gender identity, immigration or citizenship status, ethnicity, lawful occupation, military or veteran status, a person's status as a victim of domestic violence, sexual abuse, or stalking, height, or weight  (each is a "prohibited basis");

2.  Discriminate against any person in the terms, conditions or privileges of renting an apartment or in providing services or facilities in connection with renting an apartment because of a prohibited basis, including stating or quoting different rents for the same apartments to people of different races;

3.  Make any verbal or written statement, including advertising, with respect to the rental of an apartment that indicates any preference, limitation, or discrimination concerning a prohibited basis; and

4.  Represent to any person because of a prohibited basis that any apartment is not available for inspection or rental when such apartment is in fact so available.  An apartment is not available to show if an application has been submitted with a deposit to hold the apartment.

5.  Refuse to rent, refusing to negotiate, refusing or failing to provide or offer information about, or otherwise making unavailable, withholding, or denying a dwelling or housing accommodation to persons because of prohibited basis;

6.  Delay or otherwise impeding the opportunity of any person who to see or apply for a housing accommodation because of a prohibited basis.

7.  Aid, abet, facilitate, or acquiesce in the imposition of different terms, conditions, or privileges of rental of a dwelling or housing accommodation because of a prohibited basis; or

8.  Coerce, intimidate, threaten, or otherwise interfere with any person, in the exercise or enjoyment of, or on account of his or her having exercised or enjoyed, or on account of his or her having aided or encouraged any other person in the exercise or enjoyment of

21

rights guaranteed by state and local fair housing laws pertaining to discrimination based on a prohibited basis.

You should understand that any violation of this Equal Housing Opportunity Policy will lead to discipline, up to and including termination of your work with our companies.

22

## **EXHIBIT B**

## **ACKNOWLEDGMENT AND AGREEMENT**

I acknowledge that I have received and read the Equal Housing Opportunity Policy for
_____. I agree to comply with the terms of the Policy and with all federal, state, and local
housing discrimination laws.


_____

DATE


_____

EMPLOYEE/AGENT NAME (PRINT)


_____

EMPLOYEE/AGENT SIGNATURE

**EXHIBIT C**



U. S. Department of Housing and Urban Development



**EQUAL HOUSING
OPPORTUNITY**

**We Do Business in Accordance With the Federal Fair
Housing Law**
(The Fair Housing Amendments Act of 1988)

---

# It is Illegal to Discriminate Against Any Person Because of Race, Color, Religion, Sex, Handicap, Familial Status, or National Origin

---

In the sale or rental of housing or residential lots

In advertising the sale or rental of housing

In the financing of housing

In the provision of real estate brokerage services

In the appraisal of housing

Blockbusting is also illegal

---

Anyone who feels he or she has been discriminated against may file a complaint of housing discrimination:
    1-800-669-9777 (Toll Free)
    1-800-927-9275 (TTY)
    www.hud.gov/fairhousing

U.S. Department of Housing and Urban Development
Assistant Secretary for Fair Housing and Equal Opportunity
Washington, D.C. 20410

---

Previous editions are obsolete

form HUD-928.1 (8/2011)

24

**EXHIBIT D**

Kathy Hochul
Governor



**NEW YORK STATE** | **Department of State**
**Licensing Services**

A Division of the New York Department of State

Walter T. Mosley
Secretary of State

# NYS HOUSING AND ANTI-DISCRIMINATION NOTICE

*Federal, State and Local Fair Housing and Anti-discrimination Laws protect individuals from housing discrimination. It is unlawful to discriminate based on certain protected characteristics, which include, but are not limited to: race, creed, color, national origin, citizenship or immigration status, sexual orientation, gender identity or expression, military status, sex, age, disability, marital status, status as a victim of domestic violence, lawful source of income or familial status.*

## THE FOLLOWING ARE SOME EXAMPLES OF POTENTIAL FAIR HOUSING VIOLATIONS:

■ Refusing to rent, sell or show a property based on a potential tenant or purchaser's protected characteristic.

■ Quoting a higher price to a purchaser or renter because of the potential purchaser or tenant's protected characteristic.

■ Refusing to rent to a tenant who has children or increasing a security deposit based on the number of children who will be living in the apartment.

■ Steering prospective tenants or purchasers to certain neighborhoods based on any protected characteristics.

■ Refusing to rent to a potential tenant because of their source of income, including but not limited to, Section 8 vouchers or other government subsidies.

■ Refusing to waive a "no pet" policy for tenants that require a service, assistance or emotional support animal.

■ Discriminating at the direction of a seller or landlord or because it is the preference of a seller or landlord.

■ Refusing to rent to a renter who is a victim of domestic violence.

## YOU HAVE THE RIGHT TO FILE A COMPLAINT

■ New York State, Department of State: (518) 474-4429

■ New York State, Division of Human Rights: (844) 862-8703

**ALBANY OFFICE:** One Commerce Plaza, 99 Washington Avenue, P.O. Box 22001, Albany, NY 12201-2001
• Customer Service: (518) 474-4429 • Website: dos.ny.gov • E-Mail: help@dos.ny.gov

**REGIONAL OFFICES:**
• BINGHAMTON • BUFFALO • HAUPPAUGE • NEW YORK CITY • UTICA

*This sign must be prominently posted in all real estate broker offices and at all public open houses.*

(Rev. 02/25)

**EXHIBIT E**



**NEW YORK STATE | Division of Human Rights**

# 1-888-392-3644
# dhr.ny.gov

THIS ESTABLISHMENT IS SUBJECT TO THE NEW YORK STATE HUMAN RIGHTS LAW (EXECUTIVE LAW, ARTICLE 15)

Discrimination based upon age, race, creed, color, national origin, sexual orientation, military status, sex, pregnancy, gender identity or expression, citizenship or immigration status, disability, domestic violence victim status, familial status, or marital status is prohibited by the New York State Human Rights Law. Sexual harassment or harassment based upon any of these protected classes also is prohibited.

### ALL EMPLOYERS, EMPLOYMENT AGENCIES, LABOR ORGANIZATIONS AND APPRENTICESHIP TRAINING PROGRAMS

Also prohibited: discrimination in employment on the basis of Sabbath observance or religious practices; hairstyles associated with race (also applies to all areas listed below); prior arrest or conviction record; predisposing genetic characteristics; pregnancy-related conditions.

Reasonable accommodations for persons with disabilities and pregnancy-related conditions including lactation may be required. A reasonable accommodation is an adjustment to a job or work environment that enables a person with a disability to perform the essential functions of a job in a reasonable manner.

Also covered: domestic workers; interns and nonemployees working in the workplace (for example temp or contract workers) are protected from all discrimination described above.

### RENTAL, LEASE OR SALE OF HOUSING, LAND AND COMMERCIAL SPACE, INCLUDING ACTIVITIES OF REAL ESTATE BROKERS AND SALES PEOPLE

Also prohibited: discrimination on the basis of lawful source of income (for example housing vouchers, disability benefits, child support); familial status (families with children or being pregnant); prior arrest or sealed conviction; commercial boycotts or blockbusting.

Reasonable accommodations and modifications for persons with disabilities may also be required.

Does not apply to:
(1) rental of an apartment in an owner-occupied two-family house
(2) restrictions of all rooms in a housing accommodation to individuals of the same sex
(3) rental of a room by the occupant of a house or apartment
(4) sale, rental, or lease of accommodations of housing exclusively to persons 55 years of age or older, and the spouse of such persons

### ALL CREDIT TRANSACTIONS INCLUDING FINANCING FOR PURCHASE, MAINTENANCE AND REPAIR OF HOUSING

### PLACES OF PUBLIC ACCOMMODATION SUCH AS RESTAURANTS, HOTELS, HOSPITALS AND MEDICAL OFFICES, CLUBS, PARKS AND GOVERNMENT OFFICES

Exception:
Age is not a covered classification relative to public accommodations. Reasonable accommodations for persons with disabilities may also be required.

### EDUCATION INSTITUTIONS

All public schools and private nonprofit schools, at all education levels, excluding those run by religious organizations; also for-profit colleges, universities, licensed private career schools or certified English as a second language schools.

### ADVERTISING AND APPLICATIONS RELATING TO EMPLOYMENT, REAL ESTATE, PLACES OF PUBLIC ACCOMMODATION AND CREDIT TRANSACTIONS MAY NOT EXPRESS ANY DISCRIMINATION

A complaint must be filed with the Division within one year for alleged acts of discrimination that occurred on or before 2/14/2024. Complaints for acts of discrimination that occur on or after 2/15/2024 may be filed within three years of the alleged act. A complaint alleging sexual harassment in employment that occurred on or after 08/12/2020 may be filed with three years of the alleged act. The Division's services are provided free of charge.

If you wish to file a complaint in State Court, you may do so within three years of the discrimination. You may not file both with the Division and the State Court.

Retaliation for filing a complaint or opposing discriminatory practices is prohibited. You may file a complaint with the Division if you have been retaliated against.

FOR FURTHER INFORMATION, WRITE OR CALL THE DIVISION'S NEAREST OFFICE. HEADQUARTERS:
ONE FORDHAM PLAZA, 4TH FLOOR, BRONX, NY 10458

---

ESTE ESTABLECIMIENTO ESTÁ SUJETO A LA LEY DE DERECHOS HUMANOS DEL ESTADO DE NUEVA YORK (LEY EJECUTIVA, SECCIÓN 15)

La ley de derechos humanos del estado de nueva york prohíbe la discriminación por edad, raza, credo, color, origen nacional, orientación sexual, estatus militar, sexo, embarazo, identidad o expresión de género, ciudadanía o estatus migratorio, discapacidad, estado como víctima de violencia doméstica, estado familiar, o estado civil. También está prohibido el acoso sexual o el acoso por cualquiera de estas clases protegidas.

### TODOS LOS EMPLEADORES, AGENCIAS DE EMPLEO, ORGANIZACIONES DE TRABAJO Y PROGRAMAS DE CAPACITACIÓN DE APRENDICES

Asimismo, está prohibida la discriminación en el empleo sobre la base de la observancia del Shabat o prácticas religiosas; peinados asociados con la raza (también se aplica a las áreas enumeradas a continuación) arresto previo o antecedentes penales; las características genéticas predisponentes; las condiciones relacionadas con el embarazo.

Es posible que sea necesario hacer acomodos razonables para personas con discapacidades y condiciones relacionadas con el embarazo incluyendo lactación. Un arreglo razonable es una adaptación a un trabajo o entorno laboral que permita que una persona con discapacidad realice las tareas esenciales de un trabajo de manera razonable.

También están cubiertos: trabajadores domésticos; internos y no empleados cuales trabajan en el lugar de trabajo (por ejemplo trabajadores temporarios o contratantes) están protegidos de toda discriminación descrita arriba.

### ALQUILER, ARRENDAMIENTO O VENTA DE VIVIENDA, TERRENO O ESPACIO COMERCIAL INCLUYENDO ACTIVIDADES DE AGENTE DE BIENES RAICES Y VENDEDORES

También esta prohibido: la discriminación a base de fuente de ingreso legal (por ejemplo vales, beneficios de discapacidad, manutención de niños); estado familiar (familias con niños o en estado de embarazo); arresto previo o condena sellada; boicot comercial o acoso inmobiliario.

También es posible que sea necesario realizar modificaciones y arreglos razonables para personas con discapacidades.

Excepciones:
(1) alquiler de un apartamento en una casa para dos familias ocupada por el dueño
(2) restricciones de todas las habitaciones en una vivienda para individuos del mismo sexo
(3) alquiler de una habitación por parte del ocupante de una casa o apartamento
(4) venta, alquiler o arrendamiento de alojamiento en una casa exclusivamente a personas mayores de 55 años y al cónyuge de dichas personas

### TODAS TRANSACCIONES CREDITICIAS INCLUYENDO FINANCIAMIENTO PARA LA COMPRA, MANTENIMIENTO Y REPARACION DE VIVIENDAS

### LUGARES DE ALOJAMIENTO PÚBLICO, COMO RESTAURANTES, HOTELES, HOSPITALES Y CONSULTORIOS MÉDICOS, CLUBS, PARQUES Y OFFICINAS DEL GOBIERNO.

Excepción:
La edad no es una clasificación cubierta respecto a los alojamientos públicos. Es posible que sea necesario realizar arreglos razonables para personas con discapacidades.

### INSTITUCIONES EDUCATIVAS

Todas las escuelas publicas y escuelas privadas sin ánimo de lucro, en todos los niveles, excluyendo escuelas dirigidas por organizaciones religiosas; también están cubiertos: escuelas profesionales autorizadas o escuelas certificadas de inglés como segundo idioma.

### PUBLICIDAD Y SOLICITUDES RELACIONADAS CON EL EMPLEO, LOS INMUEBLES, LOS LUGARES DE ALOJAMIENTO PÚBLICO Y LAS TRANSACCIONES CREDITICIAS NO DEBEN EXPRESAR NINGUN ACTO DISCRIMINATORIO

Para actos que ocurran el 14/02/2024 o antes, debe presentar su querella en un plazo de un año a partir del acto más reciente de presunta discriminación. Para actos realizados a partir del 15/02/2024, debe presentar su querella en un plazo de tres años posterior al acto más reciente de presunta discriminación. Una denuncia que alega acoso sexual en el empleo que ocurrió a partir del 12/08/2020 puede presentarse con tres años del presunto acto. Los servicios de la División se ofrecen sin cargo.

Si desea presentar una demanda ante el Tribunal Estatal, puede hacerlo dentro de los tres años desde que ocurriera la discriminación. No puede presentar una demanda ante la División y ante el Tribunal Estatal.

Se prohíben las represalias por presentar una demanda u oponerse a prácticas discriminatorias. Puede presentar una demanda ante la División si sufrió represalias.

PARA OBTENER MÁS INFORMACIÓN, ESCRIBA O LLAME A LA OFICINA MAS CERCANA DE LA DIVISIÓN. OFICINA CENTRAL:
ONE FORDHAM PLAZA, 4TH FLOOR, BRONX, NY 10458

**EXHIBIT F**

29



**The NYC Human Rights Law makes it illegal to discriminate against a resident or housing applicant based on**

 National Origin, Immigration Status, Religion

 Gender, Gender Identity, Gender Expression, Sexual Orientation

 Disability

 Occupation, Source of Income

 Presence of Children, Marital or Partnership Status, Age, Race, Color, Pregnancy, Status as Victim of Domestic Violence, Sexual Violence, and Stalking (as of 7/26/16)

**FAIR HOUSING. It's Your Right. It's Your Responsibility. It's the Law.**

 Commission on Human Rights | Department of Housing Preservation and Development

@NYCCHR  @NYCHousing

If you have experienced discrimination, call 311 and ask for the Commission on Human Rights or call the Commission's Infoline at (212) 416-0197. Visit nyc.gov/fairhousingnyc.

#FairHousingNYC

30

**EXHIBIT G**



**EQUAL HOUSING
OPPORTUNITY**

## **EXHIBIT H**

Subject: Mandatory Compliance Training – Attendance Required

Dear [Name],

We hope this email finds you well. As part of our commitment to maintaining a safe, ethical, and legally compliant workplace, attendance at the upcoming Fair Housing Training is mandatory for all employees.

This training will cover essential policies, company regulations, and applicable laws that govern our operations. Please be aware that failure to adhere to these policies and laws may result in legal liability, including the possibility of legal action. Your participation in this session is crucial to ensuring that all employees understand their responsibilities and obligations.

Training Details:

Date: [Insert Date]  Time: [Insert Time] Location/Platform: [Insert Meeting Link]

Please make sure to attend this session, as compliance with these policies is non-negotiable. If you have any conflicts with the scheduled time, please reach out to [Point of Contact] immediately to discuss alternatives.

Thank you for your attention to this important matter. We appreciate your commitment to upholding our workplace standards and legal requirements.

Best regards,

32